**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KANE MARCEAUX; GREG CORMIER; SCOTT POIENCOT; NORBERT MYERS; GABE THOMPSON; NOVEY STELLY; ULETOM P. HEWITT; REGINA BRISCOE; AND, ALEETA M. HARDING** *Plaintiffs* <br><br> **V.** <br><br> **LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND, GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT** *Defendants* | **CIVIL NO.: 6:12-CV-01532 RTH-PJH** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE REDUNDANT, IMMATERIAL, IMPERTINENT, AND SCANDALOUS MATERIAL FROM THE COMPLAINT PURSUANT TO F.R.C.P. RULE 12(F) [REC. DOC. 4]**

**NOW INTO COURT**, through undersigned counsel, come the Plaintiffs herein, **Kane Marceaux**, **Greg Cormier**, **Scott Poiencot**, **Gabriel Thompson**, **Norbert Myers**, **Novey Stelly**, **Uletom P. Hewitt**, **Regina Briscoe**, and **Aleeta M. Harding**, who file this Memorandum in Opposition to Defendants' "Motion to Strike Redundant, Immaterial, Impertinent, and Scandalous Material from the Complaint Pursuant to F.R.C.P. Rule 12(f)" and who, with respect

to same, do hereby allege, aver, depose, attest, state and claim as follows:

## I. SYLLABUS:

"The standard of materiality in a motion to Strike pursuant to Fed. R.Civ.P. 12(f) is a loose one: defendants must show that the challenged allegations 'can have no possible bearing upon the subject matter of the litigation.'" Sadler v. Benson Motors Corp., 97–1083, (E.D.La. 05/15/1997), --- F.Supp. 2d ---, 1997 WL 266735, p. *1, *as cited in* Slaughter House Records and Production Co., Inc. v. Miller, 99–1421 (E.D.La. 06/18/1999), --- F.Supp.2d ---, 1999 WL 412431, p. *5.

Plaintiffs are former and current Lafayette City Police officers. They have filed suit against their employer alleging the named Defendants and others have "employed disparate and discriminatory disciplinary policies and procedures, outright concealment of police misconduct, retaliations, retributions, and reprisals against those who report such misconduct, a gross distortion of the truth relating to instances of police misconduct, and a wholesale deliberate indifference to the Constitution of the United States of America, its Amendments, and the entire canon of federal and state laws requiring fundamental fairness, decency, honesty, due process, and integrity in the police disciplinary system." Rec. Doc. 1, p. 7, para. 29.[1]

Plaintiffs have also specifically identified a "Code of Silence" whereby Defendants, acting separately and in concert with each other, with other unnamed members of the Lafayette Police Department and/or the Lafayette City-Parish Consolidated Government, with certain members of the public, and with certain citizens of the City of Lafayette, State of Louisiana, have maintained and supported a police 'Code of Silence' whereby regardless of an officer's gross misconduct, his/her fellow officers, as a matter of entrenched customary policy, do not

[1] Not unsurprisingly, Defendants have sought to strike this paragraph of the Complaint, among others. See Rec. Doc. 4, p. 3, para. 5.

report the misdeeds or otherwise testify against their comrade(s)." Rec. Doc. 1, p. 7, para. 28.

In conjunction with these allegations, Plaintiffs have also set forth certain factual renditions which demonstrate the nature, type, and manner in which the alleged misconduct occurs. Although the actions identified are certainly unsavory, they are directly and materially related to the precise causes of action being pursued by the Plaintiffs. See, *e.g.*, Velez v. Lisi, 164 F.R.D. 165, 167 (S.D.N.Y. 1995), discussed *infra*. Unfortunately—and not insignificantly—Plaintiffs' attendant allegations are true, accurate, and correct.

## II. BACKGROUND FACTS:

The facts and procedural history of this matter are set forth with great particularity in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Pursuant to Rule F.R.C.P. Rule 12(B)(6), filed in close proximity to the present Memorandum. The facts, allegations, statements, claims, and defenses set forth therein are hereby adopted by reference in accordance with FRCP 10(c). In short, Plaintiffs have filed suit seeking recovery for injuries, damages, and other losses sustained as a result of the gross misconduct of the named Defendants. In conjunction with Plaintiffs' well-pled Complaint [Rec. Doc. 1], Plaintiffs have related numerous factual circumstances involving the named litigants. Also certain factual scenarios do not involve the present party Plaintiffs, every single allegation relates in some manner to police misconduct, retaliations, retributions, and reprisals committed by the party Defendants—whether to the presently-named Plaintiffs or to the public at large.

## III. LAW AND ARGUMENT:

Motions to strike are disfavored and should be used sparingly because they are considered to be a drastic remedy to be resorted to only when required for the purposes of justice. Maryland Co., LLC v. Exxon Mobil Corp., 06:10–cv–1781 (W.D.La. 02/02/2012), ---

F.Supp.2d ---, 2012 WL 393871, p. *1, fn. 2, citing Augustus v. Bd. of Public Instruction of Escambia County, Fla ., 306 F.2d 862, 868 (5th Cir. 1962). Although there are myriad cases which discuss the contours of motions to strike brought pursuant to FRCP 12(f), a particular decision from the Southern District of New York, Velez v. Lisi, 164 F.R.D. 165, 167 (S.D.N.Y. 1995), presents a case remarkably similar to the present matter.

In Velez, a school district employee filed suit following his termination "on the grounds that defendants violated his various state law rights and constitutional rights to due process, free speech, and freedom from unlawful search and seizures." The plaintiff alleged his termination came as the result of school officials conspiring to make false accusations against him and otherwise committing a series of unlawful acts, including the subornation of perjury, all "motivated by animus towards Hispanic individuals." The plaintiff's lawsuit included all manner of spurious allegations against the party defendants:

> In connection with the subject disciplinary hearing Plaintiff, through counsel, expressed his opinion repeatedly that (a) Lisi had, in violation of state law, impermissibly arrogated to himself the powers of the Board of Education of the Defendant District, (b) Lisi had, as Superintendent of the District, incompetently administered the District and/or the District's school facility, (c) Lisi and Colucci had, in violation of New York State Civil Service Law unlawfully arrogated to themselves the power to suspend without pay subordinate employees of the District, (d) that Lisi and Colucci had, in the maladministration of the District, deliberately withheld supplies necessary to the proper and safe operation of the school district for the improper retaliatory purpose of causing injury to Plaintiff, (e) that Lisi incompetently investigated a parent's complaint, pandered to the parent, and then in order to cover up his own incompetence testified falsely with respect to the same, (f) that Lisi has suborned perjury from Colucci, (g) that Lisi is knowingly wasting assets of the school district, and *inter alia*, (h) that Lisi knowingly permitted a fire hazard to exist in the district school, placing students' lives at risk, so as to be able to pretextually criticize Plaintiff with the respect to that hazard at the subject disciplinary proceeding.

Velez, 164 F.R.D. at 166, fn. 5, *citing* Paragraph 15 of Plaintiff's Amended Complaint. Defendants met plaintiff's allegations with a Motion to Strike pursuant to FRCP 12(f).

Defendants argued they would be prejudiced by plaintiff's allegations of perjury and criminal misconduct; moreover, they argued plaintiff's claims were baseless and were only asserted to harass and intimidate. Velez at 167. The court disagreed and denied defendants' motion to strike:

> The Court finds that each of the allegations raised in the complaint is sufficiently related to the plaintiff's overall claim that defendants entered into and acted upon a conspiracy to retaliate against him for exercising his right to free speech and to violate various other constitutional and state law rights. … [W]e cannot say at this time that they have no possible bearing on the subject matter of plaintiff's claim.

Velez at 167. Although the plaintiff made scurrilous allegations against defendants—including claims of felony criminal misconduct wholly unrelated to his own case—the unique circumstance of plaintiff's cause of action rendered Rule 12(f) wholly inapplicable.

The prevailing logic of Velez was applied by Louisiana's Eastern District in a case where the court refused to strike a plaintiff's reference to a "lynch noose" purportedly placed at plaintiff's workstation: "A complaint, even in a civil action, necessarily attempts to cast defendant in a bad light of some sort…. Although defendants are understandably concerned by plaintiff's accusations of grave misconduct, they may not rely upon Rule 12(f) to dismiss those accusations." Sadler v. Benson Motors Corp., 97–1083, (E.D.La. 05/15/1997), --- F.Supp. 2d ---, 1997 WL 266735, p. *2, *citing* Succession of Wardlaw, 1994 WL 479183, at *1. State otherwise, "the complaint may not be stricken merely because defendants do not like the allegations plead against them, or because they may subject them to adverse publicity." Slaughter House Records and Production Co., Inc. v. Miller, 99–1421 (E.D.La. 06/18/1999), --- F.Supp.2d ---, 1999 WL 412431, p. *5.

Several other decisions are relevant to this issue. In Lynch v. Southampton Animal Shelter Foundation Inc., 10–CV–2917 (E.D.N.Y. 06/29/2011), 278 F.R.D. 55, a discharged

animal shelter volunteer filed suit claiming First Amendment retaliation. In her complaint, plaintiff made multiple allegations of prior misconduct by both the party defendants and at least two (2) non-parties. With the exception of a single allegation which suggested a non-party had "been subject to an 'inquiry' by the State Attorney General's office," the court denied the defendants' motion to strike. Lynch, 278 F.R.D. at 68. Notably, the court held allegations setting forth "background information" to be "relevant to establishing the Defendants' retaliatory animus":

> Moreover, even assuming that a portion of the background material is irrelevant or immaterial, allegations that "supply background or historical material or other matter of an evidentiary nature" normally will "not be stricken from the pleadings unless they are unduly prejudicial to the defendant."

Lynch at 68-69, *citing* Impulsive Music v. Pomodoro Grill, Inc., 08-CV-6293 (W.D.N.Y. 11/19/2008), --- F.Supp.2d ---, 2008 WL 4998474. Thus, the simple fact that a litigant's allegations contain a background and/or factual predicate does not automatically entitle the defendant (or even a non-party) to have them stricken.

Notably, Lynch further held the plaintiff was entitle to identify "the speech that she contends served as the basis for her retaliation claim as well as any incidence that may serve as circumstantial evidence of retaliatory animus." Lynch at 69. To this point, the court states: "As to Schotland and ARF, **while neither is a directly named party**, their actions may nonetheless be relevant to the Plaintiff's claims." Id., citing Curto v. Medical World Commc'ns, Inc., 388 F.Supp.2d 101, 113 (E.D.N.Y. 2005), emphasis added. The concise holding of Lynch could be stated thusly: Neither historical and background facts nor allegations related to non-parties are subject to being stricken pursuant to FRCP 12(f).

In an interesting parallel to the motion to strike authorized by FRCP 12(f), a decision addressing possible Rule 11 sanctions in a sexual retaliation claim is germane. In Keppler v.

Hinsdale Tp. High School Dist. 86, 715 F.Supp. 862 (N.D.Ill. 1989), the plaintiff was a terminated school employee who filed suit against her superior, alleging he committed abusive sexual harassment against her. The superior filed for summary judgment and joined a request for FRCP 11 sanctions "on the grounds that the sexual harassment claims in the complaint lacked a reasonable factual basis":

> Dr. Miller is understandably upset by Ms. Keppler's pleadings. An allegation of sexual retaliation is bad enough; when compounded with a claim that he was sexually abusing a woman in the workplace, it could prove devastating to a man who works closely with women every day, some only of high school age.

Keppler, 715 F.Supp. at 870. The trial court granted summary judgment before addressing and denying the request for sanctions:

> [T]he allegations on this score in the complaint do not allow for an imposition of Rule 11 sanctions. They are unnecessarily harsh, and demonstrate vindictiveness more than anything else. Based on Ms. Keppler's testimony, however, they are not patently false…

Keppler at 870. This case addressed sanctions available under a different rule [FRCP 11]; however, the facts are certainly relevant to a motion to strike brought pursuant to FRCP 12(f), where sanctions were sought on the basis of "harsh" and "vindictive" allegations made against the Defendant, and the court found that where such allegations were "not patently false," they were not deserving of sanctions.

In the present matter Plaintiffs have made a number of harsh but truthful allegations against the Defendants. Upon the authority of Lynch, the Plaintiffs' "historical" allegations cannot be subject to a Motion to Strike. Also on the authority of Lynch, material allegations made against non-parties cannot be stricken. Pursuant to Sadler, "plaintiff's accusations of grave misconduct" are not subject to being stricken. Finally, pursuant to Velez, "even allegations of perjury and criminal misconduct" are appropriate in a retaliation case where unrelated

misconduct may have a "bearing on the subject matter of plaintiff's claim." In short, there is no jurisprudential authority supporting Defendants' Motion to Strike certain portions of Plaintiffs' factually-pled Complaint. Defendants have not and cannot prove Plaintiffs' allegations "can have no possible bearing upon the subject matter of the litigation," as required in order to strike pleadings pursuant to FRCP 12(f). See, *e.g.*, Sadler v. Benson Motors Corp., 97–1083, (E.D.La. 05/15/1997), --- F.Supp. 2d ---, 1997 WL 266735, p. *1,

## IV. CONCLUSION:

For all of the foregoing reasons, Defendants' "Motion to Strike Redundant, Immaterial, Impertinent, and Scandalous Material from the Complaint Pursuant to F.R.C.P. Rule 12(f)" [Rec. Doc. 4] should be denied, and this matter should thereafter be permitted to proceed to a full trial on all issues.

Respectfully Submitted,

**J. CHRISTOPHER ALEXANDER, SR., ESQ., LLC**
Attorney and Counselor at Law

/s/ J. Christopher Alexander, Sr., Esq.
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
Co-Counsel for Plaintiff

**SPRING & SPRING, LLC**
Attorneys at Law

/s/ S. Stephen Spring, II, Esq.
S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225.932.9671 (telephone)
413.451.8923 (facsimile)
springlaw@gmail.com
Co-Counsel for Plaintiffs

CERTIFICATE OF SERVICE ON NEXT PAGE.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon the following counsel of record herein:

**Michael Corry, Esq.**
Briney Foret Corry, LLP
413 Travis Street
Lafayette, Louisiana 70503
337-237-4070 (telephone)
337-233-8719 (facsimile)
corry@brineyforet.com

**Hallie Pilcher Coreil**
Briney Foret Corry, LLP
413 Travis Street
Lafayette, Louisiana 70503
337-237-4070 (telephone)
337-233-8719 (facsimile)
coreil@brineyforet.com

**Richard R Montgomery**
Briney Foret Corry, LLP
413 Travis Street
Lafayette, Louisiana 70503
337-237-4070 (telephone)
337-233-8719 (facsimile)
rrmontgomery@brineyforet.com

**I FURTHER CERTIFY** that the foregoing service was effected via delivery of this self-same document into the Court's electronic filing system, which delivery does thereby fulfill counsel's duty to provide notice to all parties herein, and which filing was made on this the 27th day of July, 2012, from the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

/s/ J. Christopher Alexander, Sr., Esq.
J. Christopher Alexander, Sr., Esq.