UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KANE MARCEAUX, ET AL**<br>*Plaintiffs* | **CIVIL ACTION NO. 6:12‑CV‑01532** |
| **VERSUS** | **JUDGE RICHARD T. HAIK, SR.** |
| **LAFAYETTE CONSOLIDATED GOVERNMENT, ET AL**<br>*Defendants* | **MAGISTRATE PATRICK J. HANNA** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO PLAINTIFFS' MOTION TO CONTINUE**

NOW INTO COURT, through undersigned counsel, come Defendants, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LCG); LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LPD); LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT, who respectfully oppose Plaintiffs' Motion for Continuance or For Extension of Time (Document 10) as follows:

**I.      PLAINTIFFS' CONDUCT RENDERS THEM UNDESERVING OF CONTINUANCE.**

Defendants acknowledge that this Court has great discretion in deciding whether to grant a continuance, and would urge exercise of said discretion in Defendants' favor, based on the conduct

of Plaintiffs and their counsel since the initiation of their unsuccessful State Court suit in May 2012 and their ongoing actions evidencing their own retaliation against Defendants. At the outset, despite Plaintiffs' failure to effectuate service on any Defendant (even over a month after their suit was filed and in spite of the fact that Plaintiffs are former and current colleagues of Defendants and knew exactly where to find them), Defendants waived service of the Complaint in an effort to quickly resolve this matter, a right which any defendant may exercise by merely making an appearance. Yet, Plaintiffs would use Defendants' actions in promptly acting to defend themselves as support for their request for a continuance. Defendants are in fact encouraged to waive service, as this promotes procedural efficiency and reduces costs.[1] Whether waiver of service is formal or informal is of no import.[2] Thus, Defendants were entitled to appear before this Court without having been served or executing a formal waiver of service. Defendants now emphasize that Plaintiffs' failure to serve is representative of their conduct to date, which conduct, as outlined exhaustively in Defendants' Motion for Sanctions (Document 13), should strip them of any entitlement to a continuance.

Defendants' Motion for Sanctions (Document 13) details Plaintiffs' actions since initiation of their State Court suit in May 2012, including Plaintiffs' extrajudicial letter writing campaign, which has continued even beyond those events described in the Motion for Sanctions. As discussed exhaustively therein, Plaintiffs will stop at nothing to halt the Internal Affairs investigation into certain Plaintiffs' potential involvement in the unauthorized release of an IA document. Rather than effectuating service of their Complaint in order to utilize the judicial system, Plaintiffs would challenge Defendants outside the courtroom, relying on sensational media stunts. For these reasons,

---

[1] *McClintock v. East Feliciana Parish School Board*, 08 WL 130384, p.2 (La.W.D.–Alexandria 2008).

[2] See *U.S. v. Day*, 93 WL 1207, p. 2 (E.D. La. 1993) (Defendant's informal action may constitute appearance if sufficient to give plaintiff a clear indication that defendant contests the claim.)

Defendants should be given the opportunity to defend themselves before both the Court and the public at large as expeditiously as possible, and Plaintiffs' Motion should thus be denied.

## II. PLAINTIFFS' COUNSELS' ALLEGED CONFLICTS MAY BE OTHERWISE RESOLVED.

Plaintiffs have requested a continuance of the August 16, 2012 hearing based on scheduling conflicts in three other matters. First, Plaintiffs' counsel represented to undersigned counsel that Mr. Spring has been enrolled as counsel *pro hac vice* for Kaushal Niroula;[3] however, Mr. Niroula is listed as Defendant *In Pro Per*.[4] Though Mr. Spring is identified in the minutes for the *Niroula* matter as "advisory counsel" on April 6 and 13, 2012, he is thereafter identified as a private party, and has not appeared in the California courtroom every day of the trial.[5] Furthermore, the Assistant District Attorney enrolled in the *O'Neal* matter advised undersigned counsel that she has dealt exclusively with Mr. Alexander, and that Mr. Alexander does not expect said matter to go trial that week, due to the *Douglas* matter. Given the fact that Mr. Spring's presence in the *Niroula* matter in California has not been consistently necessary and the fact that Mr. Alexander has taken the lead role in the *O'Neal* matter and is the only attorney of record for the *Douglas* matter, Mr. Spring should be available as counsel for Plaintiffs at the August 16, 2012 hearing, leaving Plaintiffs with able representation at the August 16, 2012 hearing. Accordingly, Plaintiffs' counsels' alleged conflicts should not inhibit Defendants from obtaining a resolution to this matter as quickly as possible,

---

[3] See Document 10-2.

[4] According to the Indio Clerk of Court, a defendant cannot be both *In Pro Per* and have an attorney of record. The concepts are mutually exclusive.

[5] The Riverside *Niroula* minutes show that of the at least thirty-five (35) days the jury trial has been in progress, Mr. Spring has been present on only eight (8) days, as of July 31, 2012. See Exhibit A. Also, the Clerk of Court for Riverside at Indio previously advised undersigned counsel that Mr. Spring was not admitted as *pro hac vice* counsel; however, subsequent possession and review of the minutes indicated that Mr. Spring was admitted as such in April 2012. Nevertheless, he is not Niroula's counsel of record.

allowing them to fix damage caused by Plaintiffs' meritless lawsuits. For this reason, and in the alternative, should the Court be inclined to grant Plaintiffs' Motion, Defendants request the Court to set these matters for a Special Fixing as soon as possible.

**RESPECTFULLY SUBMITTED:**

**BRINEY FORET CORRY**

By:     s/ Michael P. Corry
**MICHAEL P. CORRY - 20764**
**RICHARD R. MONTGOMERY - 21363**
**HALLIE P. COREIL - 33784**
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
Telephone: (337) 237-4070
Facsimile: (337) 233-8719
ATTORNEYS FOR DEFENDANTS, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LCG); LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LPD); LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT

## **CERTIFICATE**

This is to certify that on July 31, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

springlaw@gmail.com

jca@jcalaw.us

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant or pro se defendant:

**None.**

s/Michael P. Corry
**MICHAEL P. CORRY- 20764**