UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KANE MARCEAUX, GREG CORMIER, SCOTT POIENCOT, NORBERT MYERS, GABE THOMPSON, NOVEY STELLY, ULETOM P. HEWITT, REGINA BRISCOE AND ALEETA M. HARDING | CIVIL ACTION NO: 6:12-cv-01532 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT | MAGISTRATE JUDGE PATRICK J. HANNA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE

NOW INTO COURT, through undersigned counsel, come Defendants, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LCG); LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LPD); LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS

PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT, who respectfully respond to Plaintiffs' Opposition to Defendants' Motion to Strike.

In support of their Opposition, Plaintiffs rely exclusively on non-persuasive jurisprudence. Beyond the obvious fact that two of these cases, *Velez v. Lisi* and *Lynch v. Southampton Animal Shelter Foundation Inc.* are decisions from New York federal district courts, and thus do not serve as authority in this Court, no case cited by Plaintiffs actually support their contention that their multiple allegations, which do not pertain to any Plaintiff, have at least some bearing on their purported claims.

Plaintiffs argue *Velez v. Lisi*, which involved a public school employee's retaliation claim against school officials, is "remarkably similar" to Plaintiffs' allegations regarding Defendants.[1] The blatant difference between Velez's allegations and Plaintiffs' allegations (which Defendants seek to strike) is that Velez's allegations actually pertain to those defendants' actions and conduct with regard to Velez. For example, as cited by Plaintiffs in their Opposition, the *Velez* defendants sought to strike Velez's allegation, "In connection with the subject disciplinary hearing

---

[1] See Document 12, page 4. *Velez v. Lisi,* 164 F.R.D. 165 (S.D.N.Y 1995).

Plaintiff, through counsel, expressed his opinion..."[2] Likewise, each paragraph the *Velez* defendants sought to strike directly addressed the defendants' actions vis-a-vis Velez,[3] such that the New York court was justified in denying the defendants' motion to strike. Contrarily, in this case, Plaintiffs' Complaint alleges facts which do not pertain to any Plaintiff, and in some cases, do not even pertain to any Defendant. Noticeably absent from the Complaint are allegations connecting the Plaintiffs to many of their allegations, other than as mere gossip mongers. For instance, while Plaintiffs relate the rumor that Chief Craft beat up a homeless arrestee, not one sentence regarding the alleged incident identifies any Plaintiff as participant or even as a witness.

In addition to *Velez*, Plaintiffs rely on *Lynch v. Southampton Animal Shelter Foundation Inc.*, which is also readily distinguishable. Lynch, an animal rights activist, sued Southampton for retaliation after she allegedly wrote and published various stories pertaining to the treatment of animals at the shelter.[4] While recognizing "it [was] a close call," the court denied the defendant's motion to strike inflammatory paragraphs portraying the stories of two dogs, which at the outset would seem unrelated to the plaintiff's claims.[5] The deciding factor for the court was the fact that Lynch had written and published those same stories in detail, an alleged exercise of her right to free speech which served as the basis of the defendant's alleged retaliation.[6] The court also found persuasive the fact that the stories were already public record, as they had been the basis of prior

---

[2] Document 12, page 4.

[3] See *Velez, supra,* footnotes 1-5.

[4] *Lynch v. Southampton Animal Shelter Foundation Inc.*, 278 F.R.D. 55 (E.D.N.Y. 2011).

[5] *Id.* at 66.

[6] *Id.*

lawsuits involving the plaintiff.[7] Similarly, the New York federal court did not strike the plaintiff's allegations pertaining to certain non-parties' conduct, because Lynch had written about such conduct, which served as the basis of her free-speech/retaliation claim.[8] Thus, the New York court found sufficient grounds to deny the defendant's motion in those regards.

While citing *Lynch* for the proposition that allegations pertaining to non-parties should not be stricken, Plaintiffs conveniently leave out that portion of the opinion which grants the defendant's motion to strike allegations pertaining to certain accusations made against a non-party. The defendant challenged the allegations as irrelevant and used to show "a propensity for misconduct," while the plaintiff argued these allegations were relative to retaliatory animus.[9] The court sided with the defendant and struck the allegations.[10] Plaintiffs' Complaint in this case sets forth various stories which do not relate back to any claim or any Plaintiff, unlike the situations in *Lynch* in which the plaintiff had actually written about the thing alleged. Moreover, the *Lynch* opinion supports that Defendants' Motion should be granted with regard to allegations purporting to show a "propensity for misconduct." Thus, *Lynch*, like *Velez*, does not defeat Defendants' Motion to Strike.

Because Plaintiffs have cited no persuasive authority to overcome Defendants' Motion to Strike and because Defendants have provided more than adequate grounds for striking those portions of the Complaint which do not pertain to any Plaintiff or support any of their claims

---

[7] *Id.*

[8] *Id.* at 69.

[9] *Id.* at 67.

[10] *Id.*

and are otherwise irrelevant, impertinent, material, or scandalous, Defendants' Motion should be granted.

RESPECTFULLY SUBMITTED:

**BRINEY FORET CORRY**

By: _____s/ Michael P. Corry_____
**MICHAEL P. CORRY - 20764**
**PATRICK J. BRINEY - 03467**
**HALLIE P. COREIL - 33784**
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
Telephone: (337) 237-4070
Facsimile: (337) 233-8719
ATTORNEYS FOR DEFENDANTS, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LCG);

LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LPD); LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT

## CERTIFICATE

This is to certify that on September 13, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

springlaw@gmail.com;

jca@jcalaw.us

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant or pro se defendant:

**None.**

s/Michael P. Corry
**MICHAEL P. CORRY- 20764**