UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KANE MARCEAUX, GREG CORMIER, SCOTT POIENCOT, NORBERT MYERS, GABE THOMPSON, NOVEY STELLY, ULETOM P. HEWITT, REGINA BRISCOE AND ALEETA M. HARDING | CIVIL ACTION NO: 6:12-cv-01532 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT | MAGISTRATE JUDGE PATRICK J. HANNA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SANCTIONS**

NOW INTO COURT, through undersigned counsel, come Defendants, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LCG); LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LPD); LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS

PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT, who respond to Plaintiffs' Opposition to Defendants' Motion for Sanctions Pursuant to F.R.C.P. Rule 11 and 28 U.S.C. §1927, as follows:

Plaintiffs contend that prior litigation history of frivolous suits is irrelevant; however, the Fifth Circuit has imposed sanctions on a litigant with a "ten year history of filing frivolous suits."[1] Likewise, the Fifth Circuit affirmed a district court's award of sanctions against one purported attorney with a history of filing involuntary bankruptcy petitions against others and against another attorney with a history of filing lawsuits against receivers and the receivers' attorneys.[2] Thus, an attorneys' litigation history is certainly relevant, and Plaintiffs cite no authority otherwise. Indeed, Plaintiffs' Opposition operates as a defense of counsel individually, rather than defense of Defendants' law and argument.

Despite the fact that Plaintiffs' Opposition is grounded mostly on Defendants' Motion for Sanctions with respect to Plaintiffs' counsels' prior litigation, Defendants do not rely exclusively on Plaintiffs' history for meritless §1983 actions. In fact, it is Plaintiffs' ongoing conduct throughout *this* litigation and extrajudicial conduct contrived to circumvent *this* Court's review (as further

---

[1] *Hamad v. Center for Jewish Community Studies*, 265 Fed. Appx. 414, 418 (5th Cir. 2008).

[2] *Clark v. Mortenson*, 93 Fed.Appx. 643, 648 (5th Cir. 2004).

detailed in Defendants' Motion for Protective Order and Motion for Sanctions for Vexatious and Bad Faith Conduct at Document 18 and 18-1) which warrant sanctions. Plaintiffs stated "This litigation and this Court provide an appropriate forum for Plaintiffs' grievances to be addressed..."[3] Yet Plaintiffs have sought every other possible forum, other than this Court, by which to accuse, insult, harass, and otherwise bully Defendants into ceasing the investigation into the unauthorized release of a confidential Internal Affairs document.

Finally, Plaintiffs argue that Rule 11 does not apply to filings in any court other than federal district court, citing *Edwards v. General Motors Corp.*; however, *Edwards* stands for the fact that Rule 11 sanctions should not apply to pleadings filed in state court prior to removal to federal court,[4] a scenario inapplicable to this case. Defendants' Motion for Sanctions at issue is based on Plaintiffs' conduct relative to the litigation at hand. Defendants have also filed a Motion for Sanctions in conjunction with a Motion for Protective Order (Document 18). The latter Motion is premised on Plaintiffs' vexatious and bad-faith conduct in general, as fully discussed at Document 18-2. Plaintiffs are subject to sanctions based on F.R.C.P. Rule 11, 28 U.S.C. §1927 and for vexatious filings and bad faith conduct purposefully aimed at circumventing this Court's jurisdiction, and Defendants' Motion for Sanctions currently under review should be granted.

---

[3] Document 17, page 19.

[4] *Edwards v. General Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998).

RESPECTFULLY SUBMITTED:

**BRINEY FORET CORRY**

By:    s/ Michael P. Corry
     **MICHAEL P. CORRY - 20764**
     **PATRICK J. BRINEY - 03467**
     **HALLIE P. COREIL - 33784**
     413 Travis Street, Suite 200
     Post Office Drawer 51367
     Lafayette, Louisiana 70505-1367
     Telephone: (337) 237-4070
     Facsimile: (337) 233-8719

ATTORNEYS FOR DEFENDANTS, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LCG); LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LPD); LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT

## **CERTIFICATE**

This is to certify that on September 13, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

springlaw@gmail.com

jca@jcalaw.us

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant or pro se defendant:

**None.**

s/Michael P. Corry
**MICHAEL P. CORRY- 20764**