UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KANE MARCEAUX, GREG CORMIER,                CIVIL ACTION NO: 6:12-cv-01532
SCOTT POIENCOT, NORBERT MYERS,
GABE THOMPSON, NOVEY STELLY,
ULETOM P. HEWITT, REGINA BRISCOE
AND ALEETA M. HARDING

VERSUS                                      JUDGE RICHARD T. HAIK, SR.

LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT; LAFAYETTE POLICE
DEPARTMENT THROUGH THE LAFAYETTE
CITY-PARISH CONSOLIDATED
GOVERNMENT; LESTER JOSEPH "JOEY"
DUREL, JR. IN HIS CAPACITY AS PRESIDENT
OF THE LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT; DEE
EDWARD STANLEY, INDIVIDUALLY AND IN
HIS CAPACITY AS CHIEF ADMINISTRATIVE
OFFICER OF THE LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT; JAMES P.
"JIM" CRAFT, INDIVIDUALLY AND IN HIS
CAPACITY AS CHIEF OF THE LAFAYETTE
POLICE DEPARTMENT; AND GEORGE
"JACKIE" ALFRED, INDIVIDUALLY AND IN
HIS CAPACITY AS PATROL DIVISION
COMMANDER OF THE LAFAYETTE
POLICE DEPARTMENT                           MAGISTRATE JUDGE PATRICK J. HANNA
**************************************************************************

## MEMORANDUM IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6).

Defendants submit their Memorandum in support of the Foregoing Motion to Dismiss

Plaintiffs' First Amended and Supplemental Complaint Pursuant to F.R.C.P. Rule 12(b)(6) as

follows:

1

# TABLE OF CONTENTS

*Preamble.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.      Many of Plaintiffs' claims have prescribed.. . . . . . . . . . . . . . . . . . . . . . . . . 5

II.     The Civil Service Board is the proper venue for Plaintiffs' claims.. . . . . . . . . . . 6

III.    Plaintiffs failed to assert a cause of action under §1983. . . . . . . . . . . . . . . . . . . . 7

        A.              No Cause of Action against New Defendants.. . . . . 8
        B.              Kane Marceaux. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        C.              Greg Cormier. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        D.              Scott Poiencot. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        E.              Gabe Thompson.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        F.              Norbert Myers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
        G.              Novey Stelly. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        H.              Uletom Hewitt. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        I.              Regina Briscoe.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
        J.              Aleeta Harding.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        K.              Gus Sanchez. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
        L.              Robert Polanco. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
        M.              Kencil Joseph. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
        N.              Donald Ceaser. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
        O.              Paul Taylor, Jr.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
        P.              Raquel Roberts. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

IV.     Plaintiffs failed to state causes of action under Louisiana law or any cause of
        action against some Defendants.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

V.      Plaintiffs failed to state a cause of action for conspiracy.. . . . . . . . . . . . . . . . . 22

VI.     Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

## *Statutes*

42 U.S.C. §1983.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

42 U.S.C. §1985.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

La. C.C. art. 2315. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

La. C.C. art. 2317. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

### *Federal Jurisprudence*

*Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53. . . . . . . . . . . . . . . . . . . 12, 13

*Bursztajn v. U.S.,* 367 F.3d 485 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Clayton v. Brumsfeld*, 106 Fed.Appx, 268 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . 14, 16

*Cole v. Gray*, 638 F.2d 804 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Henry v. U.S. I.R.S.* 10 WL 1855971 (E.D. La. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Huckabay v. Moore*, 142 F.3d 233 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757 (5th Cir. 2001). . . . . . . . . . . . . . . . . 12

*Kinzi v. Dallas County Hosp. Dist.*, 106 Fed.Appx. 192 (5th Cir. 2003). . . . . . . . . . . . . . . . . 15

*Stewart v. Mississippi Transp. Com'n,* 586 F.3d 321 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . 12

*Teague v. City of Flower Mound, Tex.*, 179 F.3d 377 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . 15

*Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981). . . . . . . . . . . . . . . . . . . . . . . 12

*U.S. v. Posada-Rios*, 158 F.3d 832 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Watkins v. Paulsen*, 332 Fed.Appx. 958 (5th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Watts v. Kroger Co.*, 170 F.3d 505 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*West v. Atkins*, 487 U.S. 42 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

### *Louisiana Jurisprudence*

*Johnson v. Board of Supervisors of Louisiana State University Ag. & Mechanical College*, 45,105
(La.App. 2 Cir. 3/3/10); 32 So.2d 1041. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McCain v. City of Lafayette*, 98-1902 (La.App. 3 Cir. 5/5/99); 741 So.2d 720. . . . . . . . . . . . . 7

## *PREAMBLE*

The title of Plaintiffs' new Complaint, *First Amended and Supplemental Complaint*, is misleading, suggesting that Plaintiffs actually amended their original Complaint. The guts of the new Complaint render a conclusion otherwise. With regard to each original Plaintiff, the new Complaint states: "[Plaintiff] re-alleges and re-avers those relevant portions of his[/her] original Complaint wherein such acts of disparate treatment, practical applications of the 'Code of Silence' and other enumerated acts of misconduct vis-a-vis [Plaintiff] were alleged with particularity."[1] Similarly, with regard to each new Plaintiff, the new Complaint states, "[Plaintiff] adopts and alleges any/all of those relevant portions of the original Complaint wherein such acts of disparate treatment, practical applications of the 'Code of Silence' and other enumerated acts of misconduct were alleged against the party Defendants with particularity."[2] Because Plaintiffs failed to specifically identify those portions of the original Complaint with which they now intend to support their claims, Defendants are obligated to respond to the new Complaint as a supplementation and extension of the original Complaint.

The Supplemental Complaint is simply "more of the same warmed-over allegations."[3] Instead of specifically removing irrelevant allegations pertaining to non-parties in their original Complaint, Plaintiffs accuse additional non-parties of irrelevant falsities (despite this Court's reference to Rule of Professional Conduct 4.4 in its Memorandum Ruling at Doc. 48). Instead of alleging facts sufficient to satisfy the elements for each individual cause of action, the original

---

[1]   See Amended Complaint (Doc. 51-3), Paragraphs 59, 74, 83, 86, 93, 101, 118,166, and 183.

[2]   See Amended Complaint (Doc. 51-3), Paragraphs 209, 255, 262, 272, 298 and 317.

[3]   See *Henry v. U.S. I.R.S.* 10 WL 1855971, p.2 (E.D. La. 2010).

4

Plaintiffs brought in additional disgruntled employees with more employment-related grievances (many of which have facially prescribed) which should be brought (and in many cases have been brought) before the Lafayette Municipal Fire and Police Civil Service Board. Instead of alleging facts relative to individual Defendants, Plaintiffs lump all Defendants together with several non-parties into a fictional organization which they blame for their own misconduct and resulting discipline. As such, Defendants re-urge their original Motion to Dismiss (Doc. 5, Memorandum as corrected by Doc. 8) in its entirety and address Plaintiffs' new allegations as follows.

I.      **MANY OF PLAINTIFFS' CLAIMS HAVE PRESCRIBED.**

In an effort to circumvent the fact that many of the alleged events made basis of Plaintiffs' claims have facially prescribed, Plaintiffs rely on the continuing violation theory, which is the idea that a claim which is otherwise prescribed may nevertheless serve as the basis for a claim under 42 U.S.C. §1983. The Fifth Circuit has addressed the doctrine in detail and held that a "plaintiff must demonstrate more than a series of discriminatory acts."[4] Rather, he must show "an organized scheme leading to and including a present violation."[5] Discrete occurrences do not give rise to a cause of action under §1983.[6] Courts analyze the following three factors:

1. Do the alleged acts involve the same type of discrimination?

2. Are the alleged acts recurring, or more like an isolated work assignment or employment decision?

---

[4]     *Huckabay v. Moore*, 142 F.3d 233, 239 (5th Cir. 1998).

[5]     *Id.*

[6]     *Id.*

5

3.   Does the employment action have the degree of permanence which would trigger an employee's awareness of and duty to assert his rights?[7]

In this case, Plaintiffs' factual allegations consist of various sporadic episodes of investigations brought on by employee misconduct, occasionally followed by discipline. For example, Hewitt complains of two alleged investigations in 2007 (both resulting from citizen complaints), one in 2008 (arising from an insubordination complaint by co-Plaintiff, Taylor), and one in 2009 (also arising from a citizen complaint). Assuming for the purposes of this argument that these facts would otherwise support a §1983 cause of action (which Defendants deny), these alleged investigations were not the result of any employer's action and occurred randomly over a period of three years. Similarly, Briscoe relies on a single isolated incident which apparently occurred in 2009, Harding relies on an email she sent to Chief Craft in 2008 and a single decision by Chief Craft in 2010, Sanchez relies on an event in 2008 (when he lost his radio) and in 2009 (when he refused to sign for a package), and Ceaser relies on a series of complaints in 2004 and a single complaint against him in 2010 (six years later, as Ceaser admitted). Each of these alleged discreet occurrences has facially prescribed by as much as several years and support neither application of the continuing violation doctrine nor any of Plaintiffs' claims.

## II.       THE CIVIL SERVICE BOARD IS THE PROPER VENUE FOR PLAINTIFFS' CLAIMS.

Plaintiffs' claims uniformly arise from various complaints and investigations into their misconduct while employees of the Lafayette Police Department (LPD) and/or Lafayette City-Parish Consolidated Government (LCG). The Louisiana Constitution grants *exclusive original*

---

[7]         *Id.*

6

*subject matter jurisdiction* over civil service employment-related matters to the Lafayette Municipal

Fire and Police Civil Service Board.[8] District courts do not have subject matter jurisdiction to hear

civil service employment-related issues, regardless of how the suit may be styled.[9] A suit styled as

a retaliatory discharge action, similar to the instant case, cannot be heard by the district court, but

must first be brought before the Civil Service Board as an employment-related issue.[10] Because

alleged occurrences about which Plaintiffs complain are related to their public employment, their

complaints and grievances should be brought before the Civil Service Board. In fact in some

instances, Plaintiffs admit that there are pending Civil Service matters relative to their claims. As

such, these claims cannot be considered.

### III.      PLAINTIFFS FAILED TO ASSERT A CAUSE OF ACTION UNDER §1983.

Plaintiffs assert claims for municipal retaliation and discrimination pursuant to 42

U.S.C. §1983. Rather than rehash the law on each cause of action, Defendants refer the Court to the

Memorandum in support of their original Motion (Doc. 8), and further address new allegations under

the legal analysis set forth therein. In short, a §1983 retaliation claim requires allegations showing

that the employer has taken some adverse employment action against an employee because of ***what***

***the employee did***; whereas, a §1983 discrimination claim requires allegations showing that the

employer took adverse employment action against an employee because of ***who he or she is.*** For

---

[8]      *McCain v. City of Lafayette*, 98-1902 (La.App. 3 Cir. 5/5/99); 741 So.2d 720, 725, citing La. Const. art. X §12.

[9]      *Id.*

[10]     *Johnson v. Board of Supervisors of Louisiana State University Ag. & Mechanical College*, 45,105, p. 8 (La.App. 2 Cir. 3/3/10); 32 So.2d 1041, 1046.

purposes of a discrimination adverse action, the plaintiff must show an ultimate employment decision; whereas, the scope of actions which constitute adverse employment actions for the purpose of retaliation is broader.[11] In each case outlined below, Plaintiffs have failed to show sufficient adverse action and/or that such action was taken because of ***what he/she did or who he/she is.***

## A.  <u>No Cause of Action against New Defendants</u>

The essential prima facie element under any §1983 action is that the defendant violated the plaintiff's constitutional rights while acting under color of state law.[12] Plaintiffs allege that President Durel, CAO Stanley, Chief Craft, and Major Alfred were acting under the color of state law and local governing authority;[13] however, Plaintiffs fail to allege the same for newly named Defendants. Accordingly, Plaintiffs have failed to state a cause of action under §1983 against Captain Vincent, Major Vincent, Lt. Firmin, HR Manager Domingue, Lt. Prejean, Detective Prevost, and Sgt. Gremillion. These claims should be dismissed.

## B.  <u>Kane Marceaux</u>–Original Plaintiff

*Supplemental Complaint Paragraphs 58-72*

Marceaux's new allegations pertain exclusively to an alleged investigation initiated by Defendant, Major Randy Vincent's complaint against him. According to Marceaux, the investigation exceeded the 60 day time limitation for such investigations as set forth by La. R.S. 40:2531. First, as discussed above, this Court does not have subject matter jurisdiction to determine

---

[11]     *Watkins v. Paulsen*, 332 Fed.Appx. 958, 960 (5th Cir. 2009).

[12]     42 U.S.C. §1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

[13]     Supplemental Complaint, Paragraph 7(M).

the merits of the investigation about which Marceaux complains, because it arose exclusive as a result of his employment with LCG/LPD. Second, even assuming this Court could consider Marceaux's allegations, Marceaux fails to state a cause of action for retaliation. As discussed at length in Defendants' original Motion to Dismiss, the plaintiff must set forth facts showing that he was subject to an adverse employment action.[14] The Fifth Circuit has definitively held that an investigation does not constitute an adverse employment action.[15] Marceaux's new allegations also fail to show that any Defendant intended to retaliate against him. Accordingly, he has failed to state a cause of action for retaliation under §1983. Likewise, Marceaux's supplemented allegations do not establish that he a member of any protected class (i.e. **who he is**),[16] such that his claim for discrimination under §1983 fails.

### C. Greg Cormier–Original Plaintiff

*Supplemental Complaint Paragraphs 73-81*

Cormier contends that he was terminated after an investigation into his involvement in the unauthorized release of a confidential Internal Affairs document. Like Marceaux, Cormier's qualms regarding the merits of the investigation and his termination are appealable only to the Civil Service Board. With regard to the purported retaliation claim, while termination is the most adverse of employment actions, Cormier has not alleged facts indicating that he engaged in a specific

---

[14] To state a cause of action for §1983 municipal retaliation, the plaintiff must set forth facts sufficient to show that he engaged in a protected activity, that defendant intended to retaliate, that plaintiff suffered an adverse employment action, and the adverse employment action resulted from defendant's retaliation. See Doc. 8, pages 10-11 and cases cited therein.

[15] *Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998).

[16] This Court may take judicial notice that Marceaux is actually a white male.

9

constitutionally protected activity (i.e. **what he did**) or that Defendants intended to retaliate. Finally, he has also failed to allege that he is a member of a protected class (i.e. **who he is**) or that he was treated less favorably than other similarly situated employees, as required by a discrimination claim. Hence, he has failed to state any cause of action under §1983.

     **D.  <u>Scott Poiencot</u>**–Original Plaintiff

*Supplemental Complaint Paragraphs 82-84*

Poiencot's new allegations maintain that Chief Craft targeted him for three administrative investigations leading ultimately to his termination. As discussed above, an investigation does not constitute an adverse employment action sufficient to state a cause of action for retaliation. To the extent the investigation culminates in termination, Poiencot's exclusive remedy is by appeal to the Civil Service Board. Neither does the institution of legal proceedings stemming from Poiencot's position on the Civil Service Board amount to an adverse employment action, because said position is not considered as within the scope of his employment as an officer with the Lafayette Police Department. Nor does Defendants' exercise of their right to petition qualify as retaliation. Furthermore, he has also failed to allege that he is a member of a protected class (i.e. **who he is**) or that he was treated less favorably than other similarly situated employees, as required by a discrimination claim. Thus, he has failed to state any cause of action under §1983.

### E.  Gabriel Thompson–Original Plaintiff

*Supplemental Complaint Paragraphs 85-91*

Thompson claims that he was the subject of an investigation into a leaked document, leading to the ultimatum that he retire or be terminated. As confirmed by the Supplemental Complaint, Thompson retired. Investigations are not adverse employment actions sufficient to state a retaliation claim. He also failed to allege that he was engaged in a constitutionally protected activity (i.e. **what he did**) and that he is a member of a protected class (i.e. **who he is**) who was treated less favorably than other similarly situated employees, as required by a discrimination claim. He has not stated any cause of action under §1983.

### F.  Norbert Myers–Original Plaintiff

*Supplemental Complaint Paragraphs 92-99*

Myers's new allegations exemplify the defense that the majority of Plaintiffs' claims are subject to the exclusive jurisdiction of the Lafayette Municipal Fire and Police Civil Service Board. He alleges that his grievance relative to a certain investigation is currently pending before the Board.[17] Yet, he would have this fact serve as support for his purported claims. Regardless of the outcome, an investigation is not an adverse employment action.

---

[17]     Regardless of the pending action, Myers has retired from the LPD.

11

Myers further claims that Chief Craft has "belittled" him. Even assuming this allegation as true, the U.S. Supreme Court does not recognize "petty slights, minor annoyances, and simple lack of good manners" as actionable retaliatory conduct.[18]

### G. **Novey Stelly**–Original Plaintiff

*Supplemental Complaint Paragraphs 100-116*

Stelly alleges that he was "discriminatorily transferred," which transfer has been made the subject of his grievance before the Civil Service Board. The allegation that "others who had similar issues," were given accommodations does not satisfy requirements for stating a §1983 discrimination claim. Presumably, the similar situation shared by Stelly and the "others" involves hardship on the family life; however, Stelly fails to show that he is a member of a protected group and the others are not (i.e. **who he is** and **who they are**).[19] Moreover, the Fifth Circuit has held that transfer to another shift is not an adverse employment action, absent allegations regarding changed job duties, compensation or benefits.[20]

Interestingly, rather than alleging any adverse employment action, Stelly alleges that he has actually been rewarded, stating that he has been given increased responsibilities and recognized as "supervisor of the month." Disappointment in not receiving recognition for such

---

[18]   *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, as cited by *Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321, 332 (5th Cir. 2009)

[19]   Title VII is intended to protect individuals who are subject to discrimination based on race, sex, and national origin. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 250 (1981).

[20]   *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 769 (5th Cir. 2001), citing *Watts v. Kroger Co.*, 170 F.3d 505 (5th Cir. 1999) and *Benningfield, supra*.

alleged accomplishments falls into the category of "petty slights and minor annoyances."[21] Accordingly, he also failed to state a cause of action for retaliation under §1983.

### H.  <u>Uletom P. Hewitt</u>–Original Plaintiff

*Supplemental Complaint Paragraphs 117-164*

In the Supplemental Complaint, Plaintiffs Hewitt, Briscoe, and Harding attempt to correct their failure to allege *any* facts in the original Complaint, but none have succeeded. Hewitt provides several examples of his on-duty misconduct resulting in discipline and his ultimate termination. First, he complains about an incident involving the owner of Jack Gardner's Oil Change after which the owner filed a complaint, which was ultimately sustained. Significantly, Hewitt does not allege what, if any, discipline he received as a result of the action; therefore, he has not alleged facts sufficient to show an adverse employment action. Moreover, the Complaint's rendition of the incident represents another violation of the Louisiana Rules of Professional Conduct, Rule 4.4.[22]

Second, Hewitt relates the story of his alleged response to a noise complaint at Cypress Shadows Apartments, which resulted in a citizen complaint against him. Hewitt seems to take issue with the outcome of the incident, because "he never received notice the allegation was not sustained in his personnel file."[23] Though Hewitt may consider this a slight or an annoyance, it does not rise to a level sufficient to state a §1983 retaliation claim. Moreover, the Fifth Circuit has held

---

[21]     *Burlington, supra.*

[22]     *Cf.* Memorandum Ruling (Doc. 48).

[23]     Doc. 51-3, Paragraph 138.

that placing a memorandum in an employee's personnel file (and by implication, failure to place such a memorandum) does not constitute an adverse employment action.[24]

Third, Hewitt complains about a sustained complaint filed against him by Sgt. Paul Taylor (ironically a fellow Plaintiff). Fourth, he complains of a "deficiency" resulting in a transfer, providing no information as to what constitutes a deficiency. Fifth, he states he received a five day suspension after a complaint that he incited a riot at Acadiana Mall. Sixth, he was placed on administrative leave for manipulating his in-dash police unit camera, which led to a seven day suspension. He has appealed each of these actions to the Civil Service Board, all of which are still pending. Seventh, Chief Craft allegedly ordered him to undergo a second Fit for Duty Evaluation after questioning the first evaluation. Apparently there have been various other complaints and investigations against Hewitt; although, he does not identify the initiators thereof. Ultimately, he was terminated. Of the numerous allegations about which Hewitt complains, only the suspensions and terminations constitute adverse employment actions. In fact, as confirmed by the Supplemental Complaint, Hewitt has appealed these actions to the Civil Service Board, removing Hewitt's complaints from the realm of this Court's purview.

Though Hewitt has shown he was subject to eventual adverse employment action, he has not shown any causal connection between that and a constitutionally protected activity (i.e. ***what he did***). The closest he comes to is to allege that Major Alfred initiated complaints and investigations against Hewitt because Hewitt preferred to pass Alfred in silence without saying hello; however, he contends that this failure to speak resulted in complaints and investigations (which are not adverse

---

[24]      See *Clayton v. Brumsfeld*, 106 Fed.Appx, 268, 270 (5th Cir. 2004).

employment actions).[25] He fails to show *how* his ultimate disciplines were the result of a constitutionally protected right. Hence, he has failed to show any causal connection, as required by a §1983 retaliatory discharge claim. Hewitt's allegations support the conclusion that his own misconduct was the determinative factor in his termination, rather than his alleged failure to greet Major Alfred (conduct which, even if assumed true, constitutes unprotected private speech[26] and epitomizes "petty slights, minor annoyances, and simple lack of good manners.")

Finally, Hewitt did not allege facts sufficient to show that he is a member of a protected class (i.e *who he is*) that received less favorable treatment than others similarly situated. The use of buzz words, such as "white LPD officers" do not suffice.[27] Thus, he has also failed to state a cause of action for discrimination under §1983.

## I.   **Regina Briscoe**–Original Plaintiff

*Supplemental Complaint Paragraphs 165-181*

Briscoe contends that she was moved from her position as communications supervisor to a new position, during which time her performance reviews dropped. She also complains that she was removed as hostage negotiator and criticized at meetings. Briscoe's use of the pronoun, "she," indicates that she is a female (i.e *who she is*); however, her allegations do not show that others similarly situated were not subject to such transfers. Neither has she shown that her alleged transfer

---

[25]   Doc. 51-3, Paragraphs 163-164.

[26]   *Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 380 (5th Cir. 1999). (In order to state a cause of action for retaliation, the employee's speech must involve a matter of public concern.)

[27]   See e.g. *Kinzi v. Dallas County Hosp. Dist.*, 106 Fed.Appx. 192, 195 (5th Cir. 2003).

and poor performance reviews were *because* of her status as member of a protected class. Rather, she alleged she was criticized for being "a poor supervisor."[28] In other words, Briscoe has failed to show **what she did** or **who she is**, and therefore fails to state a cause of action under §1983.

### J.  **Aleeta M. Harding**–Original Plaintiff

*Supplemental Complaint Paragraphs 182-207*

Essentially, Harding claims that Chief Craft eliminated the position of Supervisor of Departmental Records, because Harding responded to an email regarding incentive pay. Significantly, she does not allege facts evidencing transfer, demotion, pay cut or change in benefit as would qualify for an adverse employment action.[29] These allegations do not show that she suffered an individual adverse employment action or that she is a member of any protected class (i.e **who she is**), and her claims under §1983 thus fail.

### K.  **Gus Sanchez**–New Plaintiff

*Supplemental Complaint Paragraphs 208-253*

Sanchez is apparently disgruntled, first, because Defendants allegedly forced him to pay for his lost radio, while others (including co-Plaintiff Sgt. Paul Taylor) were not. This does not show that he is a member of a protected class while the others are not (i.e. **who he is** and **who they are**). Second, Sanchez is upset, because he was disciplined for refusing to sign for a letter from City

---

[28]   Supplemental Complaint, Paragraph 176. Indeed, poor performance reviews and criticism regarding work related duties go hand-in-hand with demotions, assuming Briscoe's allegations as true.

[29]   *Clayton, supra.*

Hall to Sgt. Gremillion, which on the face of the pleadings is not a protected activity supporting a §1983 retaliation claim. (i.e. Sanchez has not shown *what he did*.) Moreover, besides the obvious prescription issues, Sanchez's remedy for these complaints is by appeal to the Civil Service Board.[30]

### L.  **Robert Polanco**–New Plaintiff

*Supplemental Complaint Paragraphs 254-260*

Polanco alleges that certain unidentified supervisors would call him "little taco," because of his Spanish background and that he was given a letter of reprimand for an incident which occurred one and on-half years ago, without any other details. He provides no factual allegations regarding who referred to him as "little taco." Significantly, Polanco does not allege that any Defendant referred to him as "little taco" or that he was embarrassed or offended. Furthermore, even assuming a letter of reprimand could qualify as an adverse employment action, Polanco fails to show that he engaged in a protected activity (i.e. *what he did*) to warrant the letter. As such, he fails to state any cause of action under §1983.

### M.  **Kencil D. Joseph**–New Plaintiff

*Supplemental Complaint Paragraphs 261-270*

Joseph complains that Lt. Lange ordered him to change an accident report, which apparently (though the Complaint is unclear) led to an investigation and eventual termination. An investigation is not an adverse employment action. Further, the allegations are devoid of which

---

[30]    In fact, Sanchez has appealed his eventual termination to the Lafayette Municipal Fire and Police Civil Service Board, which appeal remains pending.

17

protected activity Joseph engaged in (i.e. ***what he did***), because, according to Joseph, he was simply following the orders of his superior officer. This does not support a §1983 cause of action for retaliation. In fact, as Joseph admits, he has appealed his termination to the Civil Service Board, the appropriate venue in which to argue that the incident was not his fault.

Although Joseph states that he is an African American (i.e. ***who he is***), he does not allege that he was the subject of an adverse employment action meted out against only him and not others similarly situated. Hence, his §1983 discrimination claim also fails.

### N. **Donald Ceaser**–New Plaintiff

*Supplemental Complaint Paragraphs 271-296*

Ceaser alleges that he was demoted and re-instated in 2004 after various complaints and determinations by Lt. Prejean and then Major Craft, an allegation regarding an event which is not only prescribed on its face, but was in fact considered by the Civil Service Board in Ceaser's favor. (After all, the purpose of the Civil Service Board is to review civil service employment-related matters and make determinations after hearing all the evidence from both sides, in lieu of court proceedings.) Six years later, he was investigated for missing a departmental meeting. Rather than face termination as a result, he retired. An investigation is not an adverse employment action. Morever, Ceaser did not allege facts showing that he engaged in any protected activity (i.e. ***what he did***), such that he fails to state a cause of action for §1983 retaliation. Likewise, he fails to allege facts sufficient to show who he is and how he was treated differently than others similarly situated, thereby defeating his §1983 discrimination claim.

### O.  **Paul Taylor, Jr.**–New Plaintiff

*Supplemental Complaint Paragraphs 297-315*

Besides being described as adverse to some Plaintiffs (particularly Hewitt and Sanchez), Taylor is also a Plaintiff who has failed to show retaliation or discrimination. While identifying that other officers (identified as white/male or female) were granted accommodations following return from sick leave, Taylor does not allege ***"who he is."*** Moreover, he completely defeats his own cause of action for discrimination, because he alleges that he was also granted accommodations following his return from sick leave.[31] His claims are further defeated by the fact that he was *promoted* to lieutenant on or about September 27, 2012.

Further conduct about which Taylor complains, including call-in requirements and completion of payroll records amount to minor annoyances which do not rise to a level of retaliation. Otherwise, Taylor has set forth no facts alleging that he was subject to an adverse employment action. Accordingly, he has not stated a cause of action under §1983.

### P.  **Raquel Roberts**–New Plaintiff

*Supplemental Complaint Paragraphs 316-340*

Roberts contends that Chief Craft initiated numerous complaints and investigations against her after she secretly recorded a conversation between them. She was allegedly suspended

---

[31]       Doc. 51-3, Paragraph 304.

19

on multiple occasions and ultimately terminated.[32] These allegations do not show that she was engaged in a constitutionally protected activity (i.e. *what she did* ), because surreptitiously recording private conversations with others is not constitutionally protected, regardless of its legality. In fact, secretly recording private conversations may actually serve as the basis for a constitutional invasion of privacy claim by the non-consenting party. Neither has Roberts shown that she is a member of a protected class (i.e. *who she is*) who was treated differently than others. Thus, like every other Plaintiff, Roberts has failed to state a cause of action under §1983.

IV.   **PLAINTIFFS FAILED TO STATE CAUSES OF ACTION UNDER LOUISIANA LAW OR ANY CAUSE OF ACTION AGAINST SOME DEFENDANTS.**

Plaintiffs have sued CAO Stanley, Chief Craft, Major Alfred, Captain Ted Vincent, Major Randy Vincent, Lieutenant Levy Firmin, HR Manager Ray Domingue, Lieutenant Dwayne Prejean, Detective Joey Prevost, and Sergeant Keith Gremillion in their individual capacities under La. C.C. art. 2315 and 2317, the source of tort claims in Louisiana. (Plaintiffs have sued President Durel in his official capacity only, yet assert that he has acted outside the scope of his employment and is thus liable in tort.) La. C.C. art. 2315 requires a showing that the defendant owed a duty to the plaintiff, he breached that duty, which caused an injury to the plaintiff, that the risk of harm was within the scope of the defendant's duty, and that the breach was a cause-in-fact of the injury.[33]  La. C.C. art. 2317 governs liability for things in one's custody or control as well as vicarious liability.

---

[32]    In reality, Roberts resigned from her position with LPD.

[33]    *Bursztajn v. U.S.,* 367 F.3d 485, 489 (5th Cir. 2004).

20

Plaintiffs' factual allegations relative to Major Randy Vincent are that he filed a complaint against Marceaux and that he was a member of the "Stanley-Craft Organization."[34] Plaintiffs' factual allegations relative to Lt. Dwayne Prejean are that he failed to respond to Marceaux's request for a status update, that he filed complaints against Ceaser (which were allegedly overturned), and that he was a member of the "Stanley-Craft Organization." Plaintiffs' factual allegations relative to Sgt. Keith Gremillion state that he served a complaint on Marceaux, that he told Marceaux about a pending complaint, that he has failed to provide a status update, and that he was a member of the "Stanley-Craft Organization." These factual allegations do not state a cause of action under Louisiana law in tort absent specific factual allegations that each of these Defendants owed some duty to Plaintiffs or breached some duty causing an injury.

Plaintiffs' sole factual allegation regarding CAO Stanley, HR Manager Domingue, and Captain Ted Vincent is that they were members of the "Stanley-Craft Organization." Plaintiffs contend that this organization worked to terminate targeted officers. An individual's membership alone in a legitimate organization, without facts supporting that he participated in a conspiracy to commit complained of conduct, does not give rise to a cause of action against the individual.[35] One's alleged membership in a fictitious organization qualifies even less.

---

[34] Plaintiffs specifically named several third parties as members of their fictitious organization, yet failed to name them as Defendants. This raises the question as to whether Plaintiffs have any legitimate purpose in naming these individuals other than to embarrass, delay, or burden them, similar to Plaintiffs' allegations relative to Allyson Prejean and Jeremy Dupuis. See Rule of Professional Conduct 4.4.

[35] Under a RICO analysis, an individual of an allegedly corrupt organization does not conduct or participate in the enterprise's affairs for purposes of liability unless he has actually committed acts as alleged, or his position in the enterprise has facilitated the racketeering acts, which in turn had some effect on the organization. *U.S. v. Posada-Rios*, 158 F.3d 832, 856 (5th Cir. 1998). In other words, mere membership in an allegedly corrupt organization is not enough.

Based on the foregoing, Plaintiffs have failed to state a cause of action against President Durel, CAO Stanley, HR Manager Domingue, Captain Ted Vincent, Major Randy Vincent, Lt. Prejean, Det. Prevost, and Sgt Gremillion in their individual capacities, and they should be dismissed from this lawsuit.

**V.**        **PLAINTIFFS FAILED TO STATE A CAUSE OF ACTION FOR CONSPIRACY.**

Although Plaintiffs have not set forth a cause of action under 42 U.S.C. §1985 (conspiracy to interfere with civil rights), the Supplemental Complaint is riddled which language such as "corruption," "cohorts," and "misdealing," necessitating a brief response. The Fifth Circuit in *Cole v. Gray* provided a perfect analysis to a situation exactly as presented by Plaintiffs:

> As we noted in discussing Gray's claim to immunity, the evidence does not nearly support a theory of conspiracy between Gray and the legislative defendants. Cole has shown a possible motive of *personal animosity* on the part of Jones, but there is not an iota of substantiation for his allegation that he was fired in retaliation for utterances protected by the First Amendment. He has shown minimal contact between the executive and legislative defendants, with no buttressing proof of the actual nature of the information conveyed. No proof of the making or accepting of statements known to be false exists in the record. Finally, there is the discharge itself. These elements, *murky allegations as to motive plus mere contact plus the fact of discharge are linked together by speculation and conclusory allegations*. The evidence was wholly insufficient to raise a fact issue for trial on the conspiracy complaint.
>
> There is nothing left of Colonel Cole's complaints. We close with the observation that *the Civil Rights Acts on which this suit was predicated do not make the federal district court a forum for the litigation of every controversy surrounding the loss of property interests through state action.* In this instance, the political and governmental processes involved worked to investigate and resolve the allegations against Cole and, after the prescribed procedures had

run their course, to restore him to his position. *There is no reason and no room for involvement on the part of a federal court.*[36]

## VI.        <u>CONCLUSION</u>

Plaintiffs are a melting pot of individuals, males and females of various races and origins (albeit unspecified in most instances). The only thing they seem to have in common is a personal animosity toward Chief Craft and their superiors, who have done nothing more than carry out their duties necessary to the efficient operation of the Lafayette Police Department. As aptly concluded by the *Cole* court, Plaintiffs have linked murky and conclusory allegations and the facts of discipline together with speculation. The result is a hodge-podge of employment grievances which, in light of a more appropriate forum–the Civil Service Board, this Court should not have to address. Even given a second bite at the apple, Plaintiffs set forth their "best case" and still wholly failed to state any cause of action. Accordingly, their claims must be dismissed with prejudice and with no further opportunity to amend.

---

[36]       *Cole v. Gray*, 638 F.2d 804, 811-812 (5th Cir. 1981). (Emphasis added.) The court addressed the plaintiff's claims under §1985 and §1983, stating that the circumstances of the case rendered a finding of conspiracy legally required under the former and factually required under the latter. Thus, the *Cole* analysis is fitting.

**RESPECTFULLY SUBMITTED:**

**BRINEY FORET CORRY**

By: _____s/   Michael P. Corry_____

**MICHAEL P. CORRY - 20764**

**PATRICK J. BRINEY - 03467**

**HALLIE P. COREIL - 33784**

413 Travis Street, Suite 200

Post Office Drawer 51367

Lafayette, Louisiana 70505-1367

Telephone:  (337) 237-4070

Facsimile:  (337) 233-8719

ATTORNEYS FOR DEFENDANTS, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LCG); LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT (LPD); LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT

24

**<u>CERTIFICATE</u>**

This is to certify that on October 2, 2012, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

springlaw@gmail.com

jca@jcalaw.us

hanna_orders@lawd.uscourts.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant or pro se defendant:

Mr. R. Royal Alexander
Attorney at Law
333 Texas Street, Suite 725
Shreveport, LA 71101

s/Michael P. Corry
**MICHAEL P. CORRY- 20764**

25