UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KANE MARCEAUX, ET AL. | CIVIL ACTION NO. 6:12-cv-01532 |
| VERSUS | JUDGE HAIK |
| LAFAYETTE CONSOLIDATED GOVERNMENT, ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is the defendants' motion to strike redundant, immaterial, impertinent, and scandalous material from the plaintiffs' complaint (Rec. Doc. 4, re-urged in Rec. Doc. 65). The motion is opposed. Oral argument was heard on October 16, 2012. For the following reasons, the motion will be granted in part and denied in part.

### FACTUAL BACKGROUND

This lawsuit was brought by fifteen current or former police officers with the Lafayette, Louisiana police department, under 42 U.S.C. §§ 1983 and 1988, seeking to recover monetary damages and other relief for alleged acts by their employer and/or fellow officers that they claim constitutes retaliatory discharge, wrongful discharge, and deprivation of procedural due process (Rec. Doc. 74 at p. 50, ¶ 344)

in violation of rights protected by the United States Constitution. The plaintiffs also seek to recover under Louisiana state law. (Rec. Doc. 74 at p. 52, ¶ 353).

In this motion, the defendants seek to strike certain allegations set forth in the plaintiff's original complaint. Before the motion to strike was ruled upon, the undersigned permitted the plaintiffs to amend their complaint, and the defendants re-urged the motion to strike. (Rec. Doc. 65).

## ANALYSIS

The defendants' motion to strike has two distinct parts. The defendants seek to strike the allegations set forth in Paragraphs 23-178, 242-250, and 267-270 of the original complaint, arguing that these allegations are either redundant, immaterial, impertinent, or scandalous. The defendants also seek to strike the plaintiffs' claim for punitive damages to the extent that punitive damages are sought to be recovered from a municipality and from municipal officials acting in their official capacities.

A.   **THE APPROPRIATE STANDARD UNDER FED. R. CIV. P. 12(f)**

Federal Rule of Civil Procedure 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may do so in response to a party's motion or on its

own motion.[1]  Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[2]  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[3]  Accordingly, motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted.[4]

Redundant matter consists of allegations that constitute a needless repetition of other averments in the pleading.[5]  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.[6]  Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation."[7]  Impertinent matter

---

[1] Fed. R. Civ. P. 12(f).

[2] *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168–69 (5th Cir. 1979), citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969).  See, also, *Cambridge Toxicology Group, Inc. V. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

[3] *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); see also *Kaiser Aluminum & Chem. Sales, Inc. V. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

[4] C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1380.

[5] C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1382.

[6] *Id*.

[7] *Bayou Fleet Partnership, LLC v. St. Charles Parish*, No. 10–1557, 2011 WL 2680686, at *5 (E.D. La. Jul. 8, 2011).

consists of statements that do not pertain, and are not necessary, to the issues in question; while scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.[8] "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available."[9]

Therefore, a motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit."[10]

### B. THE REDUNDANT, IMMATERIAL, IMPERTINENT, AND SCANDALOUS PORTIONS OF THE PLAINTIFFS' COMPLAINT

In this case, the defendants filed a motion seeking to strike certain paragraphs from the plaintiffs' original complaint (Rec. Doc. 1) on the basis that they were redundant, immaterial, impertinent, or scandalous under Rule 12(f). The plaintiffs were permitted an opportunity to amend their complaint, and they filed their first

---

[8] C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1382.

[9] *Id*.

[10] *Eubanks v. Jordan*, No. Civ. A. 05-1532, 2006 WL 1476111, at *1 (W.D. La. May 26, 2006).

amended and supplemental complaint (Rec. Doc. 74). The amended complaint does not fully and completely replace the original complaint. Instead, the plaintiffs "amend, revise, restate, and generally supplement" their original complaint (Rec. Doc. 74 at p. 2) while re-alleging and re-averring "those relevant portions of" the original complaint (Rec. Doc. 74 at ¶¶ 59, 74, 86, 93, 101, 118, 166, 183, 209, 255, 262, 272, 298, 317). Although the plaintiffs "aver that *all* of the objectionable allegations identified by Defendants have been removed by way of Plaintiffs' more recent First Amended and Supplemental Complaint" (Rec. Doc. 71 at 5, emphasis in original), each plaintiff expressly re-alleged and re-averred "relevant portions" of the original complaint without identifying the parts of the original complaint that survive and those that do not. Declining to decide what the plaintiffs believe to be relevant, the undersigned assumes that all of the original complaint has been adopted and incorporated by reference in the amended complaint.

    Having carefully reviewed the allegations of the original complaint and the amended complaint, the undersigned finds that the following paragraphs contain allegations that are either redundant, immaterial, impertinent, or scandalous, as those terms are used in Rule 12(f): ¶¶ 25, 26, 27, 30, 55-78, 82-106, 107-121, 147-162, and 242-250 of the original complaint, and ¶¶ 114-116 and 345-350 of the amended complaint.

The undersigned finds that the allegations set forth in ¶¶ 25, 26, 27, and 30 of the original complaint are scandalous, as that term is used for purposes of Rule 12(f), because they serve no purpose other than to cast the Lafayette Police Department in a poor light.[11]

The undersigned finds that the allegations set forth in ¶¶ 55-78, 82-106, 107-121, 147-162, and 242-250 of the original complaint have no possible bearing upon the subject matter of the litigation because they are unrelated to the events giving rise to any of the plaintiffs' claims. As such, these allegations are immaterial.

Similarly, the undersigned finds that the allegations set forth in Paragraphs 114-116 of the amended complaint, which are set forth in the section of the complaint pertaining to plaintiff Novey Stelly, have no possible bearing upon the subject matter of the litigation because they are unrelated to the events that led to Mr. Stelly's claim against his employer and coworkers. Therefore, these allegations are immaterial.

---

[11] This Court notes that in the original complaint (Rec. Doc. 1) and again in the amended complaint (Rec. Doc. 74), the plaintiffs listed "Lafayette Police Department through the Lafayette City-Parish Consolidated Government" as a separate defendant in the lawsuit. The Lafayette Police Department is an agency or department of the Lafayette City-Parish Consolidated Government that does not function independently of the City. Therefore, the Lafayette Police Department does not have the legal capacity to be sued. *Cormier v. Lafayette City Parish Consol. Government*, No. 6:09-cv-0703, 2011 WL 5156862, at *3 (W.D. La. Oct. 28, 2011); *Batiste v. Bonin*, No. 06-1352, 2007 WL 1791219, at *4 (W.D. La. June 13, 2007). See, also, *Angers v. Lafayette Consolidated Gov't*, No. 07-0949, 2007 WL 2908805, *3 (W.D. La. Oct. 3, 2007) (holding that Lafayette's Roicy Duhon Animal Shelter is not a juridical entity susceptible of being sued). This Court therefore construes any claims alleged against the Lafayette Police Department to be brought against the Lafayette Consolidated Government which renders these allegations impertinent as well..

The undersigned finds that Paragraphs 345-350 of the amended complaint are comprised of legal argument interpreting a legal decision that is not controlling precedent in this case rather than relevant factual allegations. Accordingly, these paragraphs do not pertain, and are not necessary, to the factual issues in question and are impertinent.

The undersigned finds that the remaining allegations of the plaintiffs' complaint to which the defendants objected are insufficiently redundant, immaterial, impertinent, or scandalous to justify being stricken.

For these reasons, (1) these paragraphs are stricken from the original complaint: ¶¶ 25, 26, 27, 30, 55-78, 82-106, 107-121, 147-162, 242-250; and (2) these paragraphs are stricken from the amended complaint: ¶¶ 114-116 and 345-350.

### B.   THE PLAINTIFFS' PUNITIVE DAMAGES CLAIM

In their original and amended complaints, the plaintiffs assert claims for punitive damages. (Rec. Doc. 1 at p. 36, ¶ 270(L); Rec. Doc. 1 at p. 36, prayer ¶ I; Rec. Doc. 74 at p. 54, ¶354(L); Rec. Doc. 74 at p. 55, prayer ¶ I). The defendants contend that this claim should be stricken with regard to the claims asserted against the City and the individual defendants who are city officials and were sued in their

official capacities, arguing that the plaintiffs in a §1983 action cannot recover punitive damages from a municipality or its officials acting in their official capacities.

The defendants' reasoning is sound. "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983."[12] Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[13] Accordingly, the court finds that the plaintiffs do not have a valid claim for punitive damages against Lafayette City-Parish Consolidated Government. The court further finds that the plaintiffs do not have a valid punitive damages claim against the individual defendants who were sued in their official capacities because those claims are duplicative of the punitive damages claim asserted against the city.[14] Accordingly, the plaintiffs' punitive damages claims against the City and against the city officials who were sued in their official capacities are stricken.

---

[12] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012), citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003), *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984).

[13] *Howell*, 2012 WL 3962387, at *4, citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

[14] *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

However, punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a § 1983 claim.[15] Therefore, to the extent that the plaintiffs have asserted punitive claims against individual defendants who are city officials that were sued in their individual capacities, those claims are not stricken.

## CONCLUSION

For the foregoing reasons, the defendants' motion to strike (Rec. Doc. 4, re-urged in Rec. Doc. 65) is GRANTED IN PART and DENIED IN PART.

Signed this 18th day of October, 2012 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[15] *Givs v. City of Eunice*, No. 6:05-CV-0788, 2006 WL 1831528, at *1 (W.D. La. June 29, 2006), citing *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).