UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KANE MARCEAUX, ET AL                    CIVIL ACTION 12-cv-1532

VERSUS                                  JUDGE HAIK

LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT                 MAGISTRATE JUDGE HANNA

ORDER

Before the Court is plaintiffs' motion to hold Lafayette Consolidated

Government (LCG) in contempt. (Rec. Doc. 39). The motion is based on an

employee of LCG having communicated with the *Lafayette Daily Advertiser* after

this Court issued an order on September 5, 2012 (Rec. Doc. 27) prohibiting the

parties and their attorneys from having any contact or communication with the

media until September 14. On that date, a hearing was to take place on the

defendants' Motion for Protective Order which concerned communications with

the media. (Rec. Doc. 18). The September 5 order provided:

> [T]he parties and their attorneys shall have no contact or
> communication with the media, or postings over the internet,
> including social media and by way of websites referenced during the
> Rule 16 conference, regarding the allegations in this lawsuit, or in any
> way related to the subject matter of this lawsuit until this Court has
> had the opportunity to rule on the outstanding Motion for Protective
> Order.

The hearing was begun on September 14, a Friday, but was not completed until Monday, September 17. (Rec. Docs. 40, 49).  At the conclusion of the public proceedings on Friday, this Court specifically extended the order of September 5 until the hearing on the 17th and advised the members of the press who were present of that extension. (Transcript of 9/14 hearing, Rec. Doc. 57, pp.125-126).

According to the motion, an article ran in *The Daily Advertiser* on September 15 in which LCG's Human Resources Manager, Ray Domingue, is quoted as having confirmed only the employment start dates and termination dates of three plaintiffs in an email on the afternoon of the 15th.[1]  No other details were cited in the article that were attributed to Mr. Domingue or any other member of LCG. (Rec. Doc. 39-1)

The Chief Administrative Officer for LCG was questioned regarding this issue at the hearing on September 17. (Rec. Doc. 59, pp. 176-177).  He indicated the information was (a) already reported, (b) public record, and (c) not disclosed by Mr. Domingue until he had received advice of counsel.[2]  No other statements were made to the media of which the Court is aware.

The plaintiffs state in their motion that it is designed to bring the issue to the

---

[1]      Mr. Domingue was named as a defendant by the plaintiffs in the first supplemental and amending complaint. It was recommended that the claims against him be dismissed. That recommendation is pending before the district court.

[2]      The attorney who gave the advice is not counsel of record in these proceedings.

court's attention and to "ask the Court to insist that all parties play by the same

rules by enforcing its Order." (Rec. Doc. 39, p. 4).

According to the most recent case on this subject from the Fifth Circuit:

'A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995). For civil contempt, this must be established by clear and convincing evidence. *Id*.

'Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction ... so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case.' *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir.2004) (quotation marks and citations omitted).

*Hornbeck Offshore Services, L.L.C. v. Salazar,* ___F.3d.___, 2012 WL 5910842 (5th Cir. Nov. 27, 2012)

There is little doubt that this Court issued an order prohibiting contact with

the media while the motion was pending and LCG was aware of that order. It was

specifically directed to the allegations in this lawsuit and the subject matter of this

lawsuit.  The confirmation e-mail from LCG that provided information to the

media that was a matter of public record (on the advice of counsel) may have been

in contravention of that order.  However, this Court does not find communication

of  the start/termination dates of these employees, standing alone,  warrants any

contempt finding or sanction.

In *American Airlines v. Allied Pilots Association,* 228 F.3d 574, 585 (5ᵗʰ Cir. 2000), the court stated that sanctions for civil contempt are to be used for "either or both of two purposes: to coerce the defendant into compliance with the court's order [or] to compensate the complainant for losses sustained." Neither purpose is advanced by granting this motion.

Accordingly, it is ORDERED that the Motion For Contempt, (Rec. Doc. 39) be DENIED.

Signed this 3ʳᵈ day of December, 2012 at Lafayette, La.


_____
PATRICK J. HANNA
U.S. MAGISTRATE JUDGE