UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KANE MARCEAUX,** *ET AL.*<br>    *Plaintiffs,*<br><br>V.<br><br>**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT,** *ET AL.*<br>    *Defendants*. | **CIVIL NO.: 6:12-CV-01532 RTH-PJH**<br>**JUDGE: RICHARD THEODORE HAIK, SR.**<br>**MAGISTRATE: PATRICK JOHN HANNA** |

**TABLE OF CONTENTS FOR PLAINTIFFS' MEMORANDUM IN TRAVERSAL OF MAGISTRATE'S REPORT AND RECOMMENDATIONS [REC. DOC. 130]**

| | | |
|---|---|---|
| I. | SYLLABUS | 1 |
| II. | APPLICABLE STANDARD OF REVIEW | 2 |
| III. | PROCEDURAL POSTURE | 4 |
| IV. | PLAINTIFFS' SPECIFIC WRITTEN OBJECTIONS TO MAGISTRATE PATRICK J. HANNA'S PROPOSED FINDINGS AND RECOMMENDATIONS: | 6 |
| V. | CONCLUSION | 13 |
| VI. | CERTIFICATE OF SERVICE | 15 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KANE MARCEAUX,** *ET AL.*<br>    *Plaintiffs,*<br><br>v.<br><br>**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT,** *ET AL.*<br>    *Defendants.* | **CIVIL NO.: 6:12-CV-01532 RTH-PJH**<br>**JUDGE: RICHARD THEODORE HAIK, SR.**<br>**MAGISTRATE: PATRICK JOHN HANNA** |

**TABLE OF AUTHORITIES FOR PLAINTIFFS' MEMORANDUM IN TRAVERSAL OF MAGISTRATE'S REPORT AND RECOMMENDATIONS [REC. DOC. 130]**

| ITEM DESCRIPTION | PAGE |
|---|---:|
| **STATUTES** | |
| 28 U.S.C. 1927 | 1,3,4,5,6 |
| 28 U.S.C. § 636(b)(1)(B) | 2 |
| 28 U.S.C. § 636(b)(1)(C) | 2,3,4 |
| | |
| **RULES** | |
| F.R.C.P. 11 | 2,3,4,5,7,8,9,10,13 |
| F.R.C.P. 11(b) | 2,5,13 |
| F.R.C.P. 11(b)(1) | 1,5,13 |
| F.R.C.P. 11(b)(2) | 1,5 |
| F.R.C.P. 11(b)(3) | 5 |
| F.R.C.P. 12 | 9 |
| F.R.C.P. 12(f) | 6,7 |
| F.R.C.P. 12(b)(6) | 11 |
| F.R.C.P. 72(b) | 2,3,4 |
| F.R.C.P. 72(b)(2) | 3 |
| | |
| **CASES** | |
| *American Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523 (5th Cir. 1992) | 13 |
| *Anderson v. Law Firm of Shorty, Dooley & Hall*, 09-4160 (E.D.La. 02/17/2010), 697 F.Supp.2d 664 | 13 |
| *Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985) | 8 |
| *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018 (5th Cir. 1994) | 13 |
| *Cicchetti v. Lucey*, 514 F.2d 362 (1st Cir. 1975) | 8 |
| *FDIC v. Maxxam, Inc.*, 523 F.3d 566 (5th Cir. 2008) | 7 |

| | |
|---|---|
| Ford v. Estelle, 740 F.2d 374 (5th Cir. 1984) | 3 |
| Foster v. Michelin Tire Corp., 108 F.R.D. 412 (D.C.Ill. 1985) | 13 |
| Hebert v. Louisiana Licensed Professional Vocational Rehabilitation Counselors, 09-1126 (W.D.La. 03/30/2010), --- F.Supp.2d ---, 2010 WL 1286352 | 4 |
| International Controls Corp. v. Vesco, 556 F.2d 665, 668 (5th Cir. 1977) | 8 |
| Jefferson v. H.K. Porter Co., 485 F.Supp. 356 (N.D.Ala. 1980). | 8 |
| Jennings v. Joshua Independent School Dist., 948 F.2d 194 (5th Cir. 1991) | 10 |
| King v. Dogan, 31 F.3d 344 (5th Cir. 1994) | 8 |
| Loux v. Rhay, 375 F.2d 55 (9th Cir. 1967) | 8 |
| Marceaux v. Lafayette City-Parish Consol. Government, 731 F.3d 488 (5th Circ. 2013) | 2, |
| McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 925 F.2d 853 (5th Cir. 1991) | 3 |
| Mercury Air Group, Inc. v. Mansour, 237 F.3d 542 (5th Cir. 2001) | 13 |
| National Association of Government Employees, Inc. v. National Federation of Federal Employees, 844 F.2d 216 (5th Cir. 1988) | 7,8 |
| Sonnier v. Astrue, 09-0605 (W.D.La. 07/16/2010), --- F.Supp.2d ---, 2010 WL 2875371 | 3 |
| St. Amant v. Bernard, 859 F.2d 379 (5th Cir. 1988) | 2, |
| Sussman v. Bank of Israel, 56 F.3d 450 (2d Cir. 1995) | 7 |
| Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) | 3 |
| Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866 (5th Cir. 1988) | 2, |
| U.S. v. Poole, 09–355 (E.D.La. 10/11/2012), --- F.Supp.2d ---, 2012 WL 4863789 | 4 |
| Webb v. LaSalle, --- Fed.Appx. ----, 2013 WL 3820621 (5th Cir. 2013) | 7,9,10 |
| Webb v. LaSalle, 12-0897 (W.D.La. 11/30/2012), --- F.Supp.2d ---, 2012 WL 6061738 | 9 |
| Webb v. Morella, 457 Fed.Appx. 448 (5th Cir. 2012) | 2, |
| Whittington v. Maxwell, 08-cv-1418 (W.D.La. 12/28/2012, --- F.Supp.2d ---, 2012 WL 6738285 | 2, |
| Wilson v. First Houston Inv. Corp., 566 F.2d 1235 (5th Cir. 1978) | 8 |
| Wolfe v. Charter Forest Behavioral Health Systems, Inc., 96–1301 (W.D.La. 02/22/1999), 185 F.R.D. 225 | 3 |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KANE MARCEAUX, *ET AL.*** <br> *Plaintiffs*, <br><br> **V.** <br><br> **LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, *ET AL.*** <br> *Defendants*. | **CIVIL NO.: 6:12-CV-01532 RTH-PJH** <br> **JUDGE: RICHARD THEODORE HAIK, SR.** <br> **MAGISTRATE: PATRICK JOHN HANNA** |

**PLAINTIFFS' MEMORANDUM IN TRAVERSAL OF**
**MAGISTRATE'S REPORT AND RECOMMENDATIONS [REC. DOC. 130]**

**NOW INTO COURT**, through undersigned counsel, come the Plaintiffs herein, **Kane Marceaux**, **Greg Cormier**, **Scott Poiencot**, **Gabriel Thompson**, **Norbert Myers**, **Nolvey Stelly**, **Uletom P. Hewitt**, **Regina Briscoe**, **Aleeta M. Harding**, **Gus Sanchez**, **Robert Polanco**, **Kencil D. Joseph**, **Donald Ceaser**, **Paul Taylor, Jr.**, and **Rachel Roberts**, who file this Memorandum in Traversal of Magistrate's Report and Recommendations [Rec. Doc. 130] and who, with respect to same, do hereby allege, aver, depose, attest, state and claim as follows:

**I.    SYLLABUS:**

The Magistrate's Report and Recommendations endorses a finding that Plaintiffs' counsel violated F.R.C.P. 11(b)(1-2)[1] relative to "what was filed in this case in the original and amended complaint."[2] In reaching this conclusion, the Magistrate recommends *denial* of sanctions under 28 U.S.C. 1927 and *denial* of attorney fees / expenses as requested in Defendants' failed Motion for Protective Order / Motion to Strike.[3] In short, the

---
[1] Rec. Doc. 130, p. 23.
[2] Rec. Doc. 130, p. 28.
[3] Rec. Doc. 61.

Recommendation suggests relief should be granted *solely* upon Defendants' early Motion for Sanctions,[4] *solely* under F.R.C.P. 11(b), and *solely* upon allegations made in Plaintiffs' Original and Amended Complaints. The Recommendation properly dismisses the greater share of Defendants' requested sanctions; however, and as will be shown below, Counsels' actions (as to the limited remaining counts) were objectively reasonable in the premises and decidedly *not* in derogation of F.R.C.P. 11(b).

"Rule 11 sanctions can only be granted in situations when attorneys *sign* a pleading or filing that directly violates the rule itself."[5] Thus, sanctions under F.R.C.P. 11 will not be levied in the absence of "an improper purpose, complete frivolity, or lack of evidentiary support."[6] Here, the entirety of the Magistrate's recommended sanction rests upon "what was filed" in the Plaintiffs' Original and Amended Complaints.[7] In reaching the proposed sanction, the Magistrate erroneously "assume[s] that all of the original complaint was adopted and incorporated by reference in the amended complaint."[8] This factually-incorrect assumption is the flawed foundation for a Magistrate's Report and Recommendation which is fundamentally in error and, in accordance with 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. 72(b), must now be rejected.

II.  **APPLICABLE STANDARD OF REVIEW:**

In accordance with 28 U.S.C. § 636(b)(1)(B), a magistrate is allowed "to hold hearings,

---

[4] Rec. Doc. 13.
[5] Webb v. Morella, 457 Fed.Appx. 448, 454, fn. 5 (5th Cir. 2012), *citing* Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866 (5th Cir. 1988).
[6] Whittington v. Maxwell, 08-cv-1418, p. 6 (W.D.La. 12/28/2012, --- F.Supp.2d ---, 2012 WL 6738285, *citing* St. Amant v. Bernard, 859 F.2d 379, 382 (5th Cir. 1988).
[7] Although the Magistrate clearly limits the recommended sanction to "what was filed" in these two (2) documents, a significant portion of the Report is given over to discussing undersigned counsels' "other" violative conduct—both in these proceedings and elsewhere. As will be discussed below, counsels' so-called "pattern and history" of violative conduct deserving admonition actually cites to a litany of cases which remain in active litigation on precisely the same type of allegations and claims which are now deprecated. Further, any suggestion that counsel deserve admonition relative to pretrial publicity in this case has been *conclusively* rejected by the Fifth Circuit in Marceaux v. Lafayette City-Parish Consol. Government, 731 F.3d 488 (5th Circ. 2013).
[8] Rec. Doc. 130, p. 17.

propose findings of fact, and recommend disposition of certain dispositive pretrial and posttrial motions."[9] The magistrate judge's proposed findings of fact and recommendations are subject to *de novo* review by the district court, a review which includes an opportunity for the parties to object to the findings and recommendations of the magistrate.[10] The precise procedural history leading to the present Report and Recommendations is fairly complex; however, in general terms, the Defendants filed a Motion for Sanctions under Rule 11 and/or 28 U.S.C. § 1927[11] and a Sealed Motion for Protective Order and Motion to Strike,[12] both of which came before Magistrate Patrick John Hannah for consideration[13] on October 22, 2013. The request for a protective order and/or motion to strike was denied, and Defendants' sanction motion was taken under advisement.[14]

The present matter now comes before the Presiding Judge, Honorable Richard Theodore Haik, Sr., on Plaintiffs' traversal of the Magistrate's Report and Recommendations as issued January 9, 2014.[15] Pursuant to this document's accompanying Docket Text[16] and in accordance with F.R.C.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), Plaintiffs are granted fourteen (14) days—until January 27, 2014—in which to "serve and file written objections" unto the Honorable Magistrate's proposed recommendations:

> Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.[17]

---

[9] McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 925 F.2d 853, 855 (5th Cir. 1991), *citing* Ford v. Estelle, 740 F.2d 374, 377 (5th Cir. 1984), *both as cited in* Sonnier v. Astrue, 09-0605, p. *2 (W.D.La. 07/16/2010), --- F.Supp.2d ---, 2010 WL 2875371.
[10] Id. *See also*, Wolfe v. Charter Forest Behavioral Health Systems, Inc., 96–1301 (W.D.La. 02/22/1999), 185 F.R.D. 225, 227, *citing* Thomas v. Arn, 474 U.S. 140, 154, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985).
[11] Rec. Doc. 13.
[12] Rec. Doc. 61.
[13] In the absence of Plaintiffs' counsel.
[14] Rec. Doc. 119.
[15] Rec. Doc. 130.
[16] "Objections to R&R due by 1/27/2014."
[17] F.R.C.P. 72(b)(2).

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.[18]

Stated simply, a district court evaluating a magistrate judge's recommendation "may adopt those portions of the recommendation to which no party specifically objects as long as those portions are not clearly erroneous."[19] However, where a party makes "specific, written objections," the district court must undertake *de novo* review of those contested aspects of the report.[20] The district judge may thereafter "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."[21]

As applied, this Court has recently suggested the objecting party must lodge "a proper objection to the Magistrate Judge's R & R," specifically setting forth therein "which portion of the R & R plaintiff finds objectionable."[22] Thus, and based upon all the foregoing authority, Plaintiffs appear herein and raise the following specific, enumerated objections to the Honorable Magistrate's proposed recommendations. In view of these articulated objections, Plaintiffs aver this Honorable Court "must undertake *de novo* review" of the contested aspects of Magistrate Hanna's Report.

### III.    PROCEDURAL POSTURE:

Defendants filed requests for attorney fees, expenses, and sanctions in motions which were lodged *circa* July 31, 2012[23] and September 25, 2012,[24] respectively. Following hearing on

---

[18] 28 U.S.C. § 636(b)(1)(C).
[19] U.S. v. Poole, 09–355, p. *1 (E.D.La. 10/11/2012), --- F.Supp.2d ---, 2012 WL 4863789, *citing* 28 U.S.C. § 636(b)(1)(C) *and* F.R.C.P. 72(b).
[20] Id.
[21] F.R.C.P. 72(b).
[22] Hebert v. Louisiana Licensed Professional Vocational Rehabilitation Counselors, 09-1126, p. *1 (W.D.La. 03/30/2010), --- F.Supp.2d ---, 2010 WL 1286352.
[23] Rec. Doc. 13.
[24] Rec. Doc. 61, under seal.

October 22, 2013,[25] Defendants' Motion for Sanctions under Rule 11 and/or 28 U.S.C. § 1927[26] was taken under advisement, while Defendants' Sealed Motion for Protective Order and Motion to Strike[27] was denied.[28] The Honorable Magistrate now recommends Defendants' request for attorney fees and expenses as incorporated into their failed Motion for Protective Order / Motion to Strike be denied,[29] while the Magistrate recommends Defendants' request for sanctions be granted under F.R.C.P. 11 and denied under 28 U.S.C. 1927.[30]

On the basis of Defendants' single, prevailing claim for relief (*i.e.*, sanctions under F.R.C.P. 11), the Magistrate now recommends Plaintiffs' counsel be assessed a $2,500.00 fine (payable to the court) and a $2,500.00 "reimbursement of fees and expenses" (payable to the defendants).[31] Further, the Magistrate recommends an admonishment and reprimand be issued to Plaintiffs' counsel—an admonishment against prospective violations of F.R.C.P. 11(b) and a reprimand for "what was filed" in this matter's Original[32] and Amended[33] Complaints.[34] In reaching these terms of censure, the lion's share of the Magistrate's Recommendations addresses counsels' alleged violation of "subpart (b)(1) under Rule 11" and "subpart (b)(2) of Rule 11."[35] Notably, the Magistrate specifically declines to make any findings as would show any violation of "subpart (b)(3) of Rule 11."[36] Most generally, the Magistrate's Recommendations are based wholly upon an application of F.R.C.P. 11(b)(1-2) to the conduct described / discussed within the larger share of the said factual rendition.

---

[25] Over a year later and in a hearing which Plaintiffs' counsel was unable to attend due to prior commitments in other courts.
[26] Rec. Doc. 13.
[27] Rec. Doc. 61.
[28] Rec. Doc. 119.
[29] Rec. Doc. 130, pp. 1, 27.
[30] Rec. Doc. 130, pp. 1, 27-28.
[31] Rec. Doc. 130, pp. 26-28.
[32] Rec. Doc. 1.
[33] Rec. Doc. 74.
[34] Rec. Doc. 130, pp. 27-28.
[35] Rec. Doc. 130, p. 23.
[36] Rec. Doc. 130, p. 23.

Plaintiffs laud those portions of the Honorable Magistrate's Recommendation which reject the Defendants' perpetually frivolous demands for all manner of monetary and litigation sanctions in this matter. The Court previously (and appropriately) denied Defendants' Sealed Motion for Protective Order and Motion to Strike,[37] and the Magistrate now correctly recommends a full denial / rejection of the Defendants' corresponding demand for attorney fees and costs.[38] Further, to the extent the Magistrate recommends Defendants' demand for sanctions under 28 U.S.C. 1927 be denied, such an outcome is both welcome and fundamentally supported by applicable law. Indeed, it is in light of the inappropriateness of these "other" requested sanctions that the present recommendation of censure, attorney fees, and monetary penalties must likewise be rejected.

### IV. PLAINTIFFS' SPECIFIC WRITTEN OBJECTIONS TO MAGISTRATE PATRICK J. HANNA'S PROPOSED FINDINGS AND RECOMMENDATIONS:

#### A. "The amended Complaint did not fully and completely replace the original pleading…"[39]

Magistrate Hanna's Report and Recommendation endorses sanctions against Plaintiffs' counsel solely in relation to "what was filed in this case in the original and amended complaint."[40] Although the Report suggests sanctions are appropriate with regard to *both* the original[41] and amended[42] complaint, the related facts suggests it was Plaintiffs' original complaint which more seriously offended the Magistrate's sensibilities:

> …[T]his Court struck over 100 paragraphs of the original and amended

---

[37] Rec. Doc. 61.
[38] As is explained elsewhere in this Memorandum, a prior Motion for Protective Order [Rec. Doc. 18] was largely rejected by the Trial Court, with only one (1) of the Defendants' myriad claims for relief surviving. Plaintiffs sought appellate review of this single, surviving claim, and the Fifth Circuit Court of Appeal granted writs before reversing. At day's end, the *entirety* of Defendants' earlier Motion for Protective Order [Rec. Doc. 18] was denied, and now, if the Honorable Magistrate's Recommendation is followed, the *entirety* of Defendants' subsequent Motion for Protective Order [Rec. Doc. 61] will likewise be denied.
[39] Rec. Doc. 130, p. 16.
[40] Rec. Doc. 130, p. 28.
[41] Rec. Doc. 1.
[42] Rec. Doc. 74.

complaints as redundant, immaterial, impertinent, or scandalous, as those terms are used in Rule 12(f). Of that total, 93 of the stricken paragraphs were in the original pleading and 9 were in the amended complaint.[43]

By its own calculation, the "greater" offense was undoubtedly with regard to the original complaint—a filing which the Magistrate suggests presented more than ninety percent (90%) of the paragraphs later stricken by the court under Rule 12(f). Nevertheless, by improperly assuming "that all of the original complaint was adopted and incorporated by reference in the amended complaint,"[44] the Magistrate "bootstrapped" Plaintiffs' comprehensive amended complaint to its earlier, "flawed"[45] predecessor—a conclusion which ultimately causes the allegations in both documents to receive greater-than-deserved scrutiny.

Most notably, by "tying" the original and amended complaints together, the Magistrate's Report fails to accord Plaintiffs' original complaint the "greater leniency" it is due under well-established Fifth Circuit guidance:

> …[W]hatever the analysis applicable to motions and other papers filed after the commencement of the litigation, **special care** must be taken to avoid penalizing the filing of a nonfrivolous complaint, for otherwise a plaintiff who has a valid claim may lose his right "to vindicate his rights in court."[46] (EA)

Although National Association is a Fifth Circuit case "decided before the significant 1993 amendments"[47] to F.R.C.P. 11, its core tenets continue to be cited as authoritative by the Court.[48] In short, National Association and its progeny—even after Rule 11's 1993 amendments—

---

[43] Rec. Doc. 130, pp. 17-18.
[44] Rec. Doc. 130, p. 17.
[45] To the extent this Report tacitly relies upon this Court's own disposition of Defendants' early-filed Motion to Dismiss [Rec. Doc. 5] as being self-evident "proof" regarding the vexatious nature of the original and amended complaints, such a results-based conclusion is strongly opposed. Plaintiffs have heretofore sought interlocutory appellate relief following this Court's adverse disposition, and although the Fifth Circuit declined to intervene before this matter reaches a final judgment, Plaintiffs aver they will hereafter contest and strongly oppose the validity of this Court's prior rulings which struck many of the asserted claims and dismissed many of the party litigants.
[46] National Association of Government Employees, Inc. v. National Federation of Federal Employees, 844 F.2d 216, 224 (5th Cir. 1988), *as cited in* Sussman v. Bank of Israel, 56 F.3d 450, 458 (2d Cir. 1995).
[47] Webb v. LaSalle, --- Fed.Appx. ----, 2013 WL 3820621, p. 1 (5th Cir. 2013)
[48] See, *e.g.*, FDIC v. Maxxam, Inc., 523 F.3d 566 (5th Cir. 2008).

mandate application of a more deferential standard to claims filed (as a matter of first impression) in preservation of a litigant's unqualified right to seek judicial redress / vindication.

As is noted, the Report errantly *assumes* the amended complaint failed to completely supersede the original complaint—thus burdening the more closely scrutinized amended complaint with being analyzed under Rule 11 on the basis of claims/contentions from the original complaint which would have (and should have) fallen under the decidedly more deferential standard enunciated by National Association. Although Plaintiffs' amended complaint states it is interposed to "amend, revise, restate, and generally supplement the initial Complaint [Rec. Doc. 1] filed herein on or about June 5, 2012," Magistrate Hanna seizes upon a short colloquy with Plaintiffs' counsel in which the original complaint was apparently not sufficiently disclaimed.[49] Although counsel correctly expressed his belief "that the supplemental allegations would control," the Magistrate nevertheless erroneously concluded "that all of the original complaint was adopted and incorporated by reference in the amended complaint."[50]

It is well-settled that in the absence of a specific statement of incorporation by reference, an amended complaint fully and completely supersedes the original complaint.[51] Indeed, the Fifth Circuit has long held "that an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading."[52] Although Plaintiffs acknowledge their intention to fully supplant the original complaint was somewhat inartfully stated, in the absence of a specific statement of

---

[49] See Rec. Doc. 130, *citing* Rec. Doc. 83, pp. 8-13.
[50] Id.
[51] King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).
[52] Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985), *citing* Wilson v. First Houston Inv. Corp., 566 F.2d 1235, 1237-38 (5th Cir. 1978), *vacated on other grounds*, 444 U.S. 959, 100 S.Ct. 442, 62 L.Ed.2d 371 (1979); International Controls Corp. v. Vesco, 556 F.2d 665, 668 (5th Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); Cicchetti v. Lucey, 514 F.2d 362, 365 n. 5 (1st Cir. 1975); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); *and* Jefferson v. H.K. Porter Co., 485 F.Supp. 356, 359 (N.D.Ala. 1980).

incorporation, "the general rule" would apply, and Plaintiffs' original complaint is deemed superseded by operation of law. Thus, and to the extent the amended complaint is now analyzed under Rule 11 for the alleged "sins" of the original complaint, such review is manifestly erroneous as being based upon an incorrect interpretation of this matter's procedural development.

The Fifth Circuit's recent pronouncement in Webb v. LaSalle,[53] a case appealed from this Honorable Court, is particularly instructive—both with regard to the deference afforded to original filings and to the type of conduct "egregious enough to warrant sanctions under amended Rule 11." There, this Honorable Court reviewed the plaintiffs' claims, found them to have no merit, and, upon dismissal of the substantive claims, imposed sanctions upon plaintiffs and their counsel under F.R.C.P. 11 for allegedly vexatious litigation practices:

> …[T]he Court finds that both plaintiffs and their attorneys failed to conduct a reasonable inquiry into the facts or law before filing the lawsuit. Plaintiffs only purpose in bringing this action was to harass defendants.[54]

Despite a procedural history which revealed a documented history of actual vexatious litigation among the parties and specific acknowledgment of the "substantial" insufficiencies of plaintiffs' claims, the Fifth Circuit *reversed* the imposition of sanctions under F.R.C.P. 11:

> The insufficiencies in plaintiffs' case, although substantial, are not egregious enough to warrant sanctions under amended Rule 11, although plaintiffs and their counsel are warned against further vexatious litigation. It is time to put this matter to rest, both on the merits and in regard to sanctions. In the interest of justice and finality, we reverse the sanctions as unsupported under modern Rule 11.[55]

In general, Webb presents a case with a similar procedural posture to the matter at hand. There,

---

[53] Webb v. LaSalle, --- Fed.Appx. ----, 2013 WL 3820621 (5th Cir. 2013).
[54] Webb v. LaSalle, 12-0897 (W.D.La. 11/30/2012), --- F.Supp.2d ---, 2012 WL 6061738, p. 11, *aff'd in part, rev'd in part*, --- Fed.Appx. ----, 2013 WL 3820621 (5th Cir. 2013).
[55] Webb v. LaSalle, --- Fed.Appx. ----, 2013 WL 3820621, p. 1 (5th Cir. 2013).

as here, the plaintiffs pursued claims which this Court ultimately found untenable.[56] In effect, this Court imposed the same type of retaliatory sanctions which are now recommended by Magistrate Hanna—imposing punishment intrinsically connected to the Court's determination (and partial disposition) of many of the claims asserted by the Plaintiffs. In Webb, as in the matter at hand, the imposition of sanctions under F.R.C.P. 11 is not mandated, and the effectively mandatory penalties under the pre-Amendment rule have been specifically abrogated.[57]

> B. "[B]oth [of plaintiffs' attorneys] persisted in pursuing claims that had no legal or factual basis which has resulted in significant expense to the taxpayers of the City of Lafayette…"[58]

Again, as in the discussion above, the Magistrate's Report and Recommendations focuses predominantly upon the relative merits of the Plaintiffs' underlying claims—an approach **specifically deprecated** by the Fifth Circuit in Webb. Further, and in addition to at least implicitly tying its award of sanctions to the overall matter's disposition, the Report further cites to a number of counsels' prior cases in which the claims of (unrelated) plaintiffs were met with motions to dismiss.[59] At the outset, it is inconceivable, but nonetheless revealing, that a total of six (6) prior cases litigated by two (2) different lawyers over the course of nearly a full decade would purportedly raise the specter of Magistrate Hanna's suspicion pursuant to Rule 11. Of the six (6) total cases, at least three (3) remain in active, ongoing litigation, and a fourth case is presumed to presently remain pending in state court following remand. Of the two (2) remaining

---

[56] The entirety of the plaintiffs' claims were dismissed in Webb, and the case proceeded to the Fifth Circuit on a final, dispositive judgment. Obviously, this is materially distinguishable from the present case where many of Plaintiffs' claims "survived" the Defendants' opening salvo of dispositive Rule 12 motions and the instant case presently remains pending.

[57] In Webb, this Court supported its imposition of monetary sanctions upon the plaintiffs and their counsel by citing to the now-deprecated verbiage from Jennings v. Joshua Independent School Dist., 948 F.2d 194 (5th Cir. 1991), which provides: "There are no longer any 'free passes' for attorneys and litigants who violate Rule 11."

[58] Rec. Doc. 130, p. 26.

[59] Rec. Doc. 130, p. 25, fn. 10.

cases, one (1) involved a lawsuit which was filed in order to preserve a prescriptive date for the plaintiff's possible false arrest claim—a claim which was summarily dismissed with prejudice once the plaintiff was convicted at a subsequent criminal trial.

A detailed defense of counsels' actions in each of the cited prior cases is not in order; however, it is significant to note that the cited matters of <u>Andel v. City of Mandeville</u>, <u>McLin v. Ard</u>, and <u>Wilfong, *et al* v. State of Louisiana Board of Ethics, *et al*</u>, all remain currently pending on trial dockets in either the Eastern or Middle District Courts or in State Court. In the <u>McLin</u> matter, the plaintiff asserted claims against various parish council members which were dismissed on a Rule 12(b)(6) motion claiming qualified immunity; however, in granting the dismissal, the Honorable Shelly D. Dick found "the conduct of the Defendant-movants [to be] troubling" though ultimately not sufficient to sustain Plaintiff's claim of a First Amendment violation. The <u>McLin</u> matter remains ongoing as to the various law enforcement defendants, and, notably, Judge Dick's underlying decision has been identified by Professor Tillman J. Breckenridge, Esq., Adjunct Professor of Law & Managing Attorney at William & Mary's Appellate and Supreme Court Clinic, as a ruling in **direct contravention** of prevailing law. As such, Professor Breckenridge has committed his clinic's research and assistance to prosecuting an eventual appeal of the District Court's ruling to the Fifth Circuit—a step which is procedurally impossible in light of the presently-ongoing litigation with the matter's remaining defendants.

Similarly, the <u>Wilfong</u> matter is a novel case involving myriad claims of immunity, the lion's share of which have been successfully navigated en route to an upcoming jury trial on the merits. After some initial setbacks in the <u>Andel</u> matter, Attorney Spring has secured service of process upon the major party defendants, and the matter remains ongoing as to the most significant claims advanced therein. The Patin matter involved allegations of both state and

federal claims, and while the federal claims were ultimately dismissed, the matter was remanded to state court for consideration of the numerous state-law claims attendant unto Ms. Cheryl Patin's abuse at the hands of the Lafayette Police Department.

The <u>Day</u> matter has been finally dismissed on plaintiffs' own motion following the victim's prosecution and conviction for the crimes which led to her mistreatment. The Complaint in <u>Day</u> was interposed solely to preserve the relevant prescriptive date for the plaintiff's eventual wrongful arrest claim; however, since plaintiff's conviction obviated such a claim, plaintiff voluntarily and unconditionally dismissed her claim with prejudice—at the express direction and insistence of Attorney Spring, her co-counsel. Finally, the <u>Beary</u> matter involves a claim which arose nearly a decade ago, and it involved an underlying child support dispute which escalated into Mr. Dane Beary's wrongful arrest and incarceration for some forty-nine (49) days on a facially-invalid warrant. The <u>Beary</u> matter was initially prosecuted simply to secure the plaintiff's release from incarceration, and its continued prosecution was abated due to the client's unwillingness to proceed with complex federal litigation in a case which ultimately pitted himself against his ex-wife (as the underlying progenitor of the actions which caused Plaintiff's initial, false arrest).

To suggest these six (6) cases reflect "baseless filings" is patently absurd, and somebody **can and must be held to account** for citing these cases as examples of plaintiff counsels' alleged vexatious, frivolous, and harassing litigation. As with the present sanction issue, the Magistrate conducts a transparently results-oriented analysis which finds proof of a purported violation upon the mere presence of a material opposition to the position advance by counsels' clients. Such an approach is wholly inappropriate and devoid of judicial precedent in determining the propriety of sanctions in the present matter, and it is equally inappropriate in determining the character and candor of two (2) veteran trial practitioners based upon a

combined ten (10) years of practice and a grand total of six (6) supposedly-violative cases in which they were involved during that time.

## IV. CONCLUSION:

Setting aside the leap of logic which would seemingly suggest that any prior litigation in which a party defendant availed itself of a potentially-dispositive motion to dismiss is worthy of consideration in a later (unrelated) Motion for Sanctions, the fact remains that Rule 11 states merely that attorneys must not file suit for any improper purpose or without evidentiary support for the allegations contained in the complaint.[60] In short, Rule 11 mandates that counsel conduct "an inquiry reasonable under the circumstances" prior to filing suit, and sanctions are avoided where this inquiry demonstrates that the complaint is "grounded in fact."[61] Here, counsel conducted precisely the reasonable inquiry mandated by FRCP 11(b), and the emanating *verified* Complaint sets forth a factual rendition which is both accurate and wholly germane to the present litigation. Forcing a party defendant to be held liable for well-documented instances of gross official misconduct hardly constitutes an "improper purpose" under FRCP 11(b)(1).

More simply, Rule 11 provides that when an attorney submits a pleading to the court, he certifies to the best of his knowledge, information and belief that (1) the pleading is not interposed for any improper purpose, such as harassment, unnecessary delay or increased costs of litigation; (2) the pleading is warranted by existing law or a good faith argument for modification of existing law; and (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.[62]

---

[60] Mercury Air Group, Inc. v. Mansour, 237 F.3d 542, 548 (5th Cir. 2001).
[61] FRCP 11(b), Foster v. Michelin Tire Corp., 108 F.R.D. 412, 415 (D.C.Ill. 1985).
[62] FRCP 11(b), Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1023 (5th Cir. 1994), *and* American Airlines, Inc. v. Allied Pilots Ass'n, 968 F.2d 523, 529 (5th Cir. 1992), *all as cited in* Anderson v. Law Firm of Shorty, Dooley & Hall, 09-4160 (E.D.La. 02/17/2010), 697 F.Supp.2d 664, 667.

Thus, and for all of the foregoing reasons, and based upon the foregoing enumerated objections to the Honorable Magistrate's proposed recommendations, Plaintiffs object to the enumerated recommendations and aver this Honorable Court "must undertake *de novo* review" of the contested aspects of Magistrate Hanna's Report.

Respectfully Submitted,

**J. Christopher Alexander, Sr., Esq., LLC**
Attorney and Counselor at Law

/s/ J. Christopher Alexander, Sr., Esq.
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us
Co-Counsel for Plaintiffs

**R. Royal Alexander, Esq.**
Attorney and Counselor at Law

/s/ R. Royal Alexander, Esq.
R. Royal Alexander, Esq.
Louisiana Bar Roll No.: 25,331
333 Texas Street, Suite 725
Shreveport, Louisiana 71101
318-934-1179 (telephone)
318-673-8456 (facsimile)
ralexander@deep-south.com
Co-Counsel for Plaintiffs

**Spring & Spring, LLC**
Attorneys at Law

/s/ S. Stephen Spring, II, Esq.
S. Stephen Spring, II, Esq.
Louisiana Bar Roll Number: 12347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
225.932.9671 (telephone)
413.451.8923 (facsimile)
springlaw@gmail.com
Co-Counsel for Plaintiffs

CERTIFICATE OF SERVICE ON NEXT PAGE.

V. **CERTIFICATE OF SERVICE:**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon the following counsel of record herein:

> **Michael Corry, Esq.**
> Briney Foret Corry, LLP
> 413 Travis Street
> Lafayette, Louisiana 70503
> 337-237-4070 (telephone)
> 337-233-8719 (facsimile)
> corry@brineyforet.com
>
> **Hallie Pilcher Coreil**
> Briney Foret Corry, LLP
> 413 Travis Street
> Lafayette, Louisiana 70503
> 337-237-4070 (telephone)
> 337-233-8719 (facsimile)
> coreil@brineyforet.com
>
> **Richard R Montgomery**
> Briney Foret Corry, LLP
> 413 Travis Street
> Lafayette, Louisiana 70503
> 337-237-4070 (telephone)
> 337-233-8719 (facsimile)
> rrmontgomery@brineyforet.com

**I FURTHER CERTIFY** that the foregoing service was effected via delivery of this self-same document into the Court's electronic filing system, which delivery does thereby fulfill counsel's duty to provide notice to all parties herein, and which filing was made on this the 27th day of January, 2014, from the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

              /s/ J. Christopher Alexander, Sr., Esq.
              J. Christopher Alexander, Sr., Esq.