UNITED STATES OF DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KANE MARCEAUX, GREG CORMIER,     CIVIL ACTION NO: 6:12-cv-01532
SCOTT POIENCOT, NORBERT MYERS,
GABE THOMPSON, NOVEY STELLY,
ULETOM P. HEWITT, REGINA BRISCOE
AND ALEETA M. HARDING

VERSUS                           JUDGE RICHARD T. HAIK, SR.

LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT; LAFAYETTE POLICE
DEPARTMENT THROUGH THE LAFAYETTE
CITY-PARISH CONSOLIDATED
GOVERNMENT; LESTER JOSEPH "JOEY"
DUREL, JR. IN HIS CAPACITY AS PRESIDENT
OF THE LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT; DEE
EDWARD STANLEY, INDIVIDUALLY AND IN
HIS CAPACITY AS CHIEF ADMINISTRATIVE
OFFICER OF THE LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT; JAMES P.
"JIM" CRAFT, INDIVIDUALLY AND IN HIS
CAPACITY AS CHIEF OF THE LAFAYETTE
POLICE DEPARTMENT; AND GEORGE
"JACKIE" ALFRED, INDIVIDUALLY AND IN
HIS CAPACITY AS PATROL DIVISION
COMMANDER OF THE LAFAYETTE
POLICE DEPARTMENT          MAGISTRATE JUDGE PATRICK J. HANNA
**************************************************************************

**RESPONSE TO PLAINTIFFS' MEMORANDUM IN TRAVERSAL OF
MAGISTRATE'S REPORT AND RECOMMENDATIONS AS TO SANCTIONS**

NOW INTO COURT, through undersigned counsel, come Defendants, LAFAYETTE

CITY-PARISH CONSOLIDATED GOVERNMENT ("LCG"), DEE EDWARD STANLEY,

INDIVIDUALLY, JAMES P. "JIM" CRAFT, INDIVIDUALLY, AND GEORGE "JACKIE"

ALFRED, INDIVIDUALLY, who respond to Plaintiffs' Memorandum in Traversal of

Magistrate Hanna's Report and Recommendations granting in part and denying in part

Defendants' Motions for Sanctions as follows:

1

## I.   PLAINTIFFS' TRAVERSAL IS UNTIMELY.

28 U.S.C. §636 and F.R.C.P. Rule 72 mandate a party aggrieved by a magistrate's report and recommendations to file written objections within fourteen days of service. Judge Hanna issued his Report and Recommendations and the Clerk of Court served same on January 9, 2014. Therefore, Plaintiffs were required to file written objections by January 23, 2014. Thus, their Memorandum in Traversal filed on January 27, 2014 at 10:51 p.m. was four days late. To the extent the Clerk of Court's email transmission indicated that that objections were due by January 27, 2014, federal statutes (specifically 28 U.S.C. §636 and F.R.C.P. Rule 72) and the direct order from this Court trump. As such, Plaintiffs are barred "from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error."[1] Plaintiffs failed to show plain error.

## II.   PLAINTIFFS' COUNSEL APPEARED AT THE OCTOBER 22, 2013 HEARING.

Plaintiffs' counsel twice state they were not present at the October 22, 2013 hearing on Defendants' Motions for Sanctions.[2] This is, quite simply, untrue. In fact, Judge Hanna found:

> Although plaintiffs' counsel requested that the matter be decided on briefs, that request was denied in order that all parties be afforded adequate opportunity to be heard and offer any appropriate evidence on the issues presented by the motions. No plaintiff attended the hearing, and plaintiffs' counsel presented no evidence. The Court introduced two exhibits, both of which were letters sent to the Court by plaintiffs' counsel. The defendants offered a number of exhibits that were already in the record of these proceedings, some of which are filed under seal, without any objection from plaintiffs' counsel.[3]

The official Court minutes and hearing transcript from the October 22, 2013 hearing will also reflect Plaintiffs' counsels' presence. After argument from all parties, Judge Hanna correctly sanctioned Plaintiffs' counsel.

---

[1]   Doc. 130, page 28, citing *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).
[2]   Doc. 133, page 3, fn. 13 and page 5, fn. 25.
[3]   Doc. 130, page 6. (Citations to the Record omitted.)

### III.   THE COURT SHOULD NOT HAVE TO DO PLAINTIFFS' COUNSELS' WORK.

Plaintiffs' objections to Judge Hanna's Report and Recommendations focus on the meshing of Plaintiffs' original and supplemental complaints, the latter of which purported to "amend, revise, restate, and generally supplement" while re-alleging and re-averring "those relevant portions of" the original complaint.[4] Plaintiffs did not identify which portions of the original, 271-paragraph complaint were relevant, obligating the Court to do Plaintiffs' counsels' work or otherwise assume that the entire original complaint was adopted and incorporated by reference in the amended complaint.[5] Rather than speculating as to what "the plaintiffs believed to be relevant,"[6] Judge Hanna appropriately chose the latter. This necessitated Defendants' multiple Motions and the Court's various recommendations and rulings addressing a total of 626 paragraphs, rather than more refined, well-pled pleadings, had Plaintiffs appropriately amended their numerous allegations.

Plaintiffs claim *Webb v. LaSalle* "presents a case with a similar procedural posture" as this case.[7] To the contrary, the District Court in *Webb* imposed sanctions for plaintiffs and their attorneys' failure to conduct a reasonable inquiry into the facts or law before filing the lawsuit (prohibited by Rule 11(b)(2)) and because their only purpose in bringing the action was to harass defendants (prohibited by Rule 11(b)(1)). Moreover, the *Webb* decision cited by Plaintiffs does not provide any insight as to the specific conduct sanctioned, rendering a comparison with the instant case impossible. In this case, Judge Hanna appropriately sanctioned Plaintiffs' counsel for needlessly increasing the costs of litigation, a different reason under Rule 11 than the reasoning in *Webb*. Indeed, by requiring both Defendants' counsel and the Court to respond to all

---

[4]       See Doc. 130, page 16-17, citing Doc. 74.
[5]       See Doc. 130, page 16-17.
[6]       Doc. 130, page 17.
[7]       Doc. 133, page 9.

allegations in the original and supplemental complaints, instead of amending to remove scandalous, impertinent, and otherwise inappropriate allegations, Plaintiffs' counsel needlessly increased the costs of litigation, justifying sanctions.

Defendants note that Judge Hanna pretermitted a "discussion of the vexatiousness of the actions of plaintiffs' counsel, *as it pertains to multiplying the proceedings*, in light of its findings pertaining to violations" of Rule 11(b)(1).[8] Nevertheless, Judge Hanna's Report and Recommendations, replete with citations to relevant jurisprudence and thorough analysis, more than support the imposition of sanctions for Plaintiffs' counsels' vexatious conduct under Rule 11 and likewise under §1927. As such, even if the Court were to somehow disagree with Judge Hanna's recommendations vis-à-vis Rule 11 sanctions, it can nonetheless enforce the recommended sanctions under §1927, which approves sanctions for vexatiously and unreasonably multiplying proceedings.

Finally, in his Report and Recommendations, Judge Hanna urges the District Court to review the transcript of the proceedings under seal at Doc. 58 and 60 wherein Plaintiffs' counsel initially denied providing confidential information which did not involve any claims in this litigation to the press (which Judge Hanna noted was for no acceptable reason), but they recently admitted doing so.[9] As can be inferred from the sealed proceedings to which Judge Hanna alluded, Plaintiffs' counsel have demonstrated an overt attempt to harass certain Defendants. The imposed sanctions were not only warranted, but also arguably insufficient in light of such egregious behavior.

---

[8]      Doc. 130, page 23. (Emphasis in original.)

[9]      See Doc. 130, page 15, fn. 7.

RESPECTFULLY SUBMITTED:

**BRINEY FORET CORRY, LLP**


BY: s/ Michael P. Corry_____
     MICHAEL P. CORRY – 20764
     PATRICK J. BRINEY – 03467
     HALLIE P. COREIL – 33784
     413 Travis Street
     Suite 200
     Post Office Box 51367
     Lafayette, Louisiana 70505-1367
     Telephone:  (337) 237-4070
     Facsimile:  (337) 233-8719
ATTORNEY FOR DEFENDANTS, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, DEE EDWARD STANLEY, INDIVIDUALLY, JAMES P. "JIM" CRAFT, INDIVIDUALLY, AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY

## **CERTIFICATE**

This is to certify that on February 3, 2014, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

springlaw@gmail.com                    jca@jcalaw.us

ralexander@deep-south.com          hanna_orders@lawd.uscourts.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant or pro se defendant:

**None.**

s/Michael P. Corry
_____
MICHAEL P. CORRY- 20764
