UNITED STATES OF DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KANE MARCEAUX, GREG CORMIER, SCOTT POIENCOT, NORBERT MYERS, GABE THOMPSON, NOVEY STELLY, ULETOM P. HEWITT, REGINA BRISCOE AND ALEETA M. HARDING | CIVIL ACTION NO: 6:12-cv-01532 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LAFAYETTE POLICE DEPARTMENT THROUGH THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; LESTER JOSEPH "JOEY" DUREL, JR. IN HIS CAPACITY AS PRESIDENT OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; DEE EDWARD STANLEY, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT; JAMES P. "JIM" CRAFT, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF THE LAFAYETTE POLICE DEPARTMENT; AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY AND IN HIS CAPACITY AS PATROL DIVISION COMMANDER OF THE LAFAYETTE POLICE DEPARTMENT | MAGISTRATE JUDGE PATRICK J. HANNA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATEMENT OF UNDISPUTED FACTS—SCOTT POIENCOT, GREG CORMIER, AND GABE THOMPSON**

NOW INTO COURT, through undersigned counsel, come Defendants, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT ("LCG"), DEE EDWARD STANLEY, INDIVIDUALLY, JAMES P. "JIM" CRAFT, INDIVIDUALLY, AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY, who submit that the following facts are undisputed with regard to Scott Poiencot, Greg Cormier, and Gabe Thompson:

1. In April 2012, Attorney, Olita Magee, filed a brief with the Lafayette Municipal Fire and Police Civil Service Board ("the Board"). Attached to her brief was a confidential LPD Interoffice Communication entitled "SL Notice/Instructions" signed by the IA sergeant on which certain information had been whited out.[1]

2. Ms. Magee refused to identify the individual who provided her with the confidential document, and the Board instructed LPD to launch an investigation.[2]

3. Pursuant to the investigation (Investigation AD2012-007) which commenced on May 11, 2012, LPD, through Internal Affairs ("IA"), identified the confidential investigative file from which the document had been taken and fifteen employees who had access to the file. Of those fifteen, the scope of the investigation was narrowed to five employees, including Scott Poiencot, Greg Cormier, and Gabe Thompson.[3]

4. On May 22, 2012 at 1:49 p.m., Marceaux, Cormier, Poiencot, Myers and Thompson filed a Petition for Temporary Restraining Order with Notice and Preliminary Injunction Pursuant to the Policeman's Bill of Rights in the Fifteenth Judicial District, Parish of Lafayette, Louisiana ("the TRO suit"). Plaintiffs' counsel purportedly sent a courtesy copy of the Petition to Defendants "transmitted by U.S. Post" on May 22, 2012. Otherwise, Plaintiffs provided no notice of their suit as mandated by La. C.C.P. art. 3603. The Clerk of Court issued summons on May 23, 2012, and the Sherriff served LCG and CAO Stanley on May 23, 2012 and individual Defendants, Chief Craft and Major Alfred on May 25, 2012.[4]

5. The Honorable Judge Herman Clause signed Plaintiffs' TRO on May 23, 2012, prohibiting LPD from further pursuing its investigation of the leaked document.[5]

6. The matter came for hearing on May 29, 2012 before the Honorable Judge Kristian Earles. At that time, Plaintiffs relied exclusively on a secretly taped recording of a conversation between Thompson and Major Alfred on April 19, 2012. Thompson admitted that he made the secret recording, without Major Alfred's consent, using Poiencot's covert recording device disguised as a pen. Poiencot also testified at the hearing that he had been recording his fellow officers since 2006. Throughout this litigation, Defendants learned that Plaintiffs have routinely secretly recorded their fellow

---

[1] Exhibit A—May 8, 2012 transcript of Board hearing, page 20-22; Exhibit K—Affidavit of Dwayne Prejean; Exhibit E—G. Cormier Deposition, "Exhibit D-1," page 210-211; 217-223.
[2] Exhibit A—May 8, 2012 transcript of Board hearing, page 22.
[3] Exhibit K—Affidavit of Dwayne Prejean
[4] Exhibit B—*Marceaux v. LCG* (15th JDC, Lafayette, Louisiana, Docket No. 2012-2899), Rule Nisi, Plaintiff's Petition for TRO, with Exhibits, and signed Order; May 22, 2012 correspondence from Plaintiffs' counsel; Sheriff's Returns, *in globo*.
[5] Exhibit B—*Marceaux v. LCG* (15th JDC, Lafayette, Louisiana, Docket No. 2012-2899), Rule Nisi, Plaintiff's Petition for TRO, with Exhibits, and signed Order.

and superior officers. Some of these recordings were released to the media and posted on Plaintiffs' patently offensive website.[6]

7. At the conclusion of the hearing, Judge Earles found the TRO had been wrongfully issued and denied the request for a permanent injunction. Later on, Judge Earles also awarded Defendants costs and attorneys' fees for the wrongfully issued TRO.[7]

8. After the TRO was dissolved, LPD re-commenced Investigation AD2012-007. Pursuant thereto, LPD discovered that Cormier had removed the confidential document in question from a shift-level investigative file of another officer, whited-out certain information, and given the document to Poiencot, who, at the time, was a member of the Board deciding the merits of the case for which Attorney Magee filed her brief with the leaked document attached. Pursuant to the investigation, the target officers were required to submit to a polygraph. Cormier failed his polygraph; Poiencot refused to consent.[8]

9. As a result of Investigation AD2012-007, Cormier and Poiencot were terminated on September 12, 2012. Poiencot was also terminated for his refusal to consent to a polygraph, as required by the General Orders and investigation, as well as his secret recording of fellow and superior officers (recordings which were later released to the media).[9]

10. Thompson was cleared of wrongdoing in the leak of the confidential document. Nevertheless, he retired on September 11, 2012.[10]

11. In the meantime, prior to Cormier and Poiencot's terminations and Thompson's retirement, LPD implemented sweeping, department-wide transfers. In all, eleven lieutenants, eight sergeants, three corporals, and one patrol officer were transferred. Chief Craft initiated the first set of transfers (lieutenants and sergeants) on May 22, 2012 and the second set of transfers (corporals and patrol officer) on May 25, 2012. Poiencot, Cormier, and Thompson were transferred as follows:

- Poiencot: relieved of duty in Patrol Division—Precinct 3, Resource Officer; transferred to Patrol Division—Precinct 4, Shift C.

- Cormier: relieved of duty in Patrol Division—Patrol Support; transferred to Patrol Division—Precinct 4, Shift C Shift Lieutenant.

---

[6] Exhibit C—May 29, 2012 TRO suit hearing transcript. See also Doc. 48, page 4-7 (Findings of Fact), remanded on other grounds; Exhibit H—Affidavit of CAO Stanley, Exhibit I—Affidavit of Chief Craft, and Exhibit J—Affidavit of Major Alfred.
[7] Exhibit C—May 29, 2012 TRO suit hearing transcript.
[8] Exhibit K—Affidavit of Dwayne Prejean.
[9] Exhibit D—S. Poiencot Deposition, "Exhibit D-6;" page 161; Exhibit E—G. Cormier Deposition, "Exhibit D-3;" page 254; Exhibit D—S. Poiencot Deposition, "Exhibit D-7;" page 164 (regarding AD2012-010 relative to secret recordings); "Exhibit D-8;" page 165 (regarding AD2012-012 relative to failure to submit to polygraph).
[10] Exhibit K—Affidavit of Dwayne Prejean; Exhibit G—G. Thompson Deposition, page 47.

- Thompson: relieved of duty in Patrol Division—Precinct 3, Administrative Assistant; transferred to Patrol Division—Precinct 4, Administrative Assistant.[11]

12. No Plaintiff lost his rank, salary, or benefits as a result of the May 2012 transfers.[12]

13. Two sergeants, who had not filed any lawsuit against Defendants, were also transferred on May 22, 2012 to Precinct 4, Shifts C and D.[13]

14. Poiencot claimed Precinct 4 was "Hell's Kitchen,"[14] while co-Plaintiff Hewitt claimed Precinct 1 was "Hell's Kitchen,"[15] and co-Plaintiff Thompson thought "Hell's Kitchen" was a TV show.[16] Even more to the contrary, co-Plaintiff Stelly claimed Precincts 1, 2, and 3 were the areas where no officer wanted to work.[17]

15. Poiencot claims he was transferred to "the north side" and a night shift; however, he held four different positions during his career, three of which were night shifts. Furthermore, although he considered the north side more violent, he had previously served as a narcotics agent for the Lafayette Metro Narcotics Task Force for three to four years, an equally violent position.[18]

16. Cormier claims he was transferred to the north side and night shifts, but he admitted that he preferred to work the night shift. He also admitted that he had worked on the north side and at nights in the past.[19]

17. Thompson's duties did not change in anyway after the May 2012 transfer. The only difference was his working hours, which changed from 7:00 a.m. to 4:00 p.m. to 8:00 a.m. to 5:00 p.m.[20]

18. LCG and LPD maintain strict confidentiality policies, including designation of all LCG files as confidential.[21]

19. LPD relies on members of the public, whose support and confidence is critical to its proper functioning.[22]

---

[11] Exhibit I—Affidavit of Chief Craft (Exhibits I-1 and I-2).
[12] Exhibit D—S. Poiencot Deposition, page 66; Exhibit E—G. Cormier Deposition, page 332-333; Exhibit G—Deposition of G. Thompson, page 152.
[13] Exhibit I—Affidavit of Chief Craft (Exhibits I-1).
[14] Exhibit D—S. Poiencot Deposition, page 105.
[15] U. Hewitt Motion for Summary Judgment, U. Hewitt Deposition, page 59; 76.
[16] Exhibit G—G. Thompson Deposition, page 303, line 6.
[17] N. Stelly Motion for Summary Judgment, N. Stelly Deposition, page 76.
[18] Exhibit D—S. Poiencot Deposition, page 57-60; 104.
[19] Exhibit E—G. Cormier Deposition, page 39; 42; 44; 58-60.
[20] Exhibit G—G. Thompson Deposition, page 34; 42; 44; 67.
[21] Exhibit H—Affidavit of CAO Stanley; Exhibit I—Affidavit of Chief Craft.
[22] Exhibit I—Affidavit of Chief Craft.

RESPECTFULLY SUBMITTED:

**BRINEY FORET CORRY, LLP**

BY: s/ Michael P. Corry
    MICHAEL P. CORRY – 20764
    PATRICK J. BRINEY – 03467
    HALLIE P. COREIL – 33784
    413 Travis Street
    Suite 200
    Post Office Box 51367
    Lafayette, Louisiana 70505-1367
    Telephone: (337) 237-4070
    Facsimile: (337) 233-8719
ATTORNEY FOR DEFENDANTS, LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, DEE EDWARD STANLEY, INDIVIDUALLY, JAMES P. "JIM" CRAFT, INDIVIDUALLY, AND GEORGE "JACKIE" ALFRED, INDIVIDUALLY

5

## **CERTIFICATE**

This is to certify that on May 30, 2014, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

springlaw@gmail.com            jca@jcalaw.us

ralexander@deep-south.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant or pro se defendant:

**None.**

                                             s/Michael P. Corry
                                        MICHAEL P. CORRY- 20764