# LAFAYETTE POLICE DEPARTMENT

### *GENERAL ORDERS*

| DATE ISSUED:<br>**01 Nov 92** | EFFECTIVE DATE:<br>**13 Sept 12** | REVISION NO:<br>**3** | PROCEDURE NO:<br>**GO-101.3** | PAGE OF PAGES<br>**1      4** |
|---|---|---|---|---|
| ISSUED BY:   **JIM CRAFT,**   CHIEF OF POLICE | | | REVISION DATE: **02 Jul 12** | |
| CALEA COMPLIANT<br>    **1.1.1  1.1.2  1.2.1  2.1.3** | | | | |
| SUBJECT: **DEPARTMENTAL PHILOSOPHY** | | | | |

**PURPOSE**

This Order outlines the basic philosophy of the Lafayette Police Department.

**POLICY**

A.  It shall be the responsibility of the Lafayette Police Department to protect lives and property, prevent crime, and provide professional police services to the citizens of Lafayette.  To accomplish this mission, all sworn employees shall understand that we, as part of the community will:

  1.  Respond quickly and professionally to all calls for police service.

  2.  Provide police service with an emphasis on teamwork and mutual respect.

  3.  Participate in the operation of the Department.

  4.  Participate in general events within the community.

B.  The Written Directives of the Lafayette Police Department is designed to assist all employees in providing professional police  service to the community.  It is important that all employees understand and comply with the content of these directives.  This compliance will enhance the ability of the Department to provide the highest quality of public service, increase cooperation with other criminal justice agencies, and work closely with the community and media.

**LEGAL AUTHORITY OF THE LAW  (CALEA – 1.2.1)**

A.  The primary duty of a sworn police officer shall be to uphold and enforce the laws of Local, State, and Federal governments.  The application and enforcement of the law shall be accomplished in the spirit set forth by the framers of the Constitution.  The rights of each citizen are equal with those of the State.  The Constitution provides for the fundamental enforcement of the law with fairness and equality.

B.  The laws of the State of Louisiana allow for their application to be made fairly, and within the spirit of the law, rather than blind adherence to the strict construction of a statute.  Officers shall direct their efforts to the impartial application of the spirit of the law for the purpose set forth in the statutes.

  1.  Prior to accepting the status of a sworn peace officer, a person shall take an oath of office as defined in L.A.R.S. 42:161 to enforce the law and uphold the Constitution of the United States and the State of Louisiana. **(CALEA – 1.1.1)**

  2.  In the application of the law, sworn officers shall exercise mature judgment and discretion within the limits of statutory authority and departmental policy.

**Appendix II**

3.  Enforcement action shall not be taken in grudging adherence to the rights of the accused, but in the spirit of ensuring that the rights of accused persons are protected by the police.

4.  In the enforcement of criminal statutes, any conduct that would violate the law shall be avoided.   The commission of any crime shall not be justification to affect the expedient enforcement of the law.

5.  Sworn officers shall display a reverence for the legal rights of all citizens and a reverence for the law itself.

## PUBLIC SUPPORT OF POLICE

A.  The ability of the police to effectively perform their duties relies upon the support of the public.  The ability of the police to secure and maintain public respect is dependent upon the actions and behavior of individual officers and the entire police organization.

B.  The police must secure the cooperation of the public to voluntarily observe the law.

C.  To ensure that departmental policy reflects the needs of the community, the Department will accept comments and concerns from various community-based groups.  The Lafayette Police Department is committed to maintaining a positive relationship with the community and to correcting any possible adverse actions, practices, and attitudes that may contribute to community tensions and grievances.

## IMPARTIAL ENFORCEMENT

A.  The police preserve public favor by constantly demonstrating impartial service of the law without regard to the justice of injustice of the substance of individual laws.  Impartiality is gained by offering individual sacrifice in protecting and preserving life.  The scope and limits of law enforcement authority, as it pertains to the enforcement of laws, statutes and ordinances, will comply to the limits established in L.A.R.S. 33:4721 and L.A.R.S. 33:4890.

B.  Physical force shall be used only to the extent necessary to secure observance of the law, or to restore order when the exercise of persuasion, advice, and warning is found to be insufficient to achieve police objectives.

C.  The police shall direct their efforts towards their function, and not usurp the powers of the judiciary by avenging individuals or the State by judging guilt, or punishing the guilty.

## COOPERATION

A.  Specialization within the Department is necessary to best serve the citizens of Lafayette.  Employees working within the general patrol function and those in specialized areas shall work closely together to meet departmental goals.  This will ensure a unity of effort, resources, and effective service to the community.

B.  As crime does not have jurisdictional boundaries, it is incumbent on the employees of the Department to cooperate with other City, State, and Federal law enforcement agencies.  It shall be the policy of the Lafayette Police Department to cooperate with other law enforcement agencies when possible.

1.  The Chief of Police shall maintain liaison with other agencies through organizations such as the Louisiana Association of Chief's of Police, International Association of Chief's of Police, Fraternal Order of Police, and the Southwest Louisianan Chief's Association.

2.  When possible, the Department shall participate in cooperative programs.  Examples of cooperative programs are: joint task force, criminal justice information networks, etc.

C.  The police alone cannot successfully resolve the problems associated with crime.  Therefore, a cooperative effort must be established between the police, prosecutors, courts, and correctional officials.

1.  To facilitate this cooperation, the Department shall establish a close working relationship with professional organizations directly involved with the planning of the judicial system's response to crime in the community.  This will allow alternatives to criminal prosecution by assignment to such social service agencies as, Stuller Advocate Center, District Court Pretrial Diversion Program, and the Child Protection Services.

2. Department representatives shall take an active part in these organizations by attending meetings and disseminating information throughout the Department.

## WRITTEN AGREEMENTS FOR MUTUAL AID (CALEA – 2.1.3)

A. All mutual aid requests are to be handled consistent with Louisiana R.S. 33:2337, which states:

1. In the event of an emergency or a special event and upon the request of another police department or sheriff's office, by the Chief of Police, the sheriff, or their designees of that department on duty at the time of the emergency or special event, a political subdivision may furnish police manpower and equipment if the Chief of Police, the sheriff, or their designees on duty, of the police department or sheriff's office receiving the request for aid is of the opinion that such police manpower and equipment are available.

2. If the responding agency agrees to provide mutual aid, the personnel of the responding agency shall report to, and shall work under the direction and supervisor of the senior officer of the requesting agency on duty at the time that the request for aid is made. During the emergency or special event the personnel of the responding agency shall have the same law enforcement authority as the personnel of the requesting agency. Police manpower and equipment may be recalled at the sole discretion of the highest ranking officer on duty of the police department furnishing police manpower and equipment. **During the emergency, the responding agency shall be considered the agent of the requesting agency.**

3. "Emergency" means an actual or potential condition that poses an immediate threat to life or property and exceeds the capability of the requesting agency to counteract successfully.

4. "Special event" means an actual or potential situation that poses or may pose a threat to life or property because of the number of people involved and exceeds the capability of the requesting agency to counteract successfully.

B. In situations where mutual aid is utilized, radio communications shall be established, if possible, through the radio system patch, or one of the officers shall maintain personal eye to eye contact with an officer of the other agency and pass information between agencies.

C. The provision of mutual aid shall not give rise to liability or responsibility for failure to respond to a request for assistance.

D. Officers shall not make requests for mutual aid with little or no basis, and responding officers shall be relieved of all obligations as soon as it can be done safely. In deciding to grant requests for mutual aid, supervisors shall not jeopardize the safety of the citizens of Lafayette.

1. In every case where mutual aid is requested by or from the Lafayette Police Department, the Chief of Police shall be notified as soon as possible.

E. During normal business hours, the Chief of Police, or a member of the Command Staff shall be consulted to make, or honor a request for mutual aid, if practical, prior to submitting mutual aid. In cases of an emergency, the on-duty Patrol Watch Commander shall be designated to make, or honor this request.

F. Nothing contained in this Section shall be construed to limit the responding agency's authority to apply for, administer, and expend any grants, gifts, or payment in aid of homeland security, disaster prevention, preparedness, response, or recovery. Acts 1997, No. 1178, § 1; Acts 2006, No. 539, §1.

## CODE OF ETHICS (CALEA – 1.1.2)

Officers of the Lafayette Police Department will conduct themselves in the manner which is consistent with the policies and philosophies of the Lafayette Police Department. During the performance of their duties, they will strive to project a professional image and abide by the following code of ethics:

"As a Law Enforcement Officer, my fundamental duty is to serve mankind; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the constitutional rights of all men to liberty, equality, and justice.

I will keep my private life unsullied as an example to all; maintain courageous calm in the face of anger, scorn, or ridicule; develop self-restraint; and be constantly mindful of the welfare of others.  Honest in thought and deed in both my personal and official life, I will be exemplary in obeying the laws of the land and the regulations of my Department. Whatever I see or hear of a confidential nature or that is confided to me in my official capacity will be kept ever secret unless revelation is necessary in the performance of my duty.

I will never act officiously or permit personal feelings, prejudices, animosities or friendships to influence my decisions. With no compromise for crime and with relentless prosecution of criminals, I will enforce the law courteously and appropriately without fear or favor, malice or ill will, never employing unnecessary force or violence and never accepting gratuities.

I recognize the badge of my office as a symbol of public faith, and I accept it as a public trust to be held so long as I am true to the ethics of the police service.  I will constantly strive to achieve these objectives and ideals, dedicating myself before God to my chosen profession…law enforcement."

A.  It will further be mandated that all employees of the Lafayette Police Department shall receive in-service training, (biennially) with regard to ethics related issues encompassing law enforcement  **(CALEA – 1.1.2)**

JIM CRAFT
CHIEF OF POLICE

# LAFAYETTE POLICE DEPARTMENT

*GENERAL ORDERS*

| DATE ISSUED:<br>**01 Nov 92** | EFFECTIVE DATE:<br>**07 Jul 11** | REVISION NO: | PROCEDURE NO:<br>**GO-101.4** | PAGE OF PAGES<br>1      3 |
|---|---|---|---|---|
| ISSUED BY:      **JIM CRAFT,**      CHIEF OF POLICE | | | REVISION DATE: **16 Jan 11** | |
| CALEA COMPLIANT<br>**1.1.3  12.2.1a  15.2.1  15.2.2** | | | | |
| SUBJECT:  **DEPARTMENTAL MISSION, GOALS, AND OBJECTIVES** | | | | |

**PURPOSE**

This Order establishes the mission of the Lafayette Police Department and guidelines for writing goals and objectives.

**POLICY**

To ensure direction and unity, the Lafayette Police Department and each individual Division will develop goals and objectives. The development of such goals and objectives will help the Department design and evaluate its activities, ensuring adequate service to the citizens of Lafayette.

**PROCEDURE**

A. To ensure direction and unity of purpose in accomplishing the Department's mission, as well as a basis for measuring progress, the Chief of Police annually formulates and distributes a comprehensive statement of departmental goals and objectives. The timing of this distribution allows for the development of goals and objectives to coincide with the preparation of the Department's annual budget.

B. Subsequent to the Chief's statement of goals and objectives, each Division shall formulate and maintain written statements of goals and objectives and make them available to all affected employees. **(CALEA – 15.2.1)**

C. Each staff member responsible for the formulation of goals and objectives shall solicit input from employees within their respective Division. **(CALEA – 15.2.1)**

D. These goals and objectives shall be distributed to all employees within the respective Division at the beginning of the fiscal year (November 1st). **(CALEA – 15.2.1)**

E. Each Division, by Divisional Section, shall submit to the Chief of Police an annual written evaluation stating the progress made toward the attainment of goals and objectives. This annual evaluation shall be submitted each year by 01 July. **(CALEA – 15.2.1)**

F. During the annual update and review of goals and objectives, the respective supervisor or commander shall prepare a report outlining the progress made towards attainment of the particular goals and objectives. For those goals and objectives that can be quantified, specifics shall be submitted. Conversely, if goals and objectives cannot be quantified, then an overview of the progress towards attainment of those goals shall be stated. **(CALEA – 15.2.2)**

G. All employees of the Lafayette Police Department shall be expected to accomplish the mission of the Department. To guide them, employees shall be bound by all existing laws and ordinances, Written Directives, Lafayette Consolidated Government's Policies and Procedures, (PPM's) and by the tenets of the Law Enforcement Code of Ethics. (See GO-101.3.)