# LAFAYETTE POLICE DEPARTMENT

*GENERAL ORDERS*

| DATE ISSUED: 01 Nov 92 | EFFECTIVE DATE: 13 March 13 | REVISION NO: 5 | PROCEDURE NO: GO-201.2 | PAGE OF PAGES 1    6 |
|---|---|---|---|---|
| ISSUED BY:    JIM CRAFT,    CHIEF OF POLICE ||| REVISION DATE: 13 Nov 12 ||
| CALEA COMPLIANT     12.1.3  26.1.1  22.2.7a,b |||||
| SUBJECT:  PROFESSIONAL CONDUCT AND RESPONSIBILITIES |||||

**PURPOSE**

This Order establishes standards regarding professional conduct and general responsibilities required of each employee.

**POLICY**

A. This Order represents a culmination of past disciplinary discretionary incidents whereby it has contributed to the formation of a set of rules regarding professional conduct. In addition to its implementation, it shall be the responsibility of each employee to maintain a benchmark of integrity and to strive in the attainment of the Department's written professional standards.

B. Employees of the Lafayette Police Department acknowledge the need for authority and commensurate responsibility. Authority allows for the imposition of sanctions in enforcing rules and procedures imposed upon employees of the Department. It shall be the Command Staff or designee's responsibility to ensure the fair, impartial, and judicious enforcement of all Written Directives.

C. The first consideration of discipline shall be to correct performance and/or unacceptable behavior. Support of the disciplinary system shall be inherent of every employee, therefore, it shall be the responsibility of all supervisors to motivate and counsel employees toward compliance. When modification, counseling and the imposition of sanctions (disciplinary action) have been administered, and personal behavior and/or performance has not been altered, if the act(s) is of a serious proportion, separation from the Department may follow.

**PROFESSIONAL CONDUCT (CALEA – 26.1.1)**

A. Employees shall practice professionalism, loyalty, cooperation, assistance, and courtesy toward other employees and the public.

B. Employees shall not, under any circumstances, solicit any gift, gratuity, loan or fee where there is any direct or indirect connection between the solicitation and their Department membership or employment; other exceptions may be authorized only by the Chief of Police. Under no circumstances shall any employee accept anything of value when the offer of said item or service is made in an attempt to influence, directly or indirectly, any departmental decision or official action of the employee.

C. Employees shall not solicit or accept any gift, gratuity, loan, fee, service, or any other item of value, from lending, borrowing, buying, or selling anything of value and are prohibited from or the issuance to any suspect, prisoner, defendant, persons of ill repute, professional bondsmen, or other persons whose vocations may profit from information obtained from the police.

D. If an employee receives a bribe offer, he shall immediately complete a written Supplemental Report to his/her respective Division Commander.

**Appendix III**

E. Employees shall not use their official positions or identification to solicit special privileges for themselves or others. Examples are, but not limited to: free admission to places of amusement, free or discounted food items at established restaurants, or discounts on retail purchases.

F. Employees shall not give testimonials or permit their names, photographs, or forms of video media to be utilized for commercial advertising purposes while representing themselves as a member of the Lafayette Police Department. In addition, police personnel are prohibited from utilizing LPD equipment, vehicles, or uniforms for any public or personal purpose without prior approval of the Chief of Police.

G. Employees shall not, while on duty, solicit subscriptions, sell books, papers, tickets, merchandise or other items of value, nor collect or receive compensation for any purpose without the prior expressed permission of the Chief of Police.

H. While on or off duty, employees are not allowed to actively participate (e.g. make political speeches, pass out campaign or other political literature, actively and openly solicit votes) in political campaigns.

I. Employees shall not criticize or ridicule the Department or its policies, LCG officials, or other employees by speech, writing, email, MDT transmission, police radio, or other expression. This includes, but is not limited to, expressions which are defamatory, obscene, unlawful, undermines the effectiveness of the Department, interferes with the maintenance of discipline, or is made with reckless disregard for the truth and/or malice.

J. Employees shall not perform any actions which disrupt the performance of official duties or which tend to interfere with reasonable supervision and discipline.

K. Employees who have become the subject of a citation, an arrest action, or who are suspected of having committed and offense in another agency shall immediately notify, through the chain of command, the Chief of Police.

L. Orders from supervisory or command officers shall be clear, concise, and understandable. Orders shall be issued in a civil tone, and in the pursuit of departmental business. No supervisor or command officer shall knowingly or willfully issue an order that violates a Federal, State, Local Ordinance, Department Written Directive, or a LCG policy or procedure.

   1. All employees shall follow the lawful order(s) of a supervisor, even when the lawful order is relayed from a supervisor to another employee through an employee who is of the same or lesser rank. The employee receiving this order from the relaying employee shall follow that order just as if the supervisor had given the order directly to the intended employee. **(CALEA – 12.1.3)**

   2. Upon receipt of a conflicting order, the employee receiving the order shall inform the supervisor issuing the initial order of this fact. If then directed, the employee shall obey the second order.

   3. Upon receipt of a perceived unjust or improper order, the receiving employee shall obey the order to the best of his/her ability within the limits of the law, and then report the incident through the proper chain of command. No employee shall obey an order that is contrary to Federal, State, or Local Ordinance.

   4. Employees shall not publicly criticize or ridicule any instruction or order they receive, nor shall they criticize or ridicule the supervisor issuing the order or instructions.

**CLANDESTINE RECORDINGS**

A. It shall be the policy of the Lafayette Police Department to prohibit clandestine recordings of members of the Department unless such activities are authorized by the Chief of Police.

   1. Clandestine Recordings – "Clandestine Recordings" is defined as the covert use of a device to record voice, video, or voice and video to capture and record to tape, disk, flash, memory stick, SD Card or other similar emerging electronic media **WITHOUT** a Department Member's knowledge.

   2. Department Member – "Department Member" is defined as any sworn or civilian employee of the Lafayette Police Department.

B. In an effort to prevent unauthorized conduct and to ensure the integrity of the Lafayette Police Department, clandestine recordings of members of the Department by another member is strictly prohibited unless specifically authorized by the Chief of Police and in accordance with applicable Federal and State law.

C. Clandestine Recordings of Department Members – Exceptions:

   1. In conjunction with an official departmental internal administrative investigation.

   2. During an authorized criminal investigation involving Department members.

D. Authorized Recordings:

   1. Members of the Department may utilize electronic devices to record any member of the Department so long as the party wishing to record the conversation notifies (all) parties present that such recording is to take place before initiating such activity – with their consent. If during a recorded session, a new member of the Department enters the conversation, that employee shall be notified immediately with consent to continue the recording; otherwise, the recording shall be terminated.

      a. Members of the Department that are under special conditions to records all interactions with the public, where other members of the Department are present, shall adhere to this policy.

      b. Departmental regulated interview rooms, temporary holding rooms, O.W.I. testing room, overt police building security cameras, and the Internal Affairs Section shall be presumed recorded areas by the Department.

   2. Specific analog telephones contained within the Lafayette Police Department (main headquarters) shall be recorded. These specific telephones shall be utilized for business purposes only. Brief personal phone calls may be conducted on other non-recorded telephones. Designated recorded Police Department phones include:

      a. Watch Commander's office: 8612, 8668, 8672

      b. Front desk reception area and DRO: 8600, 8601, 8602, 8630, 8661, 7266, 7267, 7268

      c. Communications: 8695, 8698, 7233, 7234, 5097, 5098, 5099, 911–Ringdown, FD–Ringdown, LUS–Ringdown, SO–Ringdown.

   3. All 700 and 800Mhz radio/interconnect communications.

E. In-Car Camera Video/Audio Recordings:

   1. See General Order 303.4 – Prohibited Acts.

F. Applicable to Duty Status:

   1. This policy shall be applicable if any party to the recording is in an on-duty or police related capacity i.e. off-duty police related employment.

G. Violations:

   1. Violations of this Written Directive shall be classified as a **Category 3 Administrative Offense** which is subject to disciplinary action, leading up to, and inclusive of termination.

   2. Violations that are determined to be criminal in nature and violate Federal wiretapping laws and/or State law shall be handled as a criminal matter – in addition to an administrative investigation.

**RESPONSIBILITIES**

A. All officers shall, at all times while on duty, take appropriate police action to:

   1. Protect life and property.

   2. Preserve the peace.

   3. Prevent crime.

   4. Detect and arrest law violators.

   5. Enforce all State and Local Ordinances within the extent of their authority and jurisdiction.

B. Officers assigned to special duties or details shall not be relieved from taking proper police action even if the violation is outside the scope of their specialized assignment.

C. Employees shall abide by all Federal, State, and Local Ordinances, as well as, LCG PPM's, Department Written Directives, General Orders, Standard Operating Procedures, and rules of the Civil Service Board.

D. Employees shall promptly obey all lawful orders issued by supervisors, in addition to promptly follow the directions of radio dispatchers.

   1. The failure or deliberate refusal of employees to obey such orders shall be deemed as insubordination and is prohibited.

   2. Flaunting with the authority of a supervisor by displaying obvious disrespect or by disputing his/her orders shall likewise be deemed as insubordination and subject to progressive disciplinary action.

**ATTENTION TO DUTY**

A. Employees shall be attentive to their duties at all times, and shall perform all duties assigned.

B. All employees, within the scope of their responsibilities, shall abide by LCG Policies and Procedures, in addition to all Lafayette Police Department Written Directives. Employees shall report any violation to their immediate supervisors without delay. When possible, they will actively prevent such violation or interrupt/intervene as necessary to ensure professional and proficient operations.

C. Employees, whether on or off duty, shall follow the ordinary and reasonable rules of good conduct and behavior. They shall not commit any act in an official or private capacity that would bring reproach, discredit, or embarrassment to their profession, the Department, or which could constitute conduct unbecoming by an employee. Employees shall follow established procedures in carrying out their duties, and shall at all times use sound judgement.

D. Employees shall promptly serve the public by providing direction, counsel, and other assistance that does not interfere with the discharge of their police responsibilities. They shall make every attempt to respond to the service request without referring the person to another source.

E. Employees shall respect the rights of individuals and shall not engage in discrimination, oppression, or favoritism. Employees shall maintain a strict impartial attitude toward complainants and violators. Employees shall at all times be courteous to the general public. Courteous is defined herein as marked with respect for and consideration of others.

F. Employees shall not knowingly make false or untrue statements – whether written or verbal.

G. While on duty, employees shall not conceal themselves except in the course of covert or surveillance related operations.

H. While on duty, officers shall respond without delay to all calls for police service. Non-emergency calls shall be answered in compliance with normal safety precautions and adherence to all traffic laws.

I. Employees shall promptly report, and shall not distort, falsify, or fail to include, pertinent facts of all crimes, violations, incidents, emergencies, hazardous situations, and police information that has occurred or observed.

J. Officers shall know the location and boundaries of their assigned Precincts and Zones. Officers shall be familiar with the names and general locations of Lafayette streets, highways, hospitals, and major public buildings.

K. Each day while on duty, and immediately upon returning from an absence, employees shall review and become familiar with the contents of recently issued communications (email) and Written Directives.

L. Employees shall not communicate in any manner, directly or indirectly, any information that may delay an arrest or enable persons guilty of criminal acts to escape arrest or punishment. Employees shall not dispose of property or goods obtained illegally from a defendant, or destroy evidence of an unlawful activity.

M. Found property of value shall be entered into the Lafayette Police Department Evidence Unit at the end of the officer's tour-of-duty, or as defined within the Written Directives regarding specific items and shall not be retained by the employee.

N. No employee will knowingly associate, on a continuing social basis, with individuals who have been convicted of any felony without prior written approval from the Chief of Police, or except as part of an authorized assignment/investigation.

O. While employees are on duty or officially on call, they shall be directly available by normal means of communications, or if applicable, the Watch Commander, respective supervisor, or Division Head informed of means by which they may be reached.

P. Employees shall immediately report the following to their supervisor:

   1. All traffic accidents involving LCG owned vehicles in which they are involved.

   2. All traffic accidents involving subsidy owned vehicles that occur while on duty.

   3. All personal injuries received in the line of duty.

   4. All personal injuries not received in the line of duty, but which are likely to interfere with the performance of police duties.

   5. All property damage or injuries to other persons that resulted from the performance of their police duties.

**IDENTIFICATION AND RECOGNITION (CALEA 22.2.7a,b)**

A. Upon request from any citizen, all LPD employees, Reserve Officers, and agency volunteers shall display/provide their departmental photo identification card, badge number, IBM number, and any other pertinent information to any person requesting such credentials unless doing so would jeopardize the successful completion of a police assignment.

B. Employees shall carry their official police identification on their person at all times.

**COOPERATION WITH FELLOW EMPLOYEES AND AGENCIES**

A. Employees shall treat other employees of the Department with respect. They shall be courteous, civil and respectful of their superior officers, other employees, and shall not use threatening, intimidating, or insulting language.

B. Employees shall cooperate, support, and assist each other whenever necessary.

C. Employees shall not intentionally interfere with cases assigned to others. Employees shall not intentionally or adversely interfere with the work or operations of any Unit in the Department, or the work or operations of other governmental agencies. Employees whom which a complaint has been made shall not attempt, directly or indirectly, by threat, appeal, persuasion, payment of money or other compensation, to secure the abandonment or withdrawal of the complaint.

D. Employees shall cooperate with all governmental agencies by providing whatever aid or information such agencies are entitled to receive.

**REPORTING TO SUPERVISORS**

    A.  Every employee shall seek to protect the integrity of the Department.

    B.  Employees shall immediately report to their supervisor(s) knowledge of any unusual activity, situations, or issues which involve the duty of the Department to uphold the law, keep the peace, or to protect lives and property.

    C.  Employees shall immediately notify their supervisor(s) of any violation of any Federal, State, or Local Ordinance alleged or known to have been committed by another employee.

_____
JIM CRAFT
CHIEF OF POLICE

# LAFAYETTE POLICE DEPARTMENT

*GENERAL ORDERS*

| DATE ISSUED: 01 Nov 92 | EFFECTIVE DATE: 07 May 08 | REVISION NO: | PROCEDURE NO: GO-201.3 | PAGE OF PAGES 1      3 |
|---|---|---|---|---|
| ISSUED BY:   JIM CRAFT,   CHIEF OF POLICE | | | REVISION DATE: **29 Apr 08** | |
| CALEA COMPLIANT 26.1.3 | | | | |
| SUBJECT: **SEXUAL HARASSMENT** | | | | |

**PURPOSE**

The purpose of this policy is to provide uniform guidance and procedures regarding sexual harassment in conformity with applicable federal, state and local laws. This policy demonstrates the Department's commitment to compliance with the law concerning sexual harassment; establishes a process for the handling of sexual harassment complaints, and responds to the potential impact of sexual harassment on absenteeism, productivity, and turnover.

**POLICY**

This Order establishes rules and standards to be followed concerning the policy of the Lafayette Police Department which prohibits any form of sexual harassment of or by Lafayette Police Department employees. Any deliberate, unwanted, or offensive behavior, whether verbal or non-verbal, of a sexual nature, portraying sex role stereotyping, or concerning race, color national origin, or religion shall be prohibited.

**APPLICATION**

This policy applies to all employees of the Lafayette Police Department and covers both sexual harassment by either sex toward the other and sexual harassment between employees of the same sex.

A. Definitions

1. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical contact of a sexual nature constitutes sexual harassment. The sexual favors sought need not be personally for the person requesting the favors.

2. Sexual harassment may take either of two forms: 1) "Quid Pro Quo" (this in exchange for that) harassment by a supervisor or other officers of greater rank; 2) "hostile environment" sexual harassment. Both forms of sexual harassment are equally prohibited by this policy.

3. Quid Pro Quo harassment takes place when something is given or received for sexual favors between an employee and a supervisor. Additionally, Quid Pro Quo is when submission to, or rejection of sexual advances is used as a basis for employment decisions such as promotions, pay increases, or performance evaluations. This conduct is unlawful and prohibited by this policy.

4. Hostile environment sexual harassment takes place when such conduct, whether committed by a supervisor or non-supervisor, has the effect of unreasonably interfering with an employee's work performance or creates an intimidating hostile, or offensive work environment. This conduct is also prohibited both by law and this policy.

5. Examples of prohibited conduct include, but are not limited to, sexual advances or propositions, repeated offensive sexual flirtations, continued or repeated comments about a person's body or any parts thereof, sexually offensive language or jokes, and displays at work of sexually suggestive pictures or objects.