# LAFAYETTE POLICE DEPARTMENT

## *GENERAL ORDERS*

| DATE ISSUED: 01 Nov 92 | EFFECTIVE DATE: 27 Apr 12 | REVISION NO: 5 | PROCEDURE NO: GO-204.5 | PAGE OF PAGES 1    13 |
|---|---|---|---|---|
| ISSUED BY: JIM CRAFT, CHIEF OF POLICE ||| REVISION DATE: 09 Mar 12 ||
| CALEA COMPLIANT<br>26.1.1  26.1.4a  26.1.4b  26.1.4c  26.1.5  26.1.6  26.1.7a  26.1.7b  26.1.7c  26.1.8 |||||
| SUBJECT: DEPARTMENTAL DISCIPLINE |||||

### PURPOSE

This Order sets fourth formal and informal action which may be taken against any employee violating his/her oath and trust by: committing an offense punishable under the laws and statutes of the United States, the State of Louisiana, local ordinances, violating any Written Directive, disobeying any lawful command, or being incompetent in the performance of their duties.

### POLICY

It shall be the Department's philosophy that discipline be utilized in a progressive and positive manner. Discipline shall not be administered as punishment, but instead as a tool used in guiding the employee into being productive and accountable for their actions or inactions.

### SUPERVISOR'S RESPONSIBILITY

A. Except for gross breaches of discipline, supervisors shall attempt to begin employee discipline with the least punitive measures. If this fails to bring about positive change, then increasingly more severe measures may be required. While this process may take some time, supervisors shall ensure that each employee is dealt with justly, and in a manner which clearly indicates that positive, constructive measures utilized to change behavior or performance preceded the imposition of more negative sanctions.

B. First-line supervisors are in the best position to observe employee appearance and conduct. They shall detect those instances where formal or informal actions are warranted. First-line supervisors shall counsel employees informally, for minor infractions such as tardiness, abuse of duty time, inadequate or unsatisfactory job performance, abusive language, or disruptive behavior. Severe acts and misbehavior shall be brought up the chain of command. These types of actions will result in a more severe penalty.

### TYPES OF FORMAL AND INFORMAL ACTION

A. Counseling, Training, Oral Reprimand, Letter of Counseling, Mandated Counseling by E.A.P. or Similar Program

   1. Supervisors may counsel employees regularly without formal action. Such counseling shall be informal, positive, supportive, and may or may not be documented.

   2. All supervisors shall counsel employees concerning job-related matters, within their capabilities. Many factors can affect an employee's job performance, so job-related counseling may involve the employee's family and other affected persons. Counseling shall include the identification of unacceptable behaviors or actions, specifically what was performed wrong, and the desired or acceptable performance. Counseling will attempt to determine the reason for a particular behavior and recommend measures to correct or improve employees performance.

**Appendix IV**

3. Formal or informal action may involve remedial training. Such training may be deemed necessary to rectify the improper behavior. Remedial training may include attendance of basic academy classes, in-service training, or other training specially created to accomplish the Department's recommended actions. Remedial training shall be reasonably offered until the employee can demonstrate proficiency in the corrected behavior. All training shall be documented by the Training Unit. **(CALEA – 26.1.4b)**

4. Oral warnings may be issued when an employee commits a minor infraction of a Written Directive.

   a. Informal documentation shall be retained by the supervisor giving the warning and used as a reminder in completing evaluations.

   b. Informal documentation shall be purged on the first day following the employee's annual evaluation.

   c. A subsequent violation may result in another warning depending upon the circumstances. Each warning shall be followed with informal documentation of the specific incident, inclusive of what, when, where, why, and how it occurred.

   d. Comments made by the employee being warned shall be documented by the supervisor giving the warning.

5. The final informal action taken, at the supervisory level prior to formal disciplinary action, shall be a Letter of Counseling. A Letter of Counseling will be served on an employee who is in violation of the rules, regulations, procedures, or policies of the Department. The purpose of the letter is to offer constructive criticism of an employee's behavior, action/inaction or appearance. It shall further advise the employee of their violation, and instruct him/her in the proper procedure on how to correct the violation.

   a. When documented counseling is to be conducted, a Letter of Counseling shall be completed and approved by the Division Commander prior to being issued or discussed with the employee in question.

   b. A Letter of Counseling shall be filed in the respective Division Commander's office, the office of the Chief of Police, and the employee's immediate supervisor's file.

   c. Letters of Caution shall be purged one year from the date of the incident.

   d. An employee who continues having documented difficulties may be subject to progressive formal disciplinary action.

   e. Employees may comment on the Letter of Counseling.

   f. At the time of the documented counseling, the affected employee shall be counseled as to the correct behavior required.

   g. The employee shall sign the Letter of Counseling. If the employee refuses, the supervisor shall request an additional supervisor to witness the refusal and document the letter accordingly.

6. An oral reprimand may only be issued by the Chief of Police or Appointing Authority.

   a. At the time of an oral reprimand, the affected employee shall be counseled as to the correct behavior required.

   b. A Letter of Counseling shall be completed in the same manner as described above.

7. Mandated counseling by E.A.P. in addition to other similar programs may be deemed appropriate if authorized by the Chief of Police.

B. Letter of Reprimand **(CALEA – 26.1.4c)**

   1. Fire & Police Civil Service Employees

      a. All Letters of Reprimands shall be issued by the Chief of Police or Appointing Authority.

  b. A Letter of Reprimand cautions an employee about poor behavior, sets forth the corrected or modified acceptable behavior mandated by the Department, and specifies the penalty in case of recurrent poor or unacceptable behavior.

  c. A Letter of Reprimand becomes part of the employee's disciplinary record for a period not to exceed (18) eighteen months.

  d. An employee may appeal a Letter of Reprimand. This shall be accomplished within (15) fifteen days of the reprimand's issuance and in accordance with Fire and Police Civil Service Law, or Municipal Civil Service Law.

 2. Municipal Government Employees Civil Service

  a. A Letter of Reprimand shall be issued by the Chief of Police or Division Commander.

  b. A Letter of Reprimand cautions an employee about poor behavior, sets forth the corrected or modified acceptable behavior mandated by the Department, and specifies the penalty in case of recurrent poor or unacceptable behavior.

  c. A Letter of Reprimand becomes part of the employee's disciplinary record for a period not to exceed (18) eighteen months.

C. Demotion, Suspension, Reduction of Pay

 1. If the situation warrants, the Chief of Police or Appointing Authority may demote, suspend with/without pay, or reduce an employee's pay for a specific length of time.

 2. Suspensions without pay will normally be for a specific period of time, as determined by the Chief of Police or Appointing Authority.

 3. Suspensions resulting form criminal investigations:

  a. In no case shall an employee convicted of a felony continue to work for the Department.

  b. If an employee is acquitted of criminal charges, the employee may be disciplined at the discretion of the Chief of Police or Appointing Authority, or reinstated with full or partial back pay depending on the status of the suspension with or without pay.

 4. During a suspension, the employee shall not undertake any official duties, including (police related) off-duty security.

 5. Reduction of pay shall be for a specific length of time and shall be a percentage of the employee's (base) pay.

 6. An employee may appeal a demotion, suspension, or reduction of pay. This shall be completed within (15) fifteen days of notification, and in accordance with Fire and Police Civil Service Law or Municipal Civil Service Law. **(CALEA – 26.1.6)**

D. Dismissal

 1. Dismissals shall be made in cases of extreme malfeasance, misfeasance, or non-feasance of duty.

 2. Employees may appeal a dismissal within (15) days of receipt of notice. This shall be done in accordance with Fire and Police Civil Service Law or Municipal Civil Service Law. **(CALEA – 26.1.6)**

**CODE OF DISCIPLINE – CATEGORIES OF OFFENSES**

A. Disciplinary actions shall be subdivided into three distinct classes or groups, each resulting in progressive punitive actions. The classes of disciplinary offenses are identified as follows: Category 1 Offenses, Category 2 Offenses, and Category 3 Offenses. The code is structured similar to the Louisiana Criminal Code, with offenses grouped in categories based on the relative seriousness of the offense. The potential penalty is then set according to the level

of seriousness and escalates with subsequent offenses. The most serious offenses will be dealt with severely, and at the discretion of the Chief of Police.

**DISCIPLINARY ARTICLES**

The following articles of discipline are intended to be used as citations of misconduct or a failure to comply with policy, procedure, or departmental regulations.

**0:0    Violators Subject to Disciplinary Action**

All employees of the Lafayette Police Department regardless of rank or assignment are subject to disciplinary action for any violation of the rules, procedures, Written Directives, General Orders, or departmental policy contained herein or in other procedural manuals (S.O.P.) issued by the Department. It is not necessary the violation be intentional, but may be by omission or failure to comply.

**00.1**    The evidentiary standard shall be that of a preponderance of evidence; e.g. would a reasonable person given the evidence at hand determine it is more likely the violation occurred than it did not.

**0:0.2**    It is the responsibility of each employee to be aware of the current rules, regulations, procedures, or policies established by the Department. No employee shall plead ignorance of the rules as a defense to disciplinary action.

**0:1    Definition of Letter of Counseling (CALEA – 26.1.4b)**

A Letter of Counseling shall be served on an employee who is in violation of the rules, regulations, procedures, Written Directives, General Orders, or policies of the Department. The purpose of this letter is twofold: to advise the employee of his violation and to instruct him in the proper procedure or how to correct the violation.

**0:1.1**    A Letter of Counseling shall consist of a brief factual statement covering the violation and surrounding circumstances, a quotation of the applicable section(s), and the preferable method the employee may employ to correct the deficiencies.

**0:1.2**    A Letter of Counseling will serve as a basis for progressive disciplinary action for a period of (1) one year from the date of issuance. The letter will not be placed in the employee's permanent personnel file, but maintained in the employee's supervisor's file, for evaluation purposes. It shall further be filed in the respective Division Commander's office, and the office of the Chief of Police.

**0:2    Definition of Letter of Reprimand**

A Letter of Reprimand shall be served on an employee who is in violation of the rules, regulations, procedures, Written Directives, General Orders, or policies of the Department. The purpose of this letter is to inform the employee that his actions are intolerable and that repeated actions of the same nature will bring forth harsher corrective measures.

**0:2.1**    A Letter of Reprimand shall consist of a brief factual statement detailing the violation, a quotation of the applicable section(s) and an order to desist from further behavior.

**0:2.2**    A Letter of Reprimand will be retained in the employee's personnel jacket for a time period not to exceed (18) eighteen months. This Letter of Reprimand may be utilized as a basis for additional, and/or subsequent disciplinary action.

**0:3    Definition of Remedial Training (CALEA – 26.1.4a)**

Remedial training is further instructions prescribed by the Chief of Police or his designee and is designed to educate the affected employee and correct improper behavior.

**0:4    Suspension/Demotion**
Please review the above section entitled Types of Formal and Informal Actions, Subsection (C).

**CATEGORY OF OFFENSES**

**1:0    CATEGORY 1 OFFENSES**

These violations need not be intentional. This standard is based on the premise that every employee is issued a copy of the rules, regulations and procedures to be followed and trained in their application. It is the responsibility of every employee to be current with regard to departmental policy and the rules and regulations governing conduct. Although not every offense classified as a Category 1 Offense is listed, discretionary use of additional offenses may be subject to this specific category.

**1:1    Use of Tobacco Products on Duty**

No employees of the Department while on duty shall smoke or use any tobacco products while in direct contact with the public or while in City-Parish buildings except in areas specifically designated for tobacco usage. Employees shall further reframe from utilizing tobacco products in departmentally owned vehicles.

**1:2    Dress Code**

All employees of the Department shall adhere to the dress code while on duty, working police related security, appearing in court, or when officially representing the Police Department.

**1:3    Personal Identification**

All employees shall have their employee identification card and badge with them at all times while in the City limits or in the execution of official duties; in addition to carrying required weapons. Officers shall give their name, badge number, and other pertinent information to any person requesting such facts unless doing so would jeopardize the successful completion of a police assignment.

**1:4    Driver's License Required**

Any employee who drives a Lafayette Police Department owned vehicle in conjunction with their employment shall obtain and keep a valid Louisiana driver's license with them at all times while on duty.

**1:5    Punctuality**

All employees of the Department shall be punctual in attendance for duty, courtroom appearance, or at any other departmental function where time is specified.

**1:6    Residence and Telephone**

Each employee of the Department shall reside within the prescribed geographical limits of the Lafayette Police Department. Employees shall inform the Office of the Chief of Police, the Division Commander, their immediate supervisor, and the Watch Commander within (24) twenty-four hours of moving or changing telephone numbers. Every employee must list their residential street address (no post office boxes) and the telephone number assigned to their address.

**1:7    Completion and Submission of Required Forms**

Each employee of the Department shall complete all reports, forms, and any other required documents prior to the end of their tour-of-duty unless waived by their supervisor until the next day; in no case shall the time exceed (24) twenty-four hours. These required reports shall be presented to their supervisor for approval as required. In cases of grievance, it shall be processed and forwarded up the chain of command within the time limit specified in GO-204.4.

**1:8    Wearing of the Uniform**

The Chief of Police will prescribe the uniform to be worn by employees of the Department as indicated in General Order 202.1. All clothing and equipment will be worn by employees of the Department as issued, except for alterations to insure proper fit.

1:8.1    All employees of the Department assigned to uniform duties, shall wear the official uniform while on duty, as indicated in General Order 202.1. At no time will only part of the uniform be worn with civilian clothes. All

clothing shall be kept clean and pressed, all leather gear and metal items shall be polished. Shirts will be buttoned/zipped and tucked in at all times.

**1:8.2** All members assigned to investigative or administrative divisions shall wear clothing in accordance with General Order 202.1.

**1:8.3** The baseball style police cap shall only be worn in approved Sections or as directed by the Chief of Police.

**1:8.4** The name tag shall be worn centered over the right pocket approx. 1/16" above the pocket edge. (Supervisors shall wear gold, all others shall wear silver.) Any marksmanship award (shooters badge) shall be worn centered above the name tag.

**1:8.5** Only personal pins approved by the Chief of Police shall be worn on the uniform. This pin or insignia is to be worn centered above the name tag.

**1:8.6** The badge shall be worn on the left side in the designated area of the outer most garment.

**1:8.7** The duty belt is to be worn as issued. Belt keepers may be worn which will be black basket weave leather with or without snaps. All ammunition whether in belt loops, speed loaders, or magazines shall be worn in compliance with departmental accepted methods.

**1:8.9** Officers shall wear only departmental authorized style shoes or boots with plain toe and low heels. Black or dark blue socks shall be worn with shoes or boots that expose socks to view. Medical exceptions shall be granted – (see General Order 202.1).

**1:9   Chain of Command**

The current organizational chart illustrates and delineates the chain of command within the Department. All orders, instructions, reports, and communications will follow the channels indicated on this chart, except in emergencies, when otherwise authorized by the Chief of Police, or as denoted in established Written Directives.

**1:10   Computer Usage**

Employees shall not engage in unauthorized use of computer equipment owned by the L.C.G./Lafayette Police Department, including, but not limited to, playing computer games, watching non-police related DVD's or movies, or utilizing such computers for personal business.

**1:11   Conduct Unbecoming of an Officer**

Employees whether on or off duty shall follow the ordinary and reasonable rules of good conduct and behavior. They shall not commit any act in an official or private capacity that would bring reproach, discredit, or embarrassment to their profession, the Department, or which could constitute conduct unbecoming by an employee. Employees shall follow established procedures in carrying out their duties, and shall at all times use sound judgement.

**1:12   Taser**

Employees that are annually certified/recertified in the use and deployment of Department owned Tasers shall not violate Administrative Procedures as defined in GO – 301.20.

**2:0   CATEGORY 2 OFFENSES**

This section is based on the premise that employees are expected to conduct themselves in a manner as prescribed by the Code at all times. Violation of the provisions of this section will be generally investigated by an officer's Lieutenant or Captain, but certain cases may be assumed for investigation by the Internal Affairs Unit as directed by the Chief of Police. Although not every offense classified as a Category 2 Offense is listed, discretionary use of additional offenses may be subject to this specific category.

**2:0.1 General Orders and PPM's**

Employees shall abide by all Federal, State, and City Laws, as well as Lafayette Consolidated Government PPM's, rules of the Civil Service Board, General Orders, Written Directives, and other properly issued directives of the Chief of Police.

**2:1   Use of Alcohol or Controlled Substances**

An employee of the Department shall not appear for duty or attempt to take official action while off duty, when under the influence of alcohol or prescription medications which may impair their ability to think clearly.

**2:1.1**   No employee shall purchase alcoholic beverages, or visit bars or lounges while on duty, or transport alcoholic beverages in a departmental vehicle, or (on-duty) departmental subsidized vehicle unless it is evidence, an authorized investigation, or as directed by the Chief of Police.

**2:1.2**   Any employee found guilty of an offense in this section, in addition to departmental discipline, is subject to the provisions of the current L.C.G. Comprehensive Substance Abuse Policy – PPM 2161-10.

**2:2   Command of Temper**

All employees shall exercise emotional control while in the performance of their duties. No employee while on duty or while acting in an official police capacity off-duty shall use rude or derogatory language, racist terminology, or attempt to deride, offend, or insult anyone.

**2:3   Attention to Duty**

Employees shall be attentive to their duties at all times, and shall perform all duties assigned.

**2:3.1**   While on duty, employees shall respond without delay to all calls for police service. Calls shall be answered in compliance with normal safety precautions and traffic laws.

**2:3.2**   While on duty, employees shall not conceal themselves except in the course of undercover operations. Employees shall keep themselves immediately and readily available.

**2:3.3**   Employees shall promptly report, and shall not attempt to distort the facts of all crimes, violations, emergencies, incidents, hazardous situations, and police information that comes to their attention.

**2:4   AWOL**

No employee of the Department shall absent himself without approved leave or informing a supervisor of illness.

**2:5   Interdepartmental Cooperation and Cooperation between Agencies**

Employees will fully cooperate, exchange information and provide assistance to other employees of the Department and officers of other law enforcement agencies.

**2:6   Failure to Report Lost or Damaged Equipment**

No employee shall fail to notify his or her immediate supervisor, either verbally or written, when assigned equipment is lost or damaged.

**2:7   Damaging Departmental Equipment**

No employee of the Department shall willfully or through neglect or failure to act, abuse, damage, lose or cause to be spoiled, or wrongfully dispose of any property or equipment owned by the Lafayette Police Department/Lafayette Consolidated Government.

**2:7.1**   Departmental equipment is to be used only in the manner for which it was designed, consistent with an employee's training.

**2:7.2** Employees are responsible for all issued equipment and shall be expected to present any part or all for inspection.

**2:7.3** Employees who are issued departmentally owned vehicles shall be responsible for the cleanliness and submission for preventative maintenance of the vehicle as required. No employee shall make unauthorized repairs or adjustments without prior approval.

**2:8** **Traffic Violations**

Any employee receiving a moving traffic citation, whether on or off duty shall immediately notify the Chief of Police through their chain of command.

**2:8.1** Any employee convicted of a moving traffic violation excluding OWI, Hit & Run Driving, and or Reckless Operation as defined by the Louisiana Revised Statutes, shall be subject to additional disciplinary action, whether the offense occurred on or off duty.

**2:9** **License Suspension**

Any employee whose driver's license has been suspended or revoked by the Department of Public Safety will immediately report this to their immediate supervisor. If the suspension is for other regulatory reasons, the employee will be subject to disciplinary action. Until the employee's license is reinstated, he/she shall not drive departmentally owned vehicles and may be reassigned to administrative duties.

**2:10** **Cooperation with Fellow Employees**

Employees shall treat other employees of the Department with respect. They shall be courteous, civil and respectful of their superior officers, other employees, and shall not use threatening or insulting language. Officers shall cooperate, support and assist each other whenever necessary.

**2:11** **Computer Usage**

Unauthorized use of computer equipment owned by the Lafayette Police Department for the purposes of browsing the Internet for sites that are not reasonably related to police functions, including but not limited to, use of L.P.D. computers to view pornographic Internet sites, unauthorized downloading of programs, pictures, files and/or data from the Internet, and use of L.P.D. computers to access the Internet for personal business and/or other personal reasons.

**3:0** **CATEGORY 3 OFFENSES**

This section governs the violation of statutes, ordinances, or those provisions of the Disciplinary Code, or Written Directives which could threaten the integrity of the Department, pose a danger or threat to the public or members of the Department, and/or have criminal consequences. The Internal Affairs Unit shall investigate all violations inclusive of this section. Although not every offense classified as a Category 3 Offense is listed, discretionary use of additional offenses may be subject to this specific category.

**3:1** **Felony Conviction**

Any employee convicted of a felony, whether the offense occurred on or off duty, shall be terminated from the Department.

**3:2** **Misdemeanor Conviction**

Any employee convicted of a misdemeanor, or the offense of Driving While Intoxicated, Hit & Run Driving, and/or Reckless Operation shall be subject to additional disciplinary action, including termination, whether the offense occurred on or off duty.

**3:3** **Possession of Illegal Narcotics**

The use, possession, or attempted possession of illegal drugs, or unlawfully obtained drugs, or prescription drugs prescribed for others as defined in the Louisiana Revised Statutes is prohibited, except as part of an

officially authorized investigation regarding possession or attempted possession. Any employee found guilty of an offense in this section, in addition to departmental discipline, is subject to the provisions of the current L.C.G. Comprehensive Substance Abuse Policy – PPM 2161-10.

**3:4 Evidence Reporting**

All found, recovered, or seized evidence shall be entered into the Lafayette Police Department Evidence Unit at the end of the officer's tour-of-duty, or as defined within the Written Directives regarding specific items.

**3:5 Unauthorized Public Statements**

Except as specified in General Order 305.1, no employee shall be authorized to release information to the news media, except as authorized by the Chief of Police.

**3:6 Independent Investigations**

No employee will institute an independent investigation on any other employee or any public official without first obtaining authorization from the Chief of Police. This shall not be construed to prohibit supervisors from monitoring and controlling personnel under their command. Should the Chief of Police be involved in the activities leading to the investigation, the commanding officer of the Internal Affairs Unit shall be notified of the investigation.

**3:6.1** Employees shall immediately report to their supervisor knowledge of any unusual activity, situations, or problems which involve the duty of the Department to uphold the law, keep the peace, or protect lives and property.

**3:6.2** Employees shall not communicate in any manner, directly or indirectly, any information that may delay an arrest, or enable persons guilty of criminal acts to escape arrest or punishment, dispose of property or goods obtained illegally, or destroys evidence of unlawful activity.

**3:7 Release of Prisoners/Allowing Escape**

No employee of the Department shall, without proper authority, release any prisoner, nor through neglect or design allow any prisoner to escape. All escapes shall be investigated by the Shift and/or C.I.D. personnel who will forward a thorough report to the Chief of Police.

**3:8 Confidentiality**

All departmental business is to be considered confidential and no employee shall release any information to any non-law enforcement entity without proper authorization. No employee shall make known to anyone a proposed action of the Department or the details of any police action/operation.

**3:9 Failure to Provide Information to a Supervisor**

No employee may keep silent, fail to fully provide information to a supervisor, make any false statements or misrepresent facts regarding misconduct as described in the Written Directives, criminal code, or on his/her part, or part of another employee of the Department.

**3:10 Manufacturing Evidence**

No employee shall manufacture evidence. Employees shall only collect and transfer evidence consistent with departmental policy and approved collections methods.

**3:11 Bribery or Extortion**

No employee shall accept any bribes, nor engage in any extortion, or any other unlawful means of obtaining anything of prospective or actual value by utilizing his/her position with the Department. If an employee receives a bribe offer, he shall immediately make a written report to their respective Division Commander.

**3:12   Confiscated Property**

No employee will convert any property, recovered, found or seized, for his personal use.

**3:13   Assault on an Employee**

No employee of the Department shall strike, attempt to strike, or point/direct a weapon at another employee in a threatening manner.

**3:14   Sexual Harassment**

No employees will solicit sexual favors, commit unwanted sexual advances or other verbal or physical conduct of a sexual nature, ridicule, mock, deride, belittle, or harass any person during the course of his/her duties as a member of the Lafayette Police Department.

**3:15   Cowardice**

No member shall avoid responsibility, actively endanger another officer or member of the public by failure to act or manifest cowardice in any form.

**3:16   Desertion**

Any employee not reporting for work, without notifying a supervisor for more than (2) two consecutive work days shall be guilty of desertion.

**3:17   Carrying Out Orders**

Employees of the Department are required to obey any Standing Order or General Order, abide by all policies and procedures and promptly carry out any order relayed from a supervisor by an employee of the same or lesser rank, whether issued verbally, in writing, or by telecommunications (2-way radio, phone, fax, digital communications). Employees shall obey lawful order(s) of a superior. Upon receipt of a conflicting order, the employee receiving the order shall tell the supervisor issuing the second order of this fact. If then directed, the employee shall obey the second order. Upon receipt of a perceived unjust or improper order, the receiving employee shall obey the order to the best of his ability within the limits of the law, and then report the order through the proper chain of command. No employee shall obey an order that is contrary to Federal, State, or City Law.

**3:18   Insubordination**

Employees shall promptly obey all lawful orders and directions given by supervisors. The failure or deliberate refusal of employees to obey such orders shall be deemed insubordination and is prohibited. Flaunting with the authority of a superior officer by displaying obvious disrespect or by disputing his orders shall likewise be deemed insubordination.

**3:19   Falsification of Documents**

No employee shall willfully falsify any form, report, or document.

**3:20   Use of Force**

Every employee of the Department shall use only the force necessary to affect an arrest or maintain custody of a suspect. All employees shall abide by the provisions of the Department's policies regarding use of deadly or non-lethal force.

**3:20.1 Improper Use of a Taser**

Only officers trained and certified in the use of agency owned Tasers shall be authorized by the Department to be carried and deployed. Employees shall not willfully or by neglect or omission violate the sections entitled Prohibited Acts in addition to Precautionary Measures of GO-301.20 – Taser Protocol. The section entitled Administrative Procedures (Prohibited Acts) shall not apply to this Category 3 Offense.

**3:21 Association with Known Criminals**

No employee will knowingly associate on a continuing social basis with individuals who have been convicted of any felony without prior written approval of the Chief of Police, or except as part of an authorized assignment/investigation.

**3:22 Violation of Laws**

No employee shall willfully or by neglect or omission violate any Federal, State, or City Ordinance.

**3:22.1** Any employee receiving any type of summons or arrest shall immediately notify the Chief of Police through his or her chain of command.

**3:23 Truthfulness**

Employees shall not knowingly make false or untrue statements.

**4:0 Table of Penalties (CALEA – 26.1.4c)**

The Chief of Police reserves the right to assign punitive disciplinary measures against employees based on, but not exclusive of the following:

a. Prior employee disciplinary history.

b. Severity of violation or infraction.

c. Level of progressive discipline.

d. Severity of damages or loss of life, or the potential for loss of life.

The following table of penalties is listed only as a guide for the Chief of Police to follow when assigning discipline to employees; however it is only a guide and shall not be a template for disciplinary actions based solely on the violation or infraction. The Chief of Police may at any time modify or assign a different level of discipline to employees based on other criteria, such as the topics listed above or other facts of the respective employee's disciplinary situation. The Chief of Police may adjust the level of discipline given which he deems appropriate when considering the totality of the circumstances.

| Category | 1st Offense | 2nd Offense within 1 Year | 2nd Offense within 3 Years | 3rd Offense within 5 Years |
|---|---|---|---|---|
| 1 | Conference, Letter of Counseling, or Letter of Reprimand | Letter of Counseling, Reprimand, or 1 Day Suspension | Letter of Counseling, or Letter of Reprimand | Letter of Reprimand - 5 Days Suspension |
| 2 | Letter of Reprimand - Three Days Suspension | 3 - 5 Days Suspension | 1 - 3 Days Suspension | 5 Days Suspension - Dismissal |
| 3 | One Day Suspension - Dismissal | 45 Days - Dismissal | 15 Days - Dismissal | 30 Days Suspension - Dismissal |

Note: **Offenses of any category need not be of the exact same violation in order to qualify as a second or third offense. Progressive discipline shall escalate within the Category regarding similar or like offenses.**

**FINAL AUTHORITY**

A. Final departmental disciplinary authority and responsibility rests with the Chief of Police or Appointing Authority. Other supervisory employees may only take the following disciplinary measures.

    1. Oral warning or counseling.

    2. Emergency suspension.

    3. Oral or written reprimands, Municipal Government Employees Civil Service only.

B. In deciding upon disciplinary action, the Chief of Police or Appointing Authority may consider the nature and severity of the violation, the personnel record of the employee, any recommendations by the employee's supervisor(s), and the disciplinary action imposed in prior cases of a similar nature.

**EMERGENCY SUSPENSION**

A. Only departmental Captains, Precinct Captains, Divisional Commanders, and the Chief of Police shall impose an emergency suspension when it appears that an employee's continued presence on the job constitutes a substantial and immediate threat to the welfare of the Department, the public, or to himself. This not only includes severe departmental infractions such as gross insubordination, but the question of an employee's physical or psychological fitness for duty.

B. Employees who are subject to an emergency suspension, in addition to all affected supervisors involved, and the Division Commander, shall report to the office of the Chief of Police at 0900 hours on the next business day following the emergency suspension.

**INTER-DIVISIONAL INFORMAL ACTION**

A. When a supervisor or commander of one Unit orally warns an employee of another Unit, he shall notify the supervisor of the warned employee as soon as possible.

B. The warning supervisor shall submit a written report of his actions and reasons to his supervisor and to the Division Commander of the (warned) employee.

**NOTICE TO EMPLOYEE (CALEA – 26.1.7)**

A. When any formal disciplinary action is taken against an employee, that employee shall be notified in writing. The notification shall contain the following:

    1. Specific charge or violation.

    2. Factual basis of misconduct.

    3. Effective date of discipline.

    4. Right to appeal.

    5. What shall happen if similar incidents occur.

B. When employee misconduct results in dismissal, the letter of dismissal shall contain the following:

    1. A statement citing the reason for dismissal. **(CALEA – 26.1.7a)**

    2. The effective date of the dismissal. **(CALEA – 26.1.7b)**

    3. The right to appeal.

    4. A statement of the status of fringe and retirement benefits after dismissal. **(CALEA – 26.1.7c)**

    5. A statement as to the content of the employee's employment record relating to the dismissal.

**REPOSITORY OF DISCIPLINE RECORDS (CALEA – 26.1.8)**

A. The Internal Affairs Unit shall be the departmental repository of all disciplinary records.

B. After the conclusion of any disciplinary action taken against any employee of the Department, the Division Commander shall ensure that the records are delivered to the Internal Affairs Unit.

C. The Internal Affairs Unit shall log all formal disciplinary actions. The files shall be maintained in a safe and secure manner.

JIM CRAFT
CHIEF OF POLICE

# LAFAYETTE POLICE DEPARTMENT

*GENERAL ORDERS*

| DATE ISSUED: 19 Dec 11 | EFFECTIVE DATE: 27 Apr 12 | REVISION NO: 1 | PROCEDURE NO: GO-204.6 | PAGE OF PAGES 1   7 |
|---|---|---|---|---|
| ISSUED BY:   JIM CRAFT,   CHIEF OF POLICE | | | REVISION DATE: 10 Apr 12 | |
| CALEA COMPLIANT 35.1.9a,b,f  52.2.6a  52.2.7 | | | | |
| SUBJECT: PSYCHOLOGICAL FITNESS-FOR-DUTY EVALUATION (FFDE) POLICY | | | | |

**PURPOSE**

To establish a departmental policy and define responsibilities regarding psychological fitness-for-duty evaluations (FFDE) of sworn police personnel and police civilian employees involved in the public safety function. (CALEA – 35.1.9a)

**DEFINITION**

Psychological fitness-for-duty evaluations (FFDE) are necessary for the safety and welfare of the community and of Department personnel. They further serve to ensure compliance with Louisiana law. Louisiana Revised Statute 33:2500(A), relative to Louisiana Municipal Fire and Police Civil Service Law, provides as follows:

> *The appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:* ***(15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the respective service.*** (CALEA – 52.2.7)

It is not the intention of this policy to interfere with a supervisor's ability to recommend or suggest personal counseling to a subordinate, nor is this policy intended to alter or replace confidential counseling provided by the Lafayette Police Department as a result of critical incidents. The purpose of this policy is to establish a mechanism for the assessment of an employee's mental and emotional ability to perform essential functions of his/her position when the employee's conduct, behavior, judgement, and/or circumstances indicate to a reasonable person that continued service by the employee may be a threat to public safety, the safety of other employees, the safety of the particular employee, or the employee demonstrated judgment that is severely contrary to normal training and departmental policies or established procedures. In any case where the employee has demonstrated any of the previously outlined characteristics that could interfere with the Department's ability to deliver effective police services, the employee may be ordered to undergo a Fit for Duty Evaluation by the Chief of Police or his designee. (CALEA – 35.1.9a,f)

**Power of the Chief of Police:** The Chief or his designee shall require a psychological FFDE of any law enforcement personnel or police civilian under his command for the purpose of public safety and the business necessity of the Department. The Chief shall be advised as to the ability of the particular employee to properly fulfill his/her duties as established by Police Officer Standards Training, Lafayette Consolidated Government Policy and Procedure Manual, Lafayette Police Department General Orders and Standard Operating Procedures, and State and Federal law.

**PROCEDURE**

A. **OBSERVATION MANDATE:** Because the public is required to comply with commands by law enforcement personnel and submit to the authority of a law enforcement officer; and because some Department positions and assignments such as administrative duties are handled by civilian (non-commissioned police personnel) employees, a policy mandate exists that such law officers and employees not engage in behaviors that are potentially harmful to self or others, or exhibit behaviors that may reasonably be believed to impair operational efficiency and the capability of performing assigned duties.