**LAFAYETTE POLICE DEPARTMENT**

*GENERAL ORDERS*

| DATE ISSUED:<br>01 Nov 92 | EFFECTIVE DATE:<br>02 Nov 12 | REVISION NO:<br>4 | PROCEDURE NO:<br>GO-301.9 | PAGE OF PAGES<br>1     12 |
|---|---|---|---|---|
| ISSUED BY:    JIM CRAFT,    CHIEF OF POLICE | | | REVISION DATE: 02 Nov 12 | |
| CALEA COMPLIANT<br>52.1.1  52.1.2  52.1.4  52.1.5  52.2.1a  52.2.1b  52.2.2  52.2.3 52.2.4b 52.2.4c<br>52.2.5  52.2.6a  52.2.6b  52.2.6c  52.2.6d  52.2.6e  52.2.8 | | | | |
| SUBJECT:  INTERNAL INVESTIGATION, RESPONSIBILITY OF DEPARTMENT PERSONNEL TO COOPERATE | | | | |

**PURPOSE**

This Order sets forth the Department's internal investigations polices and procedures.

**POLICY**

A. The Lafayette Police Department shall be charged with the security of the City of Lafayette and its citizens. The integrity and reputation of the Department depends, to a great extent, upon the manner in which the employees of the Department perform their varied and difficult duties. The performance of these duties involves employees in all manners of interaction with the public.

B. The Lafayette Police Department shall be committed to maintaining a positive relationship with the community and to correcting any possible adverse actions, practices, and attitudes that may contribute to community tensions, racial unrest, or other grievances.

C. A copy of "How To Make a Complaint Against an Employee or the Department" will be posted in the receptionist area of the Department, provided to media representatives, and may be given to any citizen requesting information on how to make a complaint against the Department or an employee of the Department. (See attachment #1.) **(CALEA – 52.1.4)**

D. To ensure the integrity of the Department while protecting the rights and interests of private citizens and departmental employees, it will be the policy of the Lafayette Police Department to require investigations of all complaints, including anonymous complaints, against the Department or its employees. **(CALEA – 52.1.1)**

E. It shall be the policy of the Lafayette Police Department to promote guidelines and procedures for prompt, fair and impartial investigations and dispositions of citizen's complaints against employees, civil suits against the Department and employees, in addition to complaints of alleged illegal employee activities.

**RECEIVING COMPLAINTS**

A. The Lafayette Police Department shall investigate all written and/or verbal allegations of employee misconduct, whether from an internal or external source and may conduct an investigation into the complaints received. The Chief of Police shall be notified when any complaint is made involving departmental employees. **(CALEA – 52.2.2)**

B. External Complaints

   1. External complaints shall be those allegations made by citizens. Even though these complaints may, at times, appear frivolous, it is both advantageous and necessary to document the citizens' concern.

   2. Purpose for accepting all external complaints:

**Appendix V**

  a. To provide citizens with redress for legitimate grievances against employees when the citizen feels subjected to improper treatment.

  b. To provide the Chief of Police with an opportunity to monitor employee compliance with departmental Written Directives.

  c. To perpetuate a positive image and help ensure the integrity of the Department.

  d. To protect the rights and interests of private citizens as well as the Department's employees.

  e. To provide appropriate discipline, training and direction to correct problems.

 3. Any employee may receive information constituting a complaint or inquiry against any other employee or against departmental policy. If the employee receiving the complaint is not a supervisor or is not the supervisor of the affected employee, the following procedure will be utilized:

  a. Refer the complainant to the involved employee's Division Commander.

  b. If the employee's Division Commander is unavailable or not on duty, the complainant will be referred to the on-duty Watch Commander.

C. Internal Complaints

 1. Internal complaints shall be those allegations made by an employee directed at specific misconduct on the part of another employee.

 2. Any employee of the Department who has knowledge of any act or information of any misconduct on the part of another employee shall immediately bring it to the attention of their supervisor. If the act or violation involves the reporting employee's supervisor, the information shall be related to the next level in their chain of command.

 3. If for any reason the employee feels it necessary, the employee shall be permitted to file a complaint or request for inquiry directly to the Internal Affairs Section without going through their chain of command. The reporting of information regarding possible employee misconduct directly to the Internal Affairs Section shall not constitute a violation of the chain of command regulations.

D. Inquires shall be those incidences in which a citizen or an employee requests an explanation of police action or departmental policy with no desire to file a complaint.

**PROCEDURE FOR FILING COMPLAINTS AGAINST EMPLOYEES**

A. When a complaint is filed against an employee of the Department, the complaint shall proceed through the chain of command, (with the exception of C., Internal Complaints, part 3 above). The Formal Complaint Against Police Personnel form will be utilized to record the basic information relative to any allegation of misconduct. (See attachment #2.)

 1. The information recorded shall be that which is necessary to begin an investigation.

 2. Minor employee errors or omissions, (such as tactical errors, procedural mistakes, or work deficiencies) which are promptly brought to the attention of a supervisor shall not be entered on this form. Such investigations shall be limited to a routine review of reports and supervisory action that would not exceed an oral counseling session. Such matters may be handled by the appropriate supervisor on a divisional basis, with appropriate documentation maintained by the affected employee's supervisor.

 3. The Formal Complaint Against Police Personnel form shall be completed whether the allegation is received in person, by telephone, at some other location, or by any other means.

 4. All employees above the rank of Sergeant shall keep copies of this form.

 5. The form shall not be used to record the progress and/or results of the investigation.

B. Completion of the Form

1. During normal working hours, 8:00 a.m. through 5:00 p.m., Monday through Friday, a complaining party appearing in person or making contact by telephone, shall be referred to the employee's Division Commander. The employee's Division Commander shall then complete the required form.

2. If the allegation is made after normal working hours, the form, in its entirety, shall be completed by a Section or Shift supervisor. The Division Commander will then decide if further immediate notifications are necessary, or if the investigation can wait until regular business hours.

3. The supervisor completing the Formal Complaint Against Police Personnel form shall advise the reporting party that an investigation shall be conducted as determined by the Chief of Police or his designee. The reporting party shall be updated every thirty (30) days regarding the status of the administrative investigation thereupon its completion. **(CALEA – 52.2.4b)**

4. The reporting party shall be notified in writing upon the completion of the investigation and adjudication of the results, by the Chief of Police or his designee. **(CALEA – 52.2.4c)**

5. With the exception of complaints described in Section A-2, (Procedure for Filing Complaints Against an Employee) of this General Order and complaints where there is a chance of bodily injury or property loss, to anyone concerned in the complaint, the supervisor receiving a complaint shall not inform the involved employee(s). Allegations shall not be discussed with anyone other than the complaining party and those in the chain of command (when they are not involved in the allegation).

6. Complaints of misconduct against police officers who are off-duty shall be handled as outlined above.

C. Distribution of the completed Formal Complaint Against Police Personnel form

1. The completed form, related reports, and statements shall be hand-carried to the respective Division Commander.

2. The Division Commander shall hand carry the completed form, related reports and statements to the Internal Affairs Section who will then log the complaint and forward all data to the Chief of Police for review.

**CLASSIFICATION OF COMPLAINTS**

A. Complaints received, either from external or internal sources, shall generally be divided into one of the following categories:

1. Serious misconduct – those allegations which may constitute a violation of criminal law, conduct involving moral turpitude, and/or allegations which may involve termination or demotion.

2. Policy infraction – those allegations which are not of a serious nature, but involve some infraction of departmental policy.

3. Administrative investigations – initiated by the Chief of Police and conducted by the Internal Affairs Section when the incident is sensitive in nature or of great magnitude; even when a citizen complaint is not received. **(CALEA – 52.2.1b)**

B. The Chief of Police or his designee shall determine if employee misconduct allegations are to be handled by the Internal Affairs Section or at some lower level.

C. Supervisory and command employees shall attempt to resolve minor incidents or inquires upon receipt.

D. Supervisory and/or command employees who are advised of misconduct involving any criminal offense (felony or misdemeanor) or administrative infractions that could result in an employee receiving disciplinary action shall immediately notify the appropriate Division Commander or the Internal Affairs Section. The Chief of Police shall be notified.

**INTERNAL INVESTIGATION POLICY**

A. The Chief of Police or respective Division Commander (in emergency/exceptional situations) may direct the Internal Affairs Section or any other departmental employee, the responsibility of investigating complaints made against employees. The investigator shall make a thorough, complete, and objective investigation of the allegations of misconduct.

B. The Internal Affairs Section shall not conduct investigations involving criminal violations of the law committed by an employee of the Department. The Internal Affairs Section shall only conduct administrative investigations.

   1. During any investigation, where a possible criminal violation by an employee is suspected, the investigation shall stop. Those conducting the investigation shall notify their supervisor and the Chief of Police immediately for further direction. The Chief of Police shall then determine if a criminal investigation will be conducted.

   2. Criminal investigations involving employees will not prevent the Department from pursuing disciplinary action for departmental infractions.

C. The Internal Affairs Section will review all reported complaints or allegations which are investigated at the Divisional level. The Internal Affairs Section will lend guidance and direct the investigation, if necessary.

D. The Internal Affairs Section shall be responsible for recording, registering, supervising, and controlling the investigations of complaints against employees and in ferreting out evidence of corruption within the Department.

E. The Internal Affairs Section will be the repository for any and all complaints made against the Lafayette Police Department and/or its employees. Regardless of whether handled by the Internal Affairs Section or on a Divisional level, a copy of the Allegation of Employee Misconduct Form along with the completed investigation shall be forwarded to the Internal Affairs Section for record-keeping purposes.

F. All instances of discharging of firearms by officers of the Department (except at approved firing ranges, and recreational purposes) shall immediately be reported to the Internal Affairs Section.

G. The Internal Affairs Section will be responsible for conducting separate independent investigations for administrative purposes in the following instances: **(CALEA – 52.2.1b)**

   1. When deadly force or force resulting in severe bodily injury is used by an employee either on or off duty.

   2. Whenever deadly force or great bodily harm is used against an employee.

   3. At the direction of the Chief of Police, the Internal Affairs Section may conduct internal investigations for other City departments/agencies.

H. Every employee of the Department shall cooperate in all internal investigations. When directed by a competent authority to make a statement or furnish material relevant to a departmental investigation, employees shall comply. Employees shall submit to a polygraph and/or C.V.S.A. examination when ordered to do so by the Chief of Police. Any employee who fails to cooperate or interferes with an internal investigation shall be subject to disciplinary action. Failure to submit to a polygraph or C.V.S.A. shall result in termination.

I. Supervisors shall allow employees to report, when required, to the Internal Affairs Section during the employee's normal duty hours.

**DIVISIONAL LEVEL INVESTIGATIONS**

A. Divisional level investigations are limited to complaints of employee misconduct that are non-criminal in nature. **(CALEA – 52.2.1a)**

B. All Divisional level investigations shall be assigned for follow-up by the Division Commander who oversees the employee(s) named in the complaint.

C. Complaints concerning severe or repeat circumstances will be brought to the attention of the Chief of Police through

the proper chain of command. The Chief of Police shall then decide if the Internal Affairs Section will conduct the investigation.

D. Upon receipt of complaints of employee misconduct, the Shift Captain or Section Head will complete the Formal Complaint Against Police Personnel form (Attachment #2). The original form and all relevant statements and/or police reports will then be sent to the Internal Affairs Section.

E. Upon being assigned to investigate a complaint, the Operations (Shift) Lieutenant, Internal Affairs investigator(s), Administrative Lieutenant, Precinct Captain, or the Section Head will conduct an in-person conference with the employee(s) named in the complaint. The employee is entitled to, and shall receive, written notice of the investigation. The employee shall be read his/her Police Officer's Bill of Rights as per LA R.S. 40:2531 (Attachment # 3); it shall be reviewed and signed by the employee, and two witnesses. The investigating supervisor or Internal Affairs investigator conducting the interview shall date and indicate the time the Rights form (LPD # 10 3/09) was completed. **(CALEA – 52.2.5)**

F. The employee will then be directed to provide a recorded statement concerning the allegations, or given a date/time to appear with legal representation should the employee express a desire to have an attorney and/or representative present during the issuance of their statement.

G. In the event that the employee chooses to elect to appear with legal representation, the interview shall take place on a scheduled prescribed date and time of appearance.

H. Prior to beginning the interview, the employee's attorney and/or representative shall be instructed of the following conditions:

   1. That the interview is not a criminal investigation. The employee must answer all work related questions asked with no interruption or objection from the attorney and/or representative.

   2. General Orders specify that the employee must cooperate fully with the investigation and provide a statement if and when directed.

   3. At the conclusion of the interview, the employee will be given adequate time to consult alone with their attorney.

I. After conducting a thorough investigation, the assigned supervisor shall prepare a report detailing the allegations and results of the investigation. The completed investigation is then routed to the Internal Affairs Section.

J. The facts and circumstances involved in an allegation of employee misconduct shall be considered confidential and shall not be discussed with anyone other than the respective Division Commander. Any other conversations with regard to an allegation shall be confined to those discussions necessary to interview witnesses or accused officers. Violations of the confidentiality requirement shall result in disciplinary action.

K. The investigation and notice of a pre-determination hearing **must** be completed within **60 days**. If the investigation requires an extension, the employee(s) under investigation may grant a 60 day extension in writing or the Chief of Police may petition the Lafayette Fire and Police Civil Service Board for an extension. **(CALEA – 52.2.3)**

**RIGHTS AND RESPONSIBILITIES OF EMPLOYEES**

A. Rights of Employees

   1. Employees under investigation shall be notified, as outlined within the Police Officer's Bill of Rights, when they are the subject of an internal investigation.

   2. Interviews/interrogations shall be conducted at a Department facility unless there are extenuating circumstances. Sessions shall be for a reasonable period of time.

   3. The employee under investigation shall be informed of the identity and authority of the investigator(s) conducting the investigation.

   4. Questions shall be specifically directed and related to the allegations(s) being investigated, unless the investigation leads to additional violations.

   5. All formal interview(s)/interrogation(s) of employees shall be electronically recorded.

   6. Any employee who is the subject of an administrative investigation shall have the right to have an attorney and/or other representative present during the interrogation. An employee requesting representation during the course of an interrogation shall be afforded a reasonable period of time to obtain the representative. Such person, attorney, etc., shall only advise the employee. The employee shall answer all questions truthfully and shall not refuse to answer. The employee's representative shall not question the investigators concerning the investigation.

   7. Statements made by an employee in an administrative investigation shall not be used in any subsequent criminal proceeding, but can be used against the employee in administrative or disciplinary action.

   8. Employees under investigation may obtain a transcript or electronic recording of their statement by making a written request to the Internal Affairs Section.

   9. Employees may take notes during the interview/interrogation.

   10. During pre-determination hearings, members of the Lafayette City-Parish Consolidated Government's Human Resources Section may attend along with the supervisor of the involved employee. The employee is also entitled to representation at a pre-determination hearing.

B. Responsibilities of Employees

   1. Employees having knowledge of misconduct shall immediately report such information to the appropriate entity in accordance with this General Order. Employees having knowledge of misconduct will be held accountable if they fail to report the matter and/or take appropriate action.

   2. During an administrative investigation, employees shall truthfully answer all questions asked by investigators. Failure to comply shall result in disciplinary action.

   3. Employees under investigation shall submit to the following conditions if deemed necessary and relevant to the investigation. Whenever an employee is ordered to submit to any of the following conditions, the information gained cannot be used against the employee in any subsequent criminal proceedings, but may be used against the employee in any administrative or disciplinary action. Refusal to submit to any of the following testing ordered shall result in disciplinary action up to and including termination: **(CALEA – 52.2.6a,b,c,d,e)**

      a. Stand in a lineup.

      b. Submit financial statements.

      c. Be photographed.

      d. Submit to a polygraph and/or C.V.S.A. examination. The results of a polygraph or C.V.S.A. examination shall not be the sole determining factor in administrative investigations.

      e. Submit blood or urine samples for laboratory examinations (alcohol, drug, etc.).

      f. Submit to a blood alcohol content test administered by a State certified intoxilyzer operator.

      g. Submit to medical and psychological testing, evaluation, and treatment by licensed practitioners as directed by the Chief of Police.

      h. Submit to any other valid and reliable examination or testing deemed appropriate by the Chief of Police.

   4. Any employee who is the subject of an internal investigation or has been interviewed as a witness in an internal investigation shall not discuss the case with other employees or citizens until the investigation is concluded. This does not prohibit an employee who is the subject of an investigation from speaking to an attorney and/or representative on the employee's behalf.

**CONCLUSION OF FACT/FINDINGS (CALEA – 52.2.8)**

A. The assigned investigator shall include a conclusion of fact in all investigative reports where direct evidence is shown to demonstrate either the allegations on the part of the employee occurred or did not occur. This conclusion of fact will only be limited to the facts of the investigation and will in no way determine or suggest any course of disciplinary actions, as all disciplinary actions are solely determined by the appointing authority or his designee.

B. One of the following findings shall be rendered in all internal investigations:

   1. UNFOUNDED: The act or acts complained of did not occur or failed to involve the employee.

   2. EXONERATED: The act or acts did occur but were justified, lawful and proper.

   3. NOT SUSTAINED: The investigation failed to discover sufficient evidence to clearly prove or disprove the allegations made in the complaint.

   4. SUSTAINED: The investigation disclosed sufficient evidence to clearly prove the allegations made in the complaint.

   5. MISCONDUCT NOT BASED ON COMPLAINT-SUSTAINED: Substantiated misconduct, not alleged in the complaint, but disclosed by the investigation.

C. When adjudicating a complaint, it may be found that there was a valid and justifiable grievance, but that the employee involved acted properly within departmental guidelines.

   1. In such cases, the investigation shall be classified appropriately and an additional section shall be added to the report entitled "Policy Failure."

   2. The report shall identify:

      a. The specific policy/procedure involved.

      b. Injuries to the complainant or any other person involved.

      c. Recommended changes to the existing policy/procedure.

   3. If the Chief of Police concurs with the conclusion regarding policy failure, then he will assign an employee to prepare the appropriate policy/procedure change.

**CONFIDENTIALITY POLICY**

A. The Internal Affairs Section shall be responsible for recording, registering, supervising, and controlling all records, reports, documents, information and items that are part of an Internal Affairs investigation. Information or copies of internal investigations shall not be furnished to anyone without permission from the Chief of Police. Internal investigations will be kept in the secure confines of the Internal Affairs Section with only employees of the Section having access to the files unless otherwise directed by the Chief of Police. **(CALEA – 52.1.2)**

B. Internal investigations files and records of disciplinary action taken shall be maintained by the Internal Affairs Section. **(CALEA – 52.2.1)**

C. Employees, complainants, or their legal representatives may review their files with permission from the Chief of Police.

D. Retention and destruction of Internal Affairs files shall be in accordance to Louisiana revised Statutes R.S. 40:2533 titled: Personnel Files, Section C and the Internal Affairs Retention Schedule as set forth by the Lafayette City-Parish Government's Records Manager:

   1. A law enforcement officer, upon written request, shall have any record of a formal complaint made against the officer for any violation of a municipal or parish ordinance or state criminal statute listed in Paragraph (2) of this Subsection involving domestic violence expunged from his personnel file, if the complaint was made

anonymously to the police department and the charges are not substantiated within twelve months of the lodging of the complaint.

2. (a.) Any violation of a municipal or parish ordinance or state statute defining criminal battery and assault. (b.) Any violation of other municipal or parish ordinances or state statutes including criminal trespass, criminal damage to property, or disturbing the peace if the incident occurred at either the home of the victim or the officer or the violation was the result of an obvious domestic dispute.

3. Other Internal Affairs files that do not meet the above listed criteria as spelled out in paragraphs 1 and 2 shall be retained accordingly: the Internal Affairs Section participates in a Records Retention Schedule, as set forth by the Lafayette City-Parish Consolidated Government's Records Manager. This Records Retention Schedule requires the review and approval of the Chief of Police, the Lafayette Consolidated Government's Legal Department and the Office of the Louisiana Secretary of State. The Lafayette City-Parish Consolidated Government's Records manager will facilitate the destruction of confidential documents and prior to any document destruction, the Louisiana Secretary of State shall approve it. The confidential records possessed by the Internal Affairs Section are categorized accordingly:

   a. **Administrative Investigations:** This category consists of documents relative to an investigation and may include interview summaries, charges, affidavits, evidence, transcripts and recommendation. The retention period for these files is active, plus five years. Meaning, these files will be destroyed five years after the investigation's disposition is rendered. However, any pending civil and/or criminal litigation will be retained pending the outcome of said litigation.

   b. **Employee Personnel Record (Active Employee):** This category consists of all documents related to employees that are not contained in the employee's master file such as polygraph and psychological examinations, background investigations, credit review and internal committee recommendations. The retention period for these files is the length of the employee's tenure. Meaning, these files shall not be destroyed as long as the employee is actively employed.

   c. **Employee Personnel Record (Inactive Employee):** This category consists of documents associated with an ex-employee's employment. The retention period for these files is three years after separation. Meaning, these files will be destroyed three years after the employee separates employment from the Department.

4. Under no circumstances shall any Internal Affairs file or confidential document be destroyed in a fashion that is contrary to the present Records Retention Schedule or Louisiana Revised Statute 40:2533 titled: Personnel Files, Section C.

5. The Internal Affairs Section shall maintain a logbook identifying all retained and destroyed confidential investigative files. The log will contain the case number, date of complaint, nature of complaint, name of involved employee(s) name of complainant(s), disposition of complaint and date completed.

**ANNUAL STATISTICAL SUMMARIES**

A. The Internal Affairs Section during the month of January shall publish an annual report which will be made available to the public and agency employees. **(CALEA – 52.1.5)**

JIM CRAFT
CHIEF OF POLICE