# LAFAYETTE POLICE DEPARTMENT

### GENERAL ORDERS

| DATE ISSUED:<br>01 Nov 92 | EFFECTIVE DATE:<br>07 Jul 11 | REVISION NO:<br>3 | PROCEDURE NO:<br>GO-305.1 | PAGE OF PAGES<br>1      4 |
|---|---|---|---|---|
| ISSUED BY: JIM CRAFT, CHIEF OF POLICE | | | REVISION DATE: 24 Jun 11 | |
| CALEA COMPLIANT<br>54.1.1a,b,c,d,e,f  54.1.2  54.1.3 | | | | |
| SUBJECT: **PUBLIC INFORMATION & MEDIA RELATIONS** | | | | |

**PURPOSE**

This Order establishes guidelines for media relations with the Lafayette Police Department and provides guidelines as to the types of information which may be released to the media, specify types of information which may not be released and identifies those who may release information.

**POLICY**

It shall be the policy of the Lafayette Police Department to recognize the news media's right to have access to certain information concerning noteworthy events. However, the Department also recognizes that its primary mission is investigating criminal acts, providing for the security of the citizenry and taking action at the scene of an emergency.

It shall also be the policy that the Department, through the Public Information Office, cooperates in every way possible with the news media by responding promptly and accurately, so long as the release of the information does not hamper or endanger any ongoing investigation or interferes with any prosecutorial action.

The Department is committed to informing the community and the news media of events within the public domain that involves the Department. Thus, it shall be the policy to maintain open communications with the community, to foster a relationship based on mutual trust, cooperation and respect.

**PUBLIC INFORMATION OFFICE**

A. All requests for information from the news media, as well as from the public, shall be channeled through the Public Information Office. This office will be responsible for the daily dissemination of information to the news media. (CALEA – 54.1.1b)

B. Except as specified in this Order, no one shall be authorized to release information to the news media.

**PERSONNEL AUTHORIZED TO RELEASE INFORMATION**

A. Chief of Police – The Chief of Police may release information to the news media at any time and shall approve any news releases prepared by the Public Affairs Unit. In the absence of the Chief of Police, his designee shall approve the news releases and any other information deemed necessary. The Public Affairs Unit shall be notified of any information released by the Chief of Police to the news media.

B. Public Affairs Unit – Officers assigned to the Public Affairs Unit shall prepare news releases when appropriate and provide all other information to the news media. Formal news releases shall be recorded on equipment maintained in the Public Affairs Unit and available via telephone to all members of the news media. Upon release of any information, measures shall be taken to ensure equal access of information to all interested members of the news media. An officer assigned to this Unit shall be on twenty-four (24) hour call.

1. The on-call Public Information Officer shall be available by phone, radio or pager. If the on-call P.I.O. is paged, he/she shall make contact with the paging party within fifteen (15) minutes.

**Appendix VII**

C. Police Employees – Any police employee may verify, upon request from the media, that specific incidents have occurred. The Watch Commander shall release nonfatal accident information only after the next of kin has been notified. The Public Information Office shall be apprised of any release made by a police employee.

**GUIDELINES FOR THE RELEASE OF INFORMATION (CALEA – 54.1.1d)**

A. The following information may be released to the news media:

   1. Crime or incident information includes:

      a. The type of incident or crime, when and where it occurred, and a brief synopsis of known facts concerning the incident.

      b. The identity of the victim, except in cases of sexual assault.

      c. Information concerning property loss, physical injuries, or death after notification of next of kin.

      d. The type and length of the investigation.

      e. Information concerning the existence of suspects may be released, and if it is felt that the public assistance is needed for the location of a suspect or evidence, then that information may be provided to the media for public dissemination.

      f. If an arrest warrant has been issued, but not executed, and it is anticipated that the public may provide information to assist in locating the defendant, this information may be released to the media.

   2. After the arrest of an individual, other than a juvenile, the following may be released to the news media:

      a. A defendant's name, age, address and other factual background information.

      b. The nature of the charge upon which the arrest is made.

      c. The identity of the departmental Section or Unit and any assisting agencies.

      d. The circumstances surrounding the arrest including location, date, time and resistance or pursuit.

      e. Police photographs of the defendant may be provided, if readily available in current files – (unless line-ups are to be conducted).

   3. Information relating to juveniles:

      a. Criminal Defendant – Name, address, or other distinctly unique information which would serve to identify a juvenile may not be released. Age, sex, city of residence and details of the offense may be released.

      b. Victims – Juvenile identity information may be released in cases other than sexual offenses.

      c. Traffic Crashes – If charges are pending as a result of a traffic crash investigation, juvenile identity information shall not be released.

B. The following information shall not be released to the media:

   1. The existence or contents of any statement, admission of guilt, or confession.

   2. Any personal opinion, unsubstantiated fact or rumor concerning any evidence, suspect, crime, event or situation.

   3. The identity of any witnesses nor their anticipated testimony or their truthfulness.

   4. The results of fingerprint comparisons, ballistics tests, or any other laboratory tests.

   5. The names of victims until next of kin have been notified.

   6. Any opinion as to the accused's guilt or the possibility of plea bargaining.

**INFORMATION WHICH MAY BE RELEASED FROM POLICE FILES**

A. Mug shots when the accused has been charged with a criminal offense (unless line-ups are to be conducted).

B. Information from the initial Police Offense/Incident report.

C. Information contained in the police blotter, utilized by the Public Affairs Unit.

**MEDIA PHOTOGRAPHS AND INTERVIEWS**

A. Formal Press Releases

   1. When appropriate, the Public Affairs Unit shall prepare press releases regarding events which have been investigated or otherwise handled by the Department.

   2. If a personal interview is requested by the news media, a member of the Public Affairs Unit will normally represent the Department. In certain cases, the Chief of Police may authorize other specific employees to represent the Department.

   3. Formal news conferences, when appropriate, are arranged by the Public Affairs Unit at the direction of the Chief of Police (all area media shall be invited). (CALEA – 54.1.1c)

   4. Information released by the Public Affairs Unit regarding ongoing criminal investigations shall be authorized by the Section supervisor responsible for the investigation.

B. Photographs

   1. Members of the news media may take photographs of prisoners in transit, when such photographs will in no way interfere with an ongoing investigation; and may take photographs of on-scene investigations provided this activity does not interfere with the police operation or violate the right of denial or access onto private property.

   2. Officers may restrict the use of photographic lighting when their use interferes with the police investigation.

**MEDIA RELATIONS IN FIELD SITUATIONS  (CALEA – 54.1.1a)**

A. The Lafayette Police Department does not issue nor revoke news media credentials. Therefore, media representatives who possess a current Louisiana State Police Press Card, or who are otherwise known to be legitimate media representatives may be allowed reasonable access to the scene of a police operation.

B. The ranking officer on the scene will determine if a Public Information Officer is needed and coordinate with the Watch Commander for a P.I.O. response if needed. Otherwise, the ranking officer shall determine further access to the scene based on the following considerations:

   1. Will the media representative be exposed to unreasonable danger?

   2. Will the media representative's presence interfere with the police investigation or endanger physical evidence?

C. If the ranking officer decides that the media should be kept from the immediate area of the incident, all media representatives shall be so informed. The P.I.O. shall provide situation briefing to the media until such time as the scene is considered safe for entry by the media. **(CALEA – 54.1.3)**

D. Once the scene is secured and safe for media entry, the P.I.O. shall conduct an on-scene tour with the media representatives.

E. At the scene of an incident in which the Lafayette Fire Department has primary responsibility, the ranking police officer shall allow media access to the Fire Department Command Post unless otherwise notified by the ranking fire officer on the scene.

F. Other Police Agencies  (CALEA – 54.1.1f)

1. Any request for information on incidents involving actions initiated by another police agency will be referred to that agency.

2. Incidents initiated by the Lafayette Police Department and assisted by other police agencies will be handled as described by this Order.

G. If it is deemed necessary for a Public Information Officer to respond to the scene of an incident, the P.I.O. shall wear the appropriate daily work uniform as described in G.O. – 202.1.

H. When the on-call designated Public Information Officer is notified that the media is present at the scene of an incident, the P.I.O. shall immediately evaluate the necessity for a P.I.O. response. Should a response be necessary, the P.I.O. shall arrive within thirty (30) minutes of making that determination. If the P.I.O. determines that a response is not necessary, he shall notify the media by telephone that a response is not immediately forthcoming.

**CONFIDENTIAL INVESTIGATIONS  (CALEA – 54.1.1e)**

A. Media requests for information pertaining to Internal Affairs Investigation shall be directed to the Chief of Police.

B. Media requests for information pertaining to confidential criminal investigations shall be directed to the Chief of Police.

**EXCEPTIONAL INCIDENTS**

A. Robberies and burglaries of financial institutions – The following information shall not be released except when there is an overwhelming need based on the public's need to know, or to increase the chances of apprehension:

   1. The names and addresses of bank officials.

   2. The dollar amount loss.

   3. The method of operation.

   4. The names and addresses of other bank employees.

B. Suicides – The names of the victims and the method used shall not be released.

C. Sexual Offenses – The Department shall not release the names and addresses of victims of sexual assaults.

D. Agency Situations – Information relating to any crises situation within the Lafayette Police Department shall be released only by the Chief of Police or his designee.

**POLICY DEVELOPMENT  (CALEA – 54.1.2)**

A. Representatives of the news media may submit written requests for procedural or policy changes affecting police/media relations.

B. All such requests will be referred to the Chief of Police for review and action if appropriate.

JIM CRAFT
CHIEF OF POLICE

# LAFAYETTE POLICE DEPARTMENT

*GENERAL ORDERS*

| DATE ISSUED: 01 Nov 92 | EFFECTIVE DATE: 07 Jul 11 | REVISION NO: 2 | PROCEDURE NO: GO-305.2 | PAGE OF PAGES 1    3 |
|---|---|---|---|---|
| ISSUED BY:   JIM CRAFT,   CHIEF OF POLICE | | | REVISION DATE: 24 Jun 11 | |
| CALEA COMPLIANT  45.1.1a,b,c   45.1.2   45.1.3   45.2.1a,b,c,d,e,f   45.2.5 | | | | |
| SUBJECT: CRIME AWARENESS/PREVENTION OBJECTIVES | | | | |

**PURPOSE**

This Order establishes the Lafayette Police Department's Crime Awareness and Prevention program and sets forth procedures for the delivery of these services.

**POLICY (CALEA – 45.1.1a,b,c)**

It shall be the policy of the Lafayette Police Department to actively encourage the formation, support and evaluation of crime awareness and prevention efforts throughout the City of Lafayette based on the type of crime, geographic location and any other crime analysis information gathered by either the Precinct Commanders or the Department's Crime Analyst. The Department shall assist citizens throughout the City in the development, coordination and maintenance of crime awareness strategies and prevention activities and programs to alleviate any public misconceptions of crime or criminal activities. The Department shall conduct an evaluation, at least every three (3) years, on the effectiveness of the crime prevention program and crime awareness activities.

It shall also be the policy to encourage and assist in developing and implementing crime awareness programs to reduce the potential of Lafayette citizens from becoming victims of crime and to maximize the citizen's crime prevention efforts. Every officer in the Department shall be aware of what crime awareness programs are available and how these programs operate in order to maximize the number of citizens that can be reached. It shall be the responsibility of each individual officer to promote the Department's crime awareness and prevention activities when possible.

**CRIME AWARNESS PRIORITIES**

A. Neighborhood Crime Watch  (CALEA – 45.1.2)

   1. Neighborhood Watch is the formal organization of residents, within a geographic area, enabling them to deter crime in their neighborhoods by being concerned about their fellow residents and by becoming educated on how and when to detect, observe, discourage and report any suspicious or criminal activity.

   2. All requests for assistance in establishing a Neighborhood Watch shall be forwarded to the Public Affairs/Information Unit.

   3. A Crime Awareness Officer, from the Public Affairs Unit, shall make an introductory presentation to the interested neighborhood watch group and will assist in establishing the organization of the group. Any additional meetings shall be attended by the Crime Awareness Officer and the respective Precinct Commander, or his/her designee. Information will be provided concerning home security, personal safety, rape prevention, any specific crime trends and crime targeting operations of the Department that affects the neighborhood and any problem oriented strategies between the neighborhood and the Department. **(CALEA – 45.2.1f)**

   4. The Public Affairs Unit shall maintain a list of all Neighborhood Watch Program Group Leaders and Block Captains by name, address and contact phone numbers. Also, the Neighborhood Group Leaders shall be given contact information to the Crime Awareness/Public Affairs Officer and their respective Precinct Commander.