| | |
|---|---|
| Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson<br>*Petitioners*<br><br>V.<br><br>The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually<br>*Respondent* | DOCKET NO.:              SEC.:<br>15TH JUDICIAL DISTRICT COURT<br>PARISH OF LAFAYETTE<br>STATE OF LOUISIANA<br><br>DIV. "J" |

## PETITION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION PURSUANT TO THE POLICEMAN'S BILL OF RIGHTS

The petition of Kane Marceaux, Gregory Cormier, Scott Poiencot, Norbert Myers and Gabe Thompson, Lafayette City Police Officers, of the age of majority individually and residing and/or working in Lafayette Parish, Lafayette, Louisiana, respectfully represents:

1.

1.      Made defendant herein are the following Defendants:

a)   **The Lafayette Consolidated Government**, responsible for the implementation, distribution, execution, of Constitutional policies for the Lafayette City Police Department, as well as, responsible for the employment of the other named Defendants who are charged with adhering to the mandates of the Police Officer's Bill of Rights (i.e. La. R.S. Title 40 § 2531, et seq.).

b) **Dee Stanley, CAO**, for the consolidated government and direct supervisor to all departmental directors, including Defendant, James Craft, Chief of Police. He is sued in both his official and individual capacities.

c) **James Craft, Chief of Police,** who is tasked with the mission to serve the community with a sense of courage, dedication, compassion and integrity. He is sued in both his official and individual capacities.

d) **Major George "Jackie" Alfred, Patrol Division Commander**, first eschelon of the Lafayette City Police Department and direct subordinate of Chief, James Craft. He is sued in both his official and individual capacities.

STAMPED COPY GIVEN

**EXHIBIT
B**

2.

The named Defendants herein initiated an internal investigation regarding an apparently purloined Internal Affairs document of the Lafayette City Police Department on or about February 1, 2012. Although the Policeman's Bill of Rights requires that investigation, explained in more detail below, to be completed within sixty (60) days (i.e. April 1, 2012) or it is **AN ABSOLUTE NULLITY**, Defendants transmitted target letters to the Plaintiffs herein on or about May 14, 2012, for an investigation which was required by law to have been completed not later than April 1, 2012. As such, and for other reasons below, the "investigation" is an absolute nullity at law such that Defendants should not only be restrained but permanently enjoined from any further attempts to carry forward this absolute nullity. The "investigation", upon information and belief, is not only a subterfuge for an apparent witch hunt, it is evidence of unwritten policies of the Defendants utilized in an attempt to foist reprisals, retributions, and retaliation against Plaintiffs and other police officers located on the Third Floor of the police building under cover of "investigation." All conduct and/or acts and/or omissions occurred in Lafayette, Lafayette Parish, Louisiana such that venue is proper in this Honorable Court.

3.

Defendants, ( hereinafter referred to respectively as a) Lafayette, b) Stanley, c) Craft, and d) Alfred") are the employers and supervisors of the Plaintiffs who are all serving police officers for the Lafayette City Police Department. In accordance with the requirements of *Monell v. Department of Soc. Services,* 436 U.S. 658 (1978), the Defendants are required to maintain and implement written policies to insure that all Constitutional and statutory rights of citizens and police officers are protected, including the fair and impartial internal administration of the police department, insuring an absence of racial discrimination, nepotism, and political appointments not based on merit and achievement. The Defendants are obligated to adhere to all Constitutional and statutory obligations which preclude the subversion of legitimate processes to achieve retaliation and injury to protected rights of the police officers in the Department. At all times relevant, the acts and omissions complained of herein along with the residence of the

Plaintiffs reside and are domiciled in Lafayette, Louisiana, such that venue is proper herein.

4.

Plaintiffs suggest that Defendants, in an effort to avoid potential liabilities from required written policies, have engendered a de facto policy absenting policies which should be written, published, circulated and adhered to. Any absence of written policy, as an attempt to avoid having complete and thorough written policies as a practice for the Police Department is, in fact, a negligent policy consisting of "no policy", and actionable.

5.

Beginning in the year 2012, another Officer and member of the Lafayette Police Department was advised of possible disciplinary charges and placed on administrative leave. At Mardi Gras, this officer was removed from administrative leave to provide services during the Mardi Gras holiday season. At the conclusion of Mardi Gras, this same officer was again placed on administrative leave. Subsequently he was disciplined and exercised his right to appeal the decision to the Civil Service Authority for Lafayette Parish.

6.

On or about February 1, 2012, this officer's attorney filed a legal memorandum defending the officer. Attached and incorporated to the attorney's brief was an internal document of the Lafayette Police Department Internal Affairs Department. The attachment and filing of same made this document a public record, much to the apparent chagrin of the named Defendants herein. A copy of the Internal Affairs Document is attached and annexed hereto as **Exhibit "A"**.

7.

On or about May 8, 2012, during the Civil Service Proceeding, a Sgt. Keith Gremillion from the Lafayette City Police Department's Internal Affairs section testified under oath that pursuant to the instructions he had received from his superiors, he BEGAN an internal investigation on or about February 1, 2012, to determine who, if anyone, from inside the police department secured the disputed IA document and provided it to the appealing police officer's lawyer. According to Sgt. Gremillion's oath given testimony, the disputed IA document was not related in any way to the appeal of the defending police officer involved in the Civil Service proceeding.

8.

According to the testimony of Sgt. Gremillion, after he had received a copy of the document he conducted an investigation to determine how the officer obtained the document, including reviewing shift log investigations and the file from which the document had apparently been removed, concluding his testimony that the removal of same was a "serious breach".

9.

During the Consolidated Government's administration of the Lafayette Police Department, there have been numerous irregularities in violation of Constitutional and statutory requirements. The unwritten policies of the named Defendants include the use of positions to conduct retaliation, racial discrimination, misreporting of events, and use of disciplinary procedures to injure the due process rights of serving police officers by disingenuously conducting "investigations" which are "absolute nullities" as a means of retaliation, reprisal and retribution for misconceived affronts. Upon information and belief, prior to the acts complained of herein, Chief James Craft believed that there were African American officers in the Department who wanted to take his job as Chief of Police. In addition, upon information and belief, Defendant Alfred embarked upon the path of seeking reprisals and retribution for perceived wrongs suffered by Craft and Alfred. Upon information and belief, Alfred has bragged that he was going to "make some changes around here", reverberating that he didn't care what it was called, including retaliation. Further, Alfred received authority from Defendant Craft to carry out these retaliations within the Department because things had gotten personal, at least as far as Alfred was concerned. Alfred has bragged that he was going to shake things up and that he could obscure the retributions within the police department's structure by making the changes "appear" to be a policy change. In addition, Defendant Alfred, the direct subordinate and, at times, designate for the Chief of Police, Defendant Craft, circulated that because things became personal lots of things could happen, including the shooting of police officers against whom retributions were likely to occur. The above described statements attributed to Defendant Alfred occurred after February 1, 2012, (the date of the police officer's brief with the disputed Internal Affairs Document) and prior to the acts complained of herein that triggered the present lawsuit.

10.

Upon information and belief, the present administration has engaged in a policy and practice of widespread deception and disinformation to the news media about police events of public interest, acknowledging that in the event of discovery, there might be some last page of the newspaper correction made some five years later, all with the direct knowledge and acquiescence of the Consolidated Government and Defendants Stanley, Craft, and Alfred.

11.

Plaintiffs, with personal knowledge of the factual allegations herein and the truth of the facts alleged herein, have legitimate fears and concerns for their right to simply do their jobs without fear of unlawful reprisals, retributions, and retaliations.  Plaintiffs herein take very seriously the statements of Defendant Alfred, as an expression of the entire governing authority of the Lafayette Police Department, that as "Serpico" they have genuine fears of either being shot or physically assaulted or battered along with unlawful and attempted disciplinary proceedings.

12.

On or about May 14, 2012, and May 15, 2012, as part of the implementation of the retributions and reprisals by the named Defendants herein, Plaintiffs received an administrative notices that they were now the subjects of an "investigation" being conducted regarding Exhibit "A" attached hereto *in globo*, being the purloined internal affairs investigation documents for which an internal investigation began on or about February 1, 2012, according to the sworn testimony of Sgt. Keith Gremillion.

13.

The "investigation" as a matter of law is an "absolute nullity." The mandatory terms, conditions and provisions of the Police Officer's Bill of Rights require that in an investigation of any police officer subject to possible sanctions, the Chief of Police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made.  Further, each investigation of a police employee or law enforcement officer which is conducted…**SHALL BE COMPLETED WITHIN SIXTY DAYS**.

14.

In accordance with the Police Officer's Bill of Rights, there shall be no discipline, demotion, dismissal or adverse action of any sort taken….unless the investigation is conducted in accordance with the minimum standards provided in this Section.  In the event that the minimum standards are ignored, any discipline, demotion, or averse action …**IS AN ABSOLUTE**

**NULLITY** as provided in the Police Officer's Bill of Rights, a copy of which is attached and annexed hereto as **Exhibit "B"**.

15.

According to these mandatory provisions of law,  directly applicable to the Plaintiffs herein, an investigation was commenced on the subject matter for which they received the notices of May 14th and 15, 2012, on or about February 1, 2012. After fourteen days from February 1, 2012, none of the Plaintiffs ever received any notice whatsoever. As Sgt. Gremillion testified, the investigation was begun on or about February 1, 2012.  The bright line for completion of that investigation was sixty (60) days from February 1, 2012, or Sunday, April 1, 2012.  The Defendants have completely failed to adhere to these mandatory requirements of law since the present "investigation" noticed on May 14th and 15th, 2012, was required to have been completed by April 1,2012.  Since it was not, the present "investigation" is **AN ABSOLUTE NULLITY**.  This "investigation" is further evidence by its initiation of the negligent unwritten policies of retribution, retaliation, and misuse of internal policies and procedures to cause harm and injury to line officers as part of the policies of racial discrimination and deprivation of guaranteed rights of due process and integrity of the system in general.

16.

Unless a temporary restraining order is issued, preventing Defendants from proceeding with the "investigation," Plaintiffs will suffer irreparable injury, loss and damage.  There is no adequate remedy at law.

17.

Plaintiffs request that this temporary restraining order should issue with prior notice to Defendants as immediate relief is necessary to prevent damages to Plaintiffs. Plaintiffs suggest that with notice and hearing and the ability to present their testimony and evidence, the factual allegations of the  unwritten and negligent policies of retaliation, retribution and reprisal shall be proven. Defendants have been noticed via United States mail that Plaintiffs are seeking a temporary restraining order, preliminary and final injunction against Defendants prohibiting and restraining Defendants from proceeding with  the present "investigation" in complete disregard and abrogation of the Police Officer's Bill of Rights.  This "investigation" further demonstrates the existence of the unwritten policies of retribution, retaliation and reprisal extent with the knowledge, acquiescence and support of all named Defendants herein acting in concert. Plaintiffs wish that any temporary restraining order be followed by hearing for preliminary injunction within ten (10) days or as soon as this Court can hear same   and thereafter this Court permanently enjoin, Defendants, after an award of costs, damages and attorney's fees for the necessity of bringing this action.

18.

This temporary restraining order should issue without security or alternatively minimal security, as the Defendants will not be harmed by the issuance of any restraining order or injunction since they are engaged in an absolute nullity in contravention of the Police Officer's Bill of Rights which they opined in their Notices of May 14th and 15th, 2012 to Plaintiffs. In the alternative, security should be minimal in amount.

**WHEREFORE**, petitioners pray:

(1) That a temporary restraining order issue herein, according to law and without bond or minimal bond, directed to the Defendants restraining, enjoining and prohibiting them from proceeding with the present "investigation" which is an absolute nullity at law.

(2) That Defendants be ordered to show cause on the date and time fixed by this Court why a preliminary injunction  and thereafter final injunction in the form and substance of the temporary restraining order prayed for should not be issued, and

(3) That certified copies of this petition, together with citation, be issued and served according to law on the defendant at:

**Lafayette Consolidated Government**
705 West University Avenue,
Lafayette, Louisiana 70506

**Dee Stanley, CAO**
705 West University Avenue,
Lafayette, Louisiana 70506

**Chief James Craft**
900 E. University Ave
Lafayette, Louisiana 70502

**Major George"Jackie" Alfred**
900 E. University Ave
Lafayette, Louisiana 70502

and

After the lapse of all legal delays and proceedings had, there be judgment against **Defendants, Consolidated Government of Lafayette, Dee Stanley, Individually and in his Official Capacity; James Craft, Individually and in his Official Capacity; and George Alfred, Individually and in his official capacity.**

(4) permanently restraining, enjoining and prohibiting him from proceeding with any further investigation; and

(5) For all costs of these proceedings, and

(6)    For all necessary orders and decrees as may be required or proper in the premises and for full, general and equitable relief.

Respectfully submitted,

Spring & Spring, LLC
Attorneys at Law

S. Stephen Spring, II
LBN: 12347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
Telephone:    225.932.9671
Facsimile:     413.451.8923
E- Mail:        springlaw@gmail.com

**SERVICES INSTRUCTIONS:**

Please serve Defendants:

**Lafayette Consolidated Government**
705 West University Avenue,
Lafayette, Louisiana 70506

**Dee Stanley, CAO**
705 West University Avenue,
Lafayette, Louisiana 70506

**Chief James Craft**
900 E. University Ave
Lafayette, Louisiana 70502

**Major George"Jackie" Alfred**
900 E. University Ave
Lafayette, Louisiana 70502

FILED THIS _____ DAY OF _____ 20___
_____
Deputy Clerk of Court

5.23.12



LAFAYETTE POLICE DEPARTMENT
INTEROFFICE COMMUNICATION
SL NOTICE/INSTRUCTIONS

25803339

| TO: | DIVISION: | Patrol |
| FROM: Sgt. Keith J. Gremillion | OFFICE: Internal Affairs | |
| SUBJECT: ___ | DATE: | |

Major,

Chief of Police James Craft has ordered a shift-level administrative investigation relevant to a complaint filed by _____. The investigative tracking number that has been assigned to this shift-level administrative investigation shall be SL-_____. Below is general instructions/information for you to follow:

This investigation and disciplinary action if any must be completed within ___days. If you foresee a delay you must either get a 30-day extension from the employee(s) under investigation or notify the Chief's office to petition the Lafayette Fire and Police Civil Service Board for an extension. The starting date for this investigation is _____.

Any related case documents generated during this shift-level administrative investigation should reflect the above case number.

At the conclusion of the investigation, please forward the original completed product to the office of Internal Affairs.

The investigation packet will be presented to Chief James Craft for review. He will determine the disposition and respond to the reporting party through his or designee's office.

In the event the Chief of Police convenes the Department's Pre-Disciplinary Review Board to review this investigation his office will assume this task

If you should need anything else please do not hesitate to contact me or any of the Internal Affairs personnel.

Thanks,

Sgt. Keith J. Gremillion #673

FILED THIS 22
DAY OF May 20 12
James Thimos
Deputy Clerk of Court

PLAINTIFF'S
EXHIBIT
"A"

Exhibit "A"
5.23.12
J. Thimos

<u>Attorney General's Opinion Received Concerning</u>
<u>Police Officer's Bill of Rights</u>- May also apply to the
<u>Firefighter Bill of Rights</u>

**LOUISIANA REVISED STATUTES**
**TITLE 40.** Municipalities and Parishes
**CHAPTER 25.** Rights of Law Enforcement Officers While Under Investigation

## §2531. Applicability; minimum standards during investigation; penalties for failure to comply

1. A. The provisions of this Chapter shall apply only to police employees as defined by R.S. 40: 1372(5), Louisiana P.O.S.T. certified probation and parole officers employed by the Louisiana Department of Public Safety and Corrections, division of probation and parole, and to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation with a view to possible disciplinary action, demotion, or dismissal.

B. Whenever a police employee or law enforcement officer is under investigation, the following minimum standards shall apply:

(1) The police employee or law enforcement officer being investigated shall be informed, at the commencement of interrogation, of the nature of the investigation and the identity and authority of the person conducting such investigation, and at the commencement of any interrogation, such officer shall be informed as to the identity of all persons present during such interrogation. The police employee or law enforcement officer shall be allowed to make notes.

5/11/2012 7:18 PM

PLAINTIFF'S EXHIBIT
" B "



FILED THIS 22
DAY OF May 20 13
Deputy Clerk of Court

(2) Any interrogation of a police employee or law enforcement officer in connection with an investigation shall be for a reasonable period of time, and shall allow for reasonable periods for the rest and personal necessities of such police employee or law enforcement officer.

(3) All interrogations of any police employee or law enforcement officer in connection with the investigation shall be recorded in full. The police employee or law enforcement officer shall not be prohibited from obtaining a copy of the recording or transcript of the recording of his statements upon his written request.

(4)(a) The police employee or law enforcement officer being questioned, whether as a target or as a witness in an administrative investigation, shall have the right to be represented by counsel, other representative, or both, of the police employee or law enforcement officer's choice.
(b) The police employee or law enforcement officer shall be granted up to thirty days to secure such representation, during which time all questioning shall be suspended.
(c) The police employee or law enforcement officer's representative or counsel shall be allowed to offer advice to the employee or officer and make statements on the record regarding any question asked of the employee or officer at any interrogation, interview, or hearing in the course of the investigation.

(5) No statement made by the police employee or law enforcement officer during the course of an administrative investigation shall be admissible in a criminal proceeding.

(6) Repealed by Acts 2008, No. 654, § 2.

http://www.ose.louisiana.gov/laws/pobar.htm

(7) When a formal and written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law enforcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days. However, in each municipality which is subject to a Municipal Fire and Police Civil Service law, the municipal police department may petition the Municipal Fire and Police Civil Service Board for an extension of the time within which to complete the investigation. The board shall set the matter for hearing and shall provide notice of the hearing to the police employee or law enforcement officer who is under investigation. The police employee or law enforcement officer who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the board finds that the municipal police department has shown good cause for the granting of an extension of time within which to complete the investigation, the board shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee or law enforcement officer under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.

(8) In the case of a police employee who is a member of the State

Police Service as set forth in Article X, Section 41 of the Louisiana Constitution of 1974, the appointing authority may petition the State Police Commission, or its executive director, for an extension of the time within which to complete the investigation. The State Police Commission, or its executive director, shall set the matter for hearing and shall provide notice of the hearing to the police employee who is under investigation. The police employee who is under investigation shall have the right to attend the hearing and to present evidence and arguments against the extension. If the State Police Commission, or its executive director, finds that the appointing authority has shown good cause for the granting of an extension of time within which to complete the investigation, the State Police Commission, or its executive director, shall grant an extension of up to sixty days. Nothing contained in this Paragraph shall be construed to prohibit the police employee under investigation and the appointing authority from entering into a written agreement extending the investigation for up to an additional sixty days. The investigation shall be considered complete upon determination of the appointing authority to institute disciplinary action against the police employee or a determination of an unfounded or unsustained complaint. Nothing in this Paragraph shall limit any investigation of alleged criminal activity.

C. There shall be no discipline, demotion, dismissal or adverse action of any sort taken against a police employee or law enforcement officer unless the investigation is conducted in accordance with the minimum standards provided for in this Section. Any discipline, demotion, dismissal or adverse action of any sort whatsoever taken against a police employee or law enforcement officer without complete compliance with the foregoing minimum standards is an absolute nullity.

Added by Acts 1985, No. 425, § 1. Amended by Acts 1991, No. 450,

§ 1, eff. July 15, 1991; Acts 2001, No. 933, § 1; Acts 2007, No. 91, § 1; Acts 2007, No. 258, § 2, Acts 2008, No. 249, § 1, Acts 2008, No. 654, § 1; Acts 2010, No. 924, §3, eff. July 2, 2010.

## §2532. Release of personal information

No person, agency, or department shall release to the news media, press or any other public information agency, a law enforcement officer's home address, photograph, or any information that may be deemed otherwise confidential, without the express written consent of the law enforcement officer, with respect to an investigation of the law enforcement officer.
Added by Acts 1985, No. 425,§ 1.

## §2533. Personnel files

A. No law enforcement officer shall have any comment adverse to his interest entered in his personnel file, or any other file used for any personnel purposes by his employer, without the law enforcement officer's having first read and signed the instrument containing the adverse comment indicating he is aware of such comment, except that such entry may be made if, after reading such instrument, the law enforcement officer refuses to sign it. Should a law enforcement officer refuse to sign, that fact shall be noted on that document and signed or initialled by such officer.

1. B. A law enforcement officer shall have thirty days within which to file a written response to any adverse comment entered in his personnel file. Such written response shall be attached to and shall accompany the adverse comment.

C.(1) A law enforcement officer, upon written request, shall have any record of a formal complaint made against the officer for any violation of a municipal or parish ordinance or state criminal statute listed in Paragraph (2) of this Subsection involving domestic violence expunged from his personnel file, if the complaint was made anonymously to the police department and the charges are not substantiated within twelve months of the lodging of the complaint.

(2)(a) Any violation of a municipal or parish ordinance or state statute defining criminal battery and assault.

(b) Any violation of other municipal or parish ordinances or state statutes including criminal trespass, criminal damage to property, or disturbing the peace if the incident occurred at either the home of the victim or the officer or the violation was the result of an obvious domestic dispute.

Acts 1985, No. 425, §1; Acts 1995, No. 232, §1; Acts 1995, No. 915, §1; Acts 1995, No. 1251, §2; Acts 2005, No. 452, §1.

## §2534. Disclosure of finances

No law enforcement officer shall be required to disclose, for the purpose of promotion or assignment, any item of his property, income, assets, debts or expenditures or those of any member of such officer's household.

Added by Acts 1985, No. 425,§ 1.

## §2535. Retaliation for exercising rights

There shall be no penalty nor threat of any penalty for the exercise by a law enforcement officer of his rights under this Chapter.

Added by Acts 1985, No. 425,§ 1.

Go to the top of this page.

Back to home page.

Contact us!

Date this page was last updated:   Monday, Septermber 27, 2004 02:21 PM

| | |
|---|---|
| Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson<br>*Petitioners* | DOCKET NO.:                    SEC.:<br>15th JUDICIAL DISTRICT COURT<br>PARISH OF LAFAYETTE<br>STATE OF LOUISIANA |
| V. | |
| The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually<br>*Respondent* | |

## VERIFICATION

STATE OF LOUISIANA          )
                                            )ss
PARISH OF LAFAYETTE     )

**BEFORE ME**, the undersigned authority, personally came and appeared:

**KANE MARCEAUX,** Lafayette City Police Officer, residing and domiciled in St. Landry Parish, Louisiana, who, after being sworn did depose and say that he has read the petition and all that of the allegations contained of fact contained in it are true and correct.

To the best of my knowledge, no Defendant is in the military service of the United States of America or any of its allies.

_____
KANE MARCEAUX

**SWORN AND SUBSCRIBED TO** before me, Notary Public, this 21st day of May, 2012.

_____
S. Stephen Spring, II
Notary Public- State of Louisiana
Bar Roll Number 12347
My Commission Expires At Death

FILED THIS
DAY OF
Deputy Clerk of Court

| | |
|---|---|
| Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson<br>*Petitioners*<br><br>V.<br><br>The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually<br>*Respondent* | DOCKET NO.:          SEC.:<br>15TH JUDICIAL DISTRICT COURT<br>PARISH OF LAFAYETTE<br>STATE OF LOUISIANA |

## VERIFICATION

STATE OF LOUISIANA            )
                              )ss
PARISH OF LAFAYETTE           )

**BEFORE ME**, the undersigned authority, personally came and appeared:

**GREG CORMIER**, Lafayette City Police Officer, residing and domiciled in St. Landry Parish, Louisiana, who, after being sworn did depose and say that he has read the petition and all that of the allegations contained of fact contained in it are true and correct.

To the best of my knowledge, no Defendant is in the military service of the United States of America or any of its allies.

_____
                GREG CORMIER

**SWORN AND SUBSCRIBED TO** before me, Notary Public, this 21st day of May, 2012.

_____
        S. Stephen Spring, II
        Notary Public- State of Louisiana
        Bar Roll Number 12347
        My Commission Expires At Death

FILED THIS _____
DAY OF _____
        Deputy Clerk of Court

25804816

Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson
*Petitioners*

V.

The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually
*Respondent*

DOCKET NO.:                       SEC.:
15TH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
STATE OF LOUISIANA

## VERIFICATION

STATE OF LOUISIANA          )
                            )ss
PARISH OF LAFAYETTE         )

**BEFORE ME,** the undersigned authority, personally came and appeared:

**SCOTT POIENCOT,** Lafayette City Police Officer, residing and domiciled in Lafayette, Lafayette Parish, Louisiana, who, after being sworn did depose and say that he has read the petition and all that of the allegations contained of fact contained in it are true and correct.

To the best of my knowledge, no Defendant is in the military service of the United States of America or any of its allies.

SCOTT POIENCOT

**SWORN AND SUBSCRIBED TO** before me, Notary Public, this 21st day of May, 2012.

S. Stephen Spring, II
Notary Public- State of Louisiana
Bar Roll Number 12347
My Commission Expires At Death

FILED THIS _____ DAY OF _____ 20__

Deputy Clerk of Court

5-23-13

| | |
|---|---|
| Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson<br>*Petitioners*<br><br>V.<br><br>The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually<br>*Respondent* | DOCKET NO.:                    SEC.:<br>15TH JUDICIAL DISTRICT COURT<br>PARISH OF LAFAYETTE<br>STATE OF LOUISIANA |

## VERIFICATION

STATE OF LOUISIANA            )
                             )ss
PARISH OF LAFAYETTE          )

**BEFORE ME,** the undersigned authority, personally came and appeared:

**NORBERT MYERS,** Lafayette City Police Officer, residing and domiciled in Lafayette, Lafayette Parish, Louisiana,  who, after being sworn did depose and say that he has read the petition and all that of the allegations contained of fact contained in it are true and correct.

To the best of my knowledge, no Defendant is in the military service of the United States of America or any of its allies.

_____
NORBERT MYERS

**SWORN AND SUBSCRIBED TO** before me, Notary Public, this 21st day of May, 2012.

_____
S. Stephen Spring, II
Notary Public- State of Louisiana
Bar Roll Number 12347
My Commission Expires At Death

FILED THIS
DAY

_____
Deputy Clerk of Court

25804733

| | |
|---|---|
| Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson<br>    *Petitioners*<br><br>V.<br><br>The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually<br>    *Respondent* | DOCKET NO.:        SEC.:<br>15TH JUDICIAL DISTRICT COURT<br>PARISH OF LAFAYETTE<br>STATE OF LOUISIANA |

## VERIFICATION

STATE OF LOUISIANA     )
                          )ss
PARISH OF LAFAYETTE    )

**BEFORE ME,** the undersigned authority, personally came and appeared:

**GABRIEL THOMPSON**, Lafayette City Police Officer, residing and domiciled in Lafayette, Lafayette Parish, Louisiana, who, after being sworn did depose and say that he has read the petition and all that of the allegations contained of fact contained in it are true and correct.

To the best of my knowledge, no Defendant is in the military service of the United States of America or any of its allies.

GABRIEL THOMPSON

**SWORN AND SUBSCRIBED TO** before me, Notary Public, this 21st day of May, 2012.

S. Stephen Spring, II
Notary Public- State of Louisiana
Bar Roll Number 12347
My Commission Expires At Death

FILED THIS _____ DAY OF _____ 20__
_____
Deputy Clerk of Court

5-23-12

25804691

| | |
|---|---|
| Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson<br>  *Petitioners*<br><br>V.<br><br>The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually<br>  *Respondent* | DOCKET NO.:                    SEC.:<br>15TH JUDICIAL DISTRICT COURT<br>PARISH OF LAFAYETTE<br>STATE OF LOUISIANA |

## ATTORNEY'S CERTIFICATE

The undersigned attorney certifies to this Court that on this 22nd day of May, 2012, he posted by United States Mail with postage prepaid in proper amount with return address, a copy of the foregoing Petition to Defendants, Lafayette Consolidated Government, Dee Stanley, CAO; James Craft, Chief of Police; George Alfred, Lafayette City Police; a copy of which is attached and annexed hereto as Exhibit "B" prior to its application being filed and requested herein and that Plaintiffs request the hearing of this Petition for Temporary Restraining Order and Injunction With Notice to the Defendants.

Baton Rouge, Louisiana, this 22nd day of May, 2012.

Respectfully submitted,

Spring & Spring, LLC
Attorneys at Law

S. Stephen Spring, II
LBN: 12347
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806
Telephone:    225.932.9671
Facsimile:    413.451.8923
E- Mail:    springlaw@gmail.com

5-23-13

FILED THIS
DAY OF                    20
Deputy Clerk of Court



# SPRING & SPRING, LLC
### ATTORNEYS AT LAW
## *"Litigators Not Negotiators"*

Stanley A. Spring, Esq. - Florida Bar
S. Stephen Spring, II, Esq. - Louisiana Bar
733 East Airport Avenue, Suite 104
Baton Rouge, Louisiana 70806

Telephone: 225-932-9671
Facsimile: 413-451-8923
Email: springlaw@gmail.com
Web: www.springlaw.net

John S. Penton, Jr., Esq. - Florida Bar *
David Mahdavi, Esq. - Virginia. Bar *
Julie S. Page, Esq. - California Bar *
* Of Counsel Member

Wash. D.C.: 202-465-4696
Miami, FL: 305-677-3847
London: 44-208-181-6545
U.K. Fax: 44-208-181-6545

SPRING & SPRING LLC
COMMUNICATIONS HOUSE
MAYFAIR
LONDON
W1U 6PZ

22 May 2012
(Transmitted via U.S. Post)

Messrs. Stanley, Craft, and Alfred
Chief of Police
Lafayette City Police Department
705 West University Avenue
Lafayette, Louisiana 70506

*Re:     Courtesy Copy Petition for TRO and Injunction*

Gentlemen:

Please find enclosed a courtesy copy of a Petition being filed in which our clients are seeking not only a temporary restraining order but permanent injunction regarding an apparent and ongoing irregular investigation you have initiated contrary to the provisions of the Police Officer's Bill of Rights.

Thank you for your consideration.

Please govern yourselves accordingly.

FILED THIS

DAY OF

Deputy Clerk of Court



PLAINTIFF'S
EXHIBIT
" B "



COPY

Respectfully yours,

Spring & Spring, LLC
Attorneys at Law

*S. Stephen Spring, II*

S. Stephen Spring, II
Attorney at Law

cc:     Clients
        File
        Atty Cert

Kane Marceaux, Greg Cormier, Scott
Poiencot, Norbert Myers & Gabe Thompson
    *Petitioners*

V.

The Consolidated Government of Lafayette;
Dee Stanley, CAO of The Lafayette
Consolidated Government of Lafayette;
Officially and Individually; Chief James
Craft, Chief of Police of Lafayette Police
Department; Officially and Individually;
and Major George "Jackie" Alfred,
Lafayette Police Department; Officially and
Individually
    *Respondent*

DOCKET NO.:       SEC.:
15TH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
STATE OF LOUISIANA

## TEMPORARY RESTRAINING ORDER WITH NOTICE, AND PRELIMINARY AND PERMANENT INJUNCTION PURSUANT TO THE POLICEMAN'S BILL OF RIGHTS

It appearing from the verified petition in this case that immediate and irreparable injury, loss or damage will result to Plaintiffs with Plaintiffs' request that any Temporary Restraining Order be issued with notice and hearing had on Plaintiffs' application for a temporary restraining order, preliminary and permanent injunction:

**IT IS ORDERED** that after hearing a temporary restraining order be issued herein, on the Plaintiffs' furnishing security in the amount of $ *5,000.00* , directed to **CONSOLIDATED GOVERNMENT OF THE CITY OF LAFAYETTE, DEE STANLEY, OFFICIALLY AND INDIVIDUALLY; CHIEF JAMES CRAFT, OFFICIALLY AND INDIVDUALLY; and MAJOR GEORGE "JACKIE" ALFRED, OFFICIALLY AND INDIVIDUALLY,** restraining, enjoining and prohibiting them  from proceeding with any "investigation" as contained in the Notices of May 14, 2012 and May 14, 2012 against the Plaintiffs, Police Officers **GREG CORMIER, SCOTT POIENCOT, NORBERT MYERS and GABE THOMPSON** and similarly restraining, enjoining and prohibiting any persons acting or claiming to act on Defendants' behalf.  This temporary restraining order expires at the end of ten (10) days from its date, unless extended by this Court prior to its expiration, for good cause shown and the reasons entered of record.

**IT IS FURTHER ORDERED** that Defendants, **CONSOLIDATED GOVERNMENT OF THE CITY OF LAFAYETTE, DEE STANLEY, OFFICIALLY AND INDIVIDUALLY; CHIEF JAMES CRAFT, OFFICIALLY AND INDIVDUALLY; and MAJOR GEORGE "JACKIE" ALFRED, OFFICIALLY AND INDIVIDUALLY** show cause on *29* day of *MAY* , 2012, at *9:00* o'clock *A* .M. in the Lafayette, Lafayette Parish Courthouse, Louisiana, why a preliminary injunction and thereafter permanent and final injunction in the form and substance of the temporary restraining order above should not be

issued, to be effective during the pendency of these proceedings.  On the hearing of this rule, proof may be adduced in accordance with La. C.C.P. Art. 3609 by verified pleadings, by supporting affidavits, or by proof as in ordinary cases, or by any or all of such methods, at the election of the party offering the proof.

Signed in Lafayette, Lafayette Parish, Louisiana, Louisiana, this 23 day of May, 2012.

_____
DISTRICT JUDGE
15th JDC
*for Judge Earles, Div. J*

**SERVICES INSTRUCTIONS:**

Please serve Defendants:

**Lafayette Consolidated Government**
705 West University Avenue,
Lafayette, Louisiana 70506

**Dee Stanley, CAO**
705 West University Avenue,
Lafayette, Louisiana 70506

**Chief James Craft**
900 E. University Ave
Lafayette, Louisiana 70502

**Major George"Jackie" Alfred**
900 E. University Ave
Lafayette, Louisiana 70502

5-23-12
J. Thimas

FILED THIS 23
DAY OF May 20 12
James Thimas
Deputy Clerk of Court

2012- 2899 -J

| | |
|---|---|
| Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson<br>    *Petitioners*<br><br>V.<br><br>The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually<br>    *Respondent* | DOCKET NO.:          SEC.:<br>15TH JUDICIAL DISTRICT COURT<br>PARISH OF LAFAYETTE<br>STATE OF LOUISIANA |

## BOND

STATE OF LOUISIANA          )
                                                    )
PARISH OF LAFAYETTE      )

   Kane Marceaux, as principal, and Scott Poiencot, as surety, bind ourselves to be responsible for the payment of such damages as may be suffered if the temporary restraining order is held to have been wrongfully obtained in the suit entitled *GREG CORMIER, SCOTT POENCOT, NORBERT MYERS, and GABE THOMPSON vs.   THE CONSOLIDATED GOVERNMENT OF LAFAYETTE; DEE STANLEY, CHIEF JAMES CRAFT, and MAJOR GEORGE "JACKIE" ALFRED.,* DOCKET NO. 2012-2899 , OF THE DOCKET OF 15TH JUDICIAL DISTRICT COURT FOR LAFAYETTE PARISH.  For the performance of this obligation, the Principal and Surety hereby obligate themselves in solido to the Clerk of the 15TH JUDICIAL DISTRICT COURT FOR THE LAFAYETTE PARISH, in the sum of $ 5,000.00 .

   Lafayette, Lafayette Parish, Louisiana this ___ day of May, 2012.

_____
Police Officer Kane Marceaux

_____
Police Officer Scott Poiencot

FILED THIS 23
DAY OF May, 2012
Jameka Thimos
Deputy Clerk of Court

5-23-12
J. Thimos

Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson
    *Petitioners*

V.

The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually
    *Respondent*

DOCKET NO.:        SEC.:
15TH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE
STATE OF LOUISIANA

STATE OF LOUISIANA    )
                    )ss
PARISH OF LAFAYETTE    )

**BEFORE ME,** the undersigned authority, personally came and appeared:

**KANE MARCEAUX,** the principal who signed the above bond, who, after being sworn did depose and say that he is domiciled in this parish, that he is informed and believes that the surety herein is worth the amount of the bond herein, in assets subject to execution, over and above all of the other obligations of the surety.

_____
Lafayette Police Officer Kane Marceaux

**SWORN AND SUBSCRIBED TO,** before me, Notary Public, on this 22nd day of May, 2012.

_____
S. Stephen Spring, II
Notary Public- State of Louisiana
Bar Roll Number 12347
My Commission Expires At Death

FILED THIS ___ DAY OF ___ 20__
_____
Deputy Clerk of Court

| | |
|---|---|
| Kane Marceaux, Greg Cormier, Scott Poiencot, Norbert Myers & Gabe Thompson<br>    *Petitioners*<br><br>V.<br><br>The Consolidated Government of Lafayette; Dee Stanley, CAO of The Lafayette Consolidated Government of Lafayette; Officially and Individually; Chief James Craft, Chief of Police of Lafayette Police Department; Officially and Individually; and Major George "Jackie" Alfred, Lafayette Police Department; Officially and Individually<br>    *Respondent* | DOCKET NO.:      SEC.:<br>15TH JUDICIAL DISTRICT COURT<br>PARISH OF LAFAYETTE<br>STATE OF LOUISIANA |

STATE OF LOUISIANA    )
                        )ss
PARISH OF LAFAYETTE    )

**BEFORE ME,** the undersigned authority, personally came and appeared:

**SCOTT POIENCOT,** the surety who signed the above bond, who, after being sworn did depose and say that he is domiciled in this parish, that he is worth the amount for which he bound himself herein, in assets subject to execution, over and above all of his other obligations.

Police Officer Scott Poiencot

**SWORN AND SUBSCRIBED TO,** before me, Notary Public, on this 22nd day of May, 2012.

S. Stephen Spring, II
Notary Public- State of Louisiana
Bar Roll Number 12347
My Commission Expires At Death

FILED THIS 13 DAY OF May 20 13

Deputy Clerk of Court

5-23-13

```
25778226                89
```
cc_tpthomas

Ordered by Atty.:  S. STEPHEN SPRING, II

# RULE NISI

KANE  MARCEAUX, ET AL                 Fifteenth Judicial District Court

VS                                    Docket Number: C-20122899 J
                                      Before Judge EARLES

LAF-CITY PARISH CONSOLIDATED          Parish of Lafayette, Louisiana
GOVERNMENT, ET AL

MAY 23 2012
Lafayette Parish
Sheriff Office

TO:   LAFAYETTE CONSOLIDATE GOVERNMENT
      705 WEST UNIVERSITY AVE
      LAFAYETTE, LA 70506

        **BY VIRTUE OF** an order from the Honorable Court, Fifteenth Judicial District Court in and for the
Parish of Lafayette, State of Louisiana of date MAY 23, 2012, you are hereby ordered to appear in Open Court
on **MAY 29, 2012,** at **9:00AM,** in order to show cause why you should not comply with the attached order.

        **WITNESS THE HONORABLE,** Judges of the said Court, at Lafayette Parish, Louisiana, this May 23,
2012.

                                              _Tamera Thomas_
                                        _____
                                              Deputy Clerk of Court
                                              Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY
INJUNCTION/ORDER/AFFIDAVITS/EXHIBITS**

---

                        SHERIFF'S RETURN
                      Lafayette Parish Sheriff

Date Served: _____ 5-23 ,20 12    Time: 4:02 pm
Served: _____ Mark Hebert _____
Personal (X)
Domiciliary ( ) on _____
Unable to Locate       Moved ( )        No Such Address ( )
Other Reason: _____
Received Too Late For Service ( )
Service Of Within Papers
Costs Fee $ 20⁰⁰    Mileage $ _____    Total $ 20⁰⁰
Deputy _____ Marc Blanchard  10168 _____

---

**Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational
group.  Please dress appropriately.  Cellular phones and beepers must be on silent or off. Camera Phones
are NOT allowed in the courthouse.**

Lafayette Parish Clerk of Court
Filed This Day

MAY 3 1 2012

Deputy Clerk of Court



25776267
D25904003
cc_tpthomas

Ordered by Atty.: S. STEPHEN SPRING, II

# CITATION

KANE  MARCEAUX, ET AL

VS

LAF-CITY PARISH CONSOLIDATED
GOVERNMENT, ET AL

Fifteenth Judicial District Court

Docket Number: C-20122899 J

PARISH OF Lafayette, LOUISIANA

STATE OF LOUISIANA

TO:  LAFAYETTE CONSOLIDATE GOVERNMENT
     705 WEST UNIVERSITY AVE
     LAFAYETTE,  LA 70506

                                                      of the Parish of Lafayette

MAY 23 2012
Lafayette Parish
Sheriff Office

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition in the office of the Clerk of the Fifteenth Judicial District Court, in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this May 23, 2012.

*Tameka Thomas*
Deputy Clerk of Court
Lafayette Parish

**\*Additionally, you are hereby served with the following attached documents and ordered to comply with same:**

**PETITION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY INJUNCTION/ORDER/AFFIDAVITS/EXHIBITS**

SHERIFF'S RETURN

Lafayette Parish Sheriff

Date Served: _____5-23_____, 20 _12_  Time: _4:02pm_
Served: _____MaRK  Hebert_____
Personal (X)_____
Domiciliary ( ) on _____
Unable to Locate      Moved ( )       No Such Address ( )
Other Reason: _____
Received Too Late For Service  ( )
Service Of Within Papers
Costs Fee $ _20ºº_   Mileage $ _0_    Total $ _20ºº_
Deputy _Marc Blouse 10168_

Lafayette Parish Clerk of Court
Filed This Day

MAY 3 1 2012

*Aqua Ray*
Deputy Clerk of Court

*106 ECG*



25784588

cc_jbdugas

Ordered by Atty.:  S. STEPHEN SPRINGS, II

# SUBPOENA

KANE  MARCEAUX, ET AL

VS

LAF-CITY PARISH CONSOLIDATED
GOVERNMENT, ET AL

**Fifteenth Judicial District Court**

**Docket Number: C-20122899 J**

**Before Judge KRISTIAN EARLES**

**Parish of Lafayette, Louisiana**

*20*

TO:   **DEE STANLEY CAO**
      **705 WEST UNIVERSITY AVENUE**
      **LAFAYETTE,  LA 70506**

You are hereby summoned to appear before the above-named court in and for the Parish of Lafayette,

Lafayette Parish Courthouse, 800 South Buchanan Street, Lafayette, Louisiana on **MAY 29, 2012**, at  **9am** to

testify to the truth according to your knowledge on behalf of the            in a case pending between the above-

named, and from term to term until finally discharged, and herein fail not under the penalty of the law.

Lafayette, Louisiana, this May 24, 2012.

_____
Deputy Clerk of Court
Lafayette Parish

---

SHERIFF'S RETURN
Lafayette Parish Sheriff

Date Served: _5/25/12_____, 20___  Time: _903____

Served: _Louanna  Angelle_____

Personal (X *through*_____

Domiciliary (  ) on_____

Unable to Locate _____  Moved (  )        No Such Address (  )

Other Reason: _____

Received Too Late For Service   (  )

Service Of Within Papers

Costs Fee $ _20___  Mileage $_15___  Total $ _35__

Deputy _____

RECD
MAY 24 2012

---

**Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational group.  Please dress appropriately.  Cellular phones and beepers must be on silent or off.  Camera Phones are NOT allowed in the courthouse.**

25778309

cc_tpthomas

Ordered by Atty.: S. STEPHEN SPRING, II

# RULE NISI

KANE MARCEAUX, ET AL

VS

LAF-CITY PARISH CONSOLIDATED
GOVERNMENT, ET AL

Fifteenth Judicial District Court

Docket Number: C-20122899 J
Before Judge EARLES

Parish of Lafayette, Louisiana

TO:   DEE STANLEY, CAO
      705 WEST UNIVERSITY AVE
      LAFAYETTE, LA 70506

MAY 23 2012

**BY VIRTUE OF** an order from the Honorable Court, Fifteenth Judicial District Court in and for the

Parish of Lafayette, State of Louisiana of date MAY 23, 2012, you are hereby ordered to appear in Open Court

on **MAY 29, 2012,** at **9:00AM,** in order to show cause why you should not comply with the attached order.

**WITNESS THE HONORABLE,** Judges of the said Court, at Lafayette Parish, Louisiana, this May 23,

2012.

_Tameka Thomas_
Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY**
**INJUNCTION/ORDER/AFFIDAVITS/EXHIBITS**

SHERIFF'S RETURN
Lafayette Parish Sheriff

Date Served: 5-23 , 20 12   Time: 4:02 pm
Served:      Dee Stanley, Cao
Personal ( X )
Domiciliary ( ) on _____
Unable to Locate      Moved ( )          No Such Address ( )
Other Reason: _____
Received Too Late For Service ( )
Service Of Within Papers
Costs Fee $ 20⁰⁰   Mileage $ 15⁰⁰   Total $ 35⁰⁰
Deputy  Mac Brown Cl  1016 8

**Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational**
**group.  Please dress appropriately.  Cellular phones and beepers must be on silent or off.  Camera Phones**
**are NOT allowed in the courthouse.**

Lafayette Parish Clerk of Court
Filed This Day

MAY 3 1 2012

_____
Deputy Clerk of Court

Ordered by Atty.: S. STEPHEN SPRING, II

# CITATION

KANE  MARCEAUX, ET AL

VS

LAF-CITY PARISH CONSOLIDATED
GOVERNMENT, ET AL

Fifteenth Judicial District Court

Docket Number: C-20122899 J

PARISH OF Lafayette, LOUISIANA

STATE OF LOUISIANA

TO:   DEE STANLEY, CAO
      705 WEST UNIVERSITY AVE
      LAFAYETTE, LA 70506

RECEIVED
MAY 23 2012
Lafayette Parish
Sheriff Office

of the Parish of Lafayette

   You are hereby cited to comply with the demand contained in the petition, a certified copy of which
accompanies this citation, (exclusive of exhibits).  You should file an answer or other pleading to said petition
in the office of the Clerk of the Fifteenth Judicial District Court, in the Lafayette Parish Courthouse, Lafayette,
Louisiana, within fifteen (15) days after the service hereof.  Alternatively, your failure to comply herewith will
subject you to the penalty of entry of default judgment against you.
   Witness the Honorable Judges of said Court, this May 23, 2012.

_____
Deputy Clerk of Court
Lafayette Parish

**\*Additionally, you are hereby served with the following attached documents and ordered to comply with
same:**

PETITION FOR TEMPORARY RESTRAINING ORDER WITH NOTICE AND PRELIMINARY
INJUNCTION/ORDER/AFFIDAVITS/EXHIBITS

_____

                    SHERIFF'S RETURN
                  Lafayette Parish Sheriff

Date Served: ___5-23___, 20_12_   Time: __4:02 pm__
Served: ___Dee  Stanley , Cao_____
Personal (✓)_____
Domiciliary ( ) on _____
Unable to Locate        Moved ( )        No Such Address ( )
Other Reason: _____
Received Too Late For Service   ( )
Service Of Within Papers
Costs Fee $ __20⁹__   Mileage $ __—__   Total $ __20⁹__
Deputy __Marc Broussard  10168__

Lafayette Parish Clerk of Court
Filed This Day

MAY 3  2012

_____
Deputy Clerk of Court

106 EC6



25784588                    /2
cc_jbdugas

Ordered by Atty.: S. STEPHEN SPRINGS, II

# SUBPOENA

| | |
|---|---|
| KANE MARCEAUX, ET AL | **Fifteenth Judicial District Court** |
| | **Docket Number: C-20122899 J** |
| **VS** | |
| | **Before Judge KRISTIAN EARLES** |
| **LAF-CITY PARISH CONSOLIDATED GOVERNMENT, ET AL** | **Parish of Lafayette, Louisiana** |

20

TO:   DEE STANLEY CAO
      705 WEST UNIVERSITY AVENUE
      LAFAYETTE, LA 70506

You are hereby summoned to appear before the above-named court in and for the Parish of Lafayette, Lafayette Parish Courthouse, 800 South Buchanan Street, Lafayette, Louisiana on **MAY 29, 2012**, at **9am** to testify to the truth according to your knowledge on behalf of the             in a case pending between the above-named, and from term to term until finally discharged, and herein fail not under the penalty of the law.

Lafayette, Louisiana, this May 24, 2012.

Deputy Clerk of Court
Lafayette Parish

---

SHERIFF'S RETURN
Lafayette Parish Sheriff

Date Served: 5/25/12 , 20____ Time: 903

Served: Louanna Angelle

Personal (X through)

Domiciliary ( ) on _____

Unable to Locate ____ Moved ( )     No Such Address ( )

Other Reason: _____

Received Too Late For Service   ( )

Service Of Within Papers

Costs Fee $ 20    Mileage $ 15    Total $ 35

Deputy ____ Billie Corley 10604

RECD
MAY 24 2012

---

**Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational group. Please dress appropriately. Cellular phones and beepers must be on silent or off. Camera Phones are NOT allowed in the courthouse.**

10606


25784422
cc_jbdugas

Ordered by Atty.: S. STEPHEN SPRINGS, II

# SUBPOENA

KANE MARCEAUX, ET AL

VS

LAF-CITY PARISH CONSOLIDATED
GOVERNMENT, ET AL

Fifteenth Judicial District Court

Docket Number: C-20122899 J

Before Judge KRISTIAN EARLES

Parish of Lafayette, Louisiana

20

TO:   CHIEF JAMES KRAFT
      LAFAYETTE CITY POLICE DEPARTMENT
      900 E. UNIVERSITY AVENUE
      LAFAYETTE, LA  70502

You are hereby summoned to appear before the above-named court in and for the Parish of Lafayette,

Lafayette Parish Courthouse, 800 South Buchanan Street, Lafayette, Louisiana on MAY 29, 2012, at 9am to

testify to the truth according to your knowledge on behalf of the          in a case pending between the above-

named, and from term to term until finally discharged, and herein fail not under the penalty of the law.

Lafayette, Louisiana, this May 24, 2012.

Deputy Clerk of Court
Lafayette Parish

RECEIVED
MAY 24 2012
Lafayette Parish
Sheriff Office

SHERIFF'S RETURN
Lafayette Parish Sheriff

Date Served _____ 5/25/12 _____, 20 _____ Time: _____ 910

Served: _____ Chasity Atwood

Personal ( )

Domiciliary ( ) on _____

Unable to Locate _____ Moved ( ) _____ No Such Address ( )

Other Reason: _____

Received Too Late For Service   ( )

Service Of Within Papers

Costs Fee $ _____ 70 _____ Mileage $ _____ Total $ _____ 20

Deputy _____ B McCauley 10606

Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational
group.  Please dress appropriately.  Cellular phones and beepers must be on silent or off.  Camera Phones
are NOT allowed in the courthouse.

10606



cc_jbdugas

Ordered by Atty.: S. STEPHEN SPRINGS, II

# SUBPOENA

20

KANE MARCEAUX, ET AL

VS

LAF-CITY PARISH CONSOLIDATED
GOVERNMENT, ET AL

Fifteenth Judicial District Court

Docket Number: C-20122899 J

Before Judge KRISTIAN EARLES

Parish of Lafayette, Louisiana

TO:   MAJOR GEORGE "JACKIE" ALFRED
      LAFAYETTE CITY POLICE DEPARTMENT
      900 E. UNIVERSITY AVENUE
      LAFAYETTE, LA  70502

You are hereby summoned to appear before the above-named court in and for the Parish of Lafayette,

Lafayette Parish Courthouse, 800 South Buchanan Street, Lafayette, Louisiana on MAY 29, 2012, at 9am to

testify to the truth according to your knowledge on behalf of the            in a case pending between the above-

named, and from term to term until finally discharged, and herein fail not under the penalty of the law.

Lafayette, Louisiana, this May 24, 2012.

Deputy Clerk of Court
Lafayette Parish

---

SHERIFF'S RETURN
Lafayette Parish Sheriff

Date Served: 5/25/12 , 20____   Time: 910

Served: Charity Arwood

Personal ( )
Domiciliary (X) on Dept

Unable to Locate          Moved ( )          No Such Address ( )

Other Reason: _____

Received Too Late For Service  ( )

Service Of Within Papers

Costs Fee $ 20   Mileage $ 15   Total $ 35

Deputy _____ BMcCakey 10606

RECEIVED
MAY 24 2012
Lafayette Parish
Sheriff Office

---

Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational
group.  Please dress appropriately.  Cellular phones and beepers must be on silent or off. Camera Phones
are NOT allowed in the courthouse.