UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KANE MARCEAUX, ET AL.         CIVIL ACTION NO: 6:12-cv-01532

VERSUS                         JUDGE RICHARD T. HAIK, SR.

LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT, ET AL              MAGISTRATE JUDGE PATRICK J. HANNA
*****************************************************************

**AFFIDAVIT OF DWAYNE PREJEAN**
**POIENCOT, CORMIER, THOMPSON MOTION FOR SUMMARY JUDGMENT**

STATE OF LOUISIANA

PARISH OF LAFAYETTE

    **BEFORE ME**, Notary Public, personally came and appeared:

DWAYNE PREJEAN

who, after being first duly sworn, did depose and say, based on his own personal knowledge, that:

1.

    I am currently a Captain in the Metro Narcotics unit of the Lafayette Police Department and am competent to testify as to the facts herein.

2.

    In 2012, and at all times relevant to Plaintiffs' claims in the above-referenced lawsuit, I was the Lieutenant in Internal Affairs ("IA").

3.

    I was in charge of Administrative Investigation AD2012-007 into the unauthorized release of a confidential internal document to Attorney Olita Magee, who filed the leaked document with a brief to the Lafayette Municipal Fire and Police Civil Service Board which came for hearing on May 8, 2012.



4.

On or about May 11, 2012, CAO Stanley and Major Alfred authorized the investigation into the leak of the confidential document. Pursuant to the investigation, I identified fifteen employees (fourteen officers and one civilian) with access to the file from which the confidential document came. Of those fifteen employees, the following four requested suspension of their interviews in order to obtain an attorney: then-corporal Scott Poiencot, then-Lieutenant Greg Cormier, then-Captain Norbert Myers, and then-Lieutenant Gabe Thompson.

5.

IA proceeded to interview all other employees until the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, issued a Temporary Restraining Order ("TRO") on May 23, 2012. The TRO was dissolved as wrongfully issued on May 29, 2012, at which point, IA re-commenced the investigation.

6.

Following initial statements from the fifteen employees, I narrowed the scope of the investigation to five employees, including Scott Poiencot, Greg Cormier, and Gabe Thompson, who were required by General Orders 301.9 and 301.10 to submit to a polygraph examination.

7.

Greg Cormier admitted in his statement to IA that he had taken the subject document from the private, confidential shift-level investigative file of an officer, whited-out certain information, and provided the document to Scott Poiencot.

8.

Scott Poiencot admitted that he received the confidential, whited-out document from Greg Cormier. At the time, Scott Poiencot was a member of the Lafayette Municipal Fire and Police Civil Service Board which was hearing the matter in which Attorney Magee filed her brief attaching the subject document as an Exhibit. Scott Poiencot stated that he gave the document to another officer (who was also investigated); however, Poiencot's statement and the statement of that officer differed. (The other officer stated that Poiencot did not give him the subject the document.) I determined that Poiencot's statement was not credible, because secret recordings made by Poiencot of his conversations with the other officer actually disproved Poiencot's own statement and proved the other officer's statement.

9.

Pursuant to Investigation AD2012-007, Greg Cormier and Scott Poiencot were required to undergo polygraph examinations, per General Orders 301.9 and 301.10. Greg Cormier failed his polygraph. Scott Poiencot refused to consent to a polygraph.

10.

Gabe Thompson was cleared of wrongdoing with regard to the leaked confidential document.

_____
DWAYNE PREJEAN

SWORN TO AND SUBSCRIBED before me this 30th day of May, 2014.

_____
NOTARY PUBLIC

PRINT NAME: Michael P. Corry    Notary #: 20764



MICHAEL P. CORRY, SR.
NOTARY PUBLIC #20764
STATE OF LOUISIANA
MY COMMISSION IS FOR LIFE