U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

AUG 08 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| KANE MARCEAUX, ET AL | CIVIL ACTION 12-1532 |
| VERSUS | JUDGE HAIK |
| LAFAYETTE PARISH CONSOLIDATED GOVERNMENT, ET AL | MAGISTRATE JUDGE HANNA |

## REASONS FOR JUDGMENT

The defendants' Motion for Summary Judgment seeking to dismiss the claims of Nolvey Stelly (Doc. #144) came before the Court for Hearing on July 17, 2014 with oral argument. Following the dismissal of nine plaintiffs, eight individual defendants, and over 100 paragraphs of the Complaints, the current posture of this case stands as the claims of six plaintiffs against four defendants for alleged First Amendment retaliation under 42 U.S.C. section 1983.

### History of Nolvey Stelly:

Nolvey Stelly was hired as a full time police officer in 1988. He was transferred numerous times throughout his career, which was not unusual, sometimes working nights in Precincts 1, 2, and 3, on shifts he claimed no one else wanted, according to his testimony. Mr. Stelly was one of several employees transferred in the May 2012 shifting, receiving notice of his transfer on May 22, 2012. He was **not** a party to the TRO suit filed in state court that same date. He was transferred from Patrol Division, Precinct 3, Shift B Lieutenant under Captain Myers, to Patrol Division, Precinct 3, Administrative Assistant under Captain Myers. He was transferred to this position, according to the undisputed testimony of Chief Craft, in an effort to make him more

1

well-rounded and prepared for a future promotion. He was assigned to a clerical position to give him some experience which would be beneficial to a captain's position, as he was fifth senior lieutenant in line for promotion.

Mr. Stelly testified he worked rotating shifts of 5:00 a.m. to 5:00 p.m. on Shift B, but had to work 8:00 a.m. to 5:00 p.m. Monday through Friday in his new position. He worked out of the same building, and his salary and benefits remained the same.

Prior to June 1, 2012, Mr. Stelly carried a Glock 22C gun. On June 1, 2012, the department issued new guns, Glock Generation 4. Mr. Stelly raised some concerns with respect to the new guns to the training officers, but denies it was a significant issue. He also failed to train with the gun for various reasons, which is a prerequisite to carrying his new weapon. During the eleven day delay in Mr. Stelly training and receiving his new gun, he was provided his old weapon, which he had expressed an interest in keeping. Within eleven days, Mr. Stelly was reissued the new gun and sent to the shooting range to test it. Thereafter, he kept the new gun, so the situation was rectified. Essentially, the Court considers this remedied situation with the gun to be a non-issue and far from the realm of retaliation.

Additionally, the Court notes his original suit was filed on June 5, 2012; Mr. Stelly's transfer occurred in May 2012 and his gun issue arose on June 1, 2012. <u>These alleged adverse employment actions took place **before** he petitioned or took any steps which might be considered protected speech.</u> He has offered no other basis for his alleged retaliation claim.

**Applicable Law**

Rule 56 of the Federal Rules of Civil Procedure govern summary judgment motions. A motion for summary judgment shall be granted when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Defendants clearly carried their burden in this case. The plaintiff's written opposition offered little more than broad, conclusory statements, with no supporting evidence, and plaintiff's counsel offered nothing more during the July 17, 2014 Hearing, as shown in the Transcript filed as Document #161 in the record.

Qualified Immunity is an affirmative defense which may be asserted by government officials who are sued in their personal capacities. If an official's conduct was objectively reasonable in light of clearly established law, he is entitled to qualified immunity. "Once a public official has raised the defense of qualified immunity, the burden rests on the plaintiff to rebut it. On a motion for summary judgment, the disputed facts to which the plaintiff points must be sufficient, if plaintiff's version is accepted, for a reasonable trier of fact to determine (1) that the defendant violated the plaintiff's constitutional rights and (2) that the violation was objectively unreasonable." *Bolton v. City of Dallas*, 472 F.3d. 261 (5th Cir., 2006).

The only remaining claim before the Court is one for an alleged violation of his First Amendment Rights under 42 U.S.C. section 1983 through retaliation. In order to prevail on a First Amendment retaliation claim, thus proving a violation of his constitutional rights, Mr. Stelly must prove four elements:

1. He suffered an adverse employment action;
2. The plaintiff's speech must involve a matter of public concern;

3. His interest in speaking or petitioning outweighed the government's interest in promoting efficiency; and

4. His speech motivated the defendant's conduct.

*Harris v. Victoria Independent School District,* 168 F.3d. 216 (5th Cir. 1999)

## Application of the Law to Mr. Stelly

The adverse employment actions claimed by Mr. Stelly are his transfer from Patrol Shift to Administrative Lieutenant and the fact that he had to keep his old gun for eleven days longer than other people before he was issued a new one. "For purposes of First Amendment retaliation claim, 'adverse employment actions' are discharges, demotions, refusals to hire, refusals to promote, and reprimands; transfers can constitute adverse employment actions if they are sufficiently punitive, or if the new job is markedly less prestigious and less interesting than the old one." *Breaux v. City of Garland,* 205 F.3d. 150 (5th Cir., 2000). A transfer may also be considered an adverse employment action if it provides less room for advancement. *Forsyth v. City of Dallas,* 91 F.3d. 769 (5thCir., 1996). "However, it is insufficient for a plaintiff to show merely that he has been transferred from a job he likes to one that he considers less desirable. Rather, a plaintiff must produce enough evidence to allow a reasonable trier of fact to conclude that, when viewed objectively, the transfer caused harm to the plaintiff, "sufficiently serious to constitute a constitutional injury." *Breaux,* 205 F.3d.

With respect to the transfer, the Court does not find that it could in any way be interpreted as an adverse action. The evidence shows it was intended as a step toward promotion and it in no way impacted Mr. Stelly's ranking, salary, or benefits negatively. There is no evidence showing it was in any way a punitive action.

As outlined above, the Court does not consider the issues surrounding delays in receiving a new gun as rising to the level of an adverse employment action. It was a minor internal matter, which was remedied, and provides no basis for a claim of retaliation.

The plaintiff offered no evidentiary support for his claims in his written opposition and none during oral argument at the July 17, 2014 Hearing. In fact, plaintiff's counsel stated at Page 56 of the Transcript:

> **MR. ROYAL ALEXANDER**: We simply incorporate again.
>
> I don't have any direct evidence at this moment, Your Honor. We would just ask to incorporate by reference our brief in opposition to this as well.
>
> **THE COURT**: All right. Do you disagree that the two issues are, one, that he got his Glock ten days late and/or the grip didn't fit and he had to miss lunch or something–that's his complaint as far as what's in your pleadings?
>
> **MR. ROYAL ALEXANDER**: Yes, Your Honor, that's what is in the pleadings.
>
> **THE COURT**: And do you also agree that he was transferred before any of this came up? And by transfer I mean transferred to another work station before any TRO was filed and he wasn't even part of the TRO.
>
> **MR. ROYAL ALEXANDER**: That is what's in the pleadings, Your Honor.
>
> **THE COURT**: That's true? You know that to be true?

5

MR. ROYAL ALEXANDER: I know that's what's in the pleadings.

THE COURT: And you have nothing to show that is not true?

MR. ROYAL ALEXANDER: (no response)

THE COURT: Do you have any evidence to show that this didn't occur as the defendants have said it occurred?

MR. ROYAL ALEXANDER: Simply what is in our opposition. That is all I would offer.

THE COURT: Your opposition memo?

MR. ROYAL ALEXANDER: Yes, Your Honor.

THE COURT: Any affidavits? Anything?

MR. ROYAL ALEXANDER: No, Your Honor.

As Mr. Stelly has failed to present any basis which would support a claim for First Amendment rights violations or retaliation, and has failed to prove he suffered any adverse employment action, the Motion for Summary Judgment is **GRANTED** and the claims of Nolvey Stelly are **DISMISSED WITH PREJUDICE** in their entirety.

THUS DONE and SIGNED on this _____ day of August, 2014.

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA